IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH, Plaintiffs | |
| v. | C.A. No. 07-CV-00416-S-LDA |
| LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services, Defendants | |

**PLAINTIFFS' RULE 16 PRE-TRIAL CONFERENCE STATEMENT**

At issue in this case is the determination of disability for purposes of Medical Assistance ("MA" or Medicaid) benefits.

1. Plaintiffs claim that Defendants do not apply the federal disability standard and do not evaluate evidence and determine MA disability in accordance with federal law. Federal statute and implementing regulations provide that Defendants must apply the SSI definition of disability. 42 U.S.C. § 1396a(v); 42 C.F.R. §§ 435.540(a), 435.541(d)(2)(providing that agency must evaluate evidence in accordance with SSI regulations at 20 C.F.R. §§ 416.901-416.998). Federal statutes prescribe the standards for assessing pain/symptoms and mental impairments, and require impairments to be assessed in combination. 42 U.S.C. 1382c(a)(3)(G),(H)(i), incorporating 42 U.S.C. §§ 421(h), 423(d)(5). It has long been established that Step 2 is a de minimis standard designed to screen out frivolous claims. See Bowen v.

Yuckert, 482 U.S. 137 (1987); McDonald v. Secy. of Health & Human Services, 795 F.2d 1118 (1st Cir. 1986).

Plaintiffs intend to prove that DHS regulations do not incorporate the five-step sequential evaluation and do not require evidence to be evaluated in accordance with federal standards. Among other things, DHS regulations do not require that impairments be considered in combination, and contain no standards for assessing pain/symptoms or weight of medical opinion. Plaintiffs intend to prove that DHS fails to weigh treating and examining physician opinion by reference to the standards of 20 C.F.R. 416.927(d), and that it applies an unlawfully restrictive severity standard, requiring at Step 2 that impairments prevent or preclude work, or equal SSI Listings. They intend to show that DHS' Medical Assistance Review Team ("MART") and hearing officers fail in numerous other ways to evaluate evidence and determine disability as federal law requires. See Amended Complaint ¶¶ 51-58.

2. Plaintiffs contend that DHS regulations conflict with federal law in adopting a Step 2 severity standard more restrictive than the federal standard, and in adopting a disability standard which fails to incorporate the five steps and is not sequential. See foregoing discussion and citations. They claim that DHS regulations are thus pre-empted pursuant to the Supremacy Clause of the U.S. Constitution, art. IV.

3. Plaintiffs claim that DHS' hearing processes violate the Due Process Clause of the U.S. Constitution, Amendment XIV, as well as 42 U.S.C. § 1396a(a)(3) and implementing regulations requiring Defendants to provide the

opportunity for a fair and de novo agency hearing. They intend to show that DHS hearing officers give special weight to findings of members of DHS' MART and/or do not review disability de novo. Plaintiffs intend to show that hearing officers fail in numerous ways to comply with federal law and that they reject evidence arbitrarily and capriciously, without regard to federal law standards. See foregoing citations and discussion.

Plaintiffs
By their attorneys

/s/ Gretchen Bath
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
(401) 274-2652 x132
FAX: (401) 453-0310
email: gbath@rils.org

/s/ Sarah Somers
Pro Hac Vice
National Health Law Program
211 North Columbia St.
Chapel Hill NC 27516
Tel: (919) 968-6771
FAX: (919) 968-8855
email: somers@healthlaw.org