IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH,

Plaintiffs

v.

LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services,

Defendants

C.A. No. 07-CV-00416-S-LDA

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND TO DETERMINE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSIONS**

Plaintiffs served Defendants ("DHS") with a Request for Admissions, Interrogatories, and Request for Production of Documents. They have moved this Court to compel DHS to answer the discovery and to determine the sufficiency of Defendants' answers and objections to Requests for Admissions.

Legal Standards. The scope of discovery is broad. Parties may obtain discovery regarding "...any matter, not privileged, that is relevant to [a] claim or defense...." Relevant information need not be admissible at trial if the discovery appears "...reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Interrogatories must be answered "fully" in writing, unless objected to, in which case objecting party must state specific reasons, and answer to the extent the interrogatory is not objectionable.

A party served with a Request for Production must serve a written response, unless specific objection is made. Fed.R.Civ. P. 34(b). Fed.R.Civ.P. 36 sets out detailed standards for responding to Requests for Admission. Reasons for objections must be stated. A denial must "..fairly meet the substance of the requested admission" and when good faith requires that a party qualify an answer or deny only a part of the request, s/he must specify so much of it as is true and qualify or deny the remainder. S/he may not give lack of information or knowledge as a reason for failure to admit or deny, without stating that s/he has made reasonable inquiry and that the information known or readily available is insufficient to enable him or her to admit or deny. Any ground not stated in an objection

Any ground not stated in an objection to a Request for Admissions or Production is waived; a ground not stated in objection to Interrogatories is generally waived. Fed.R.Civ. P. 33(b)(1)(5); Local Rule 34(c), 36(c). A party serving Interrogatories or Requests for Production may move under Fed.R.Civ. 37(a) for an order with respect to an objection or other failure to answer. A party requesting Admissions may move to determine the sufficiency of the answers or objections.

Plaintiffs' Claims &Travel of Case. Plaintiffs are four individuals who applied for Medical Assistance ("MA") benefits and were found ineligible for lack of disability. A state is not required to participate in MA, but if it does, it must comply with federal MA law. 42 U.S.C. § 1396a. The MA program is more fully described in plaintiffs' Complaint ¶¶ 11-18.

The MA disability standard is identical to the SSI disability standard and involves the same five-step sequential evaluation; moreover, federal law explicitly requires DHS to evaluate evidence in MA disability cases by applying the SSI regulations set out at 20 C.F.R. §416.901 through 416.998. 42 U.S.C. §S 1396a(v), 1382c(a); 42 C.F.R. §435.541(d)(2). Among the controlling SSI regulations are those prescribing weight due medical source opinion,, requiring that impairments be considered in combination, and setting out standards for evaluating pain and symptoms.

Plaintiffs were each found not disabled at Step 2 by the DHS Medical Assistance Review Team (MART), which makes DHS' initial determination of disability; each had appealed and was awaiting hearing at the time the Complaint in this case was filed. Subsequently, the MART found Plaintiffs Wolenc and Wellhausen disabled, pre-hearing, and these two plaintiffs currently receive MA through DHS. After the Complaint in this case was filed, Plaintiffs Smith and Williams had agency hearings and received hearing decisions finding them not disabled.

Plaintiffs allege that, at both the initial determination level (where the DHS MART determines disability) and at the agency hearing level (where the hearing officer must review disability de novo), DHS systematically applies the wrong legal standards, or no legal standards, when determining disability. See Complaint ¶¶3, 39, 52, 54-58. They claim that DHS' policies and/or practices violate (or are preempted by) federal law, alleging, among other things, the failure to adopt and apply the de minimis severity standard at Step 2; to

determine disability sequentially; to consider impairments in combination; and to evaluate medical opinion evidence and pain/symptoms as federal law requires. They claim that agency hearings are unfair, and that DHS Hearing officers fail to review disability de novo, give special, unstated weight to DHS' MART findings and determinations, and reject evidence arbitrarily and capriciously.

Plaintiffs challenge DHS' lack of regulations prescribing standards to be applied. Complaint ¶¶ 31-34. The fact that the policies and practices they challenge are unpublished and unwritten makes proof more difficult. To prove the existence of the various patterns, practices, and policies, plaintiffs rely chiefly on statements, statistics, and other evidence culled from DHS' own hearing decisions: those issued 9/1/05 and later. These hearing decisions may, in fact, constitute the only evidence of the existence of these policies and practices.

The discovery dispute centers largely on DHS' decision not to answer discovery about hearing decisions other than those issued to Plaintiffs Smith and Williams. It objected to virtually all discovery requests about its hearing decisions, and statistics about them, on grounds the requests were overly broad, posed an undue burden, and/or were "not likely to lead to the discovery of admissible evidence at trial". In short, DHS has not answered discovery requests aimed at establishing (or obtaining admissible evidence about) its policies, practices, standards, or patterns.

Undue burden. With a few exceptions (noted in Plaintiffs' Motion to Compel), the facts subject to requests for Admissions and the information sought in the other discovery requests to which DHS objected on this ground concern DHS' own hearing decisions, all of which are readily available to it. DHS is required by R.I.G.L. 42-35-2(4) to make all hearing decisions available for public inspection, and DHS does, in fact, do so. Its regulations provide that all DHS hearing decisions rendered since April 1987 are "available for examination" by members of the public at DHS' Central Office in Cranston, along with an index to facilitate review. DHS Manual § 110.70. Moreover, as the document attached to this Memorandum indicates, DHS has a computer system ("FairHear") which captures data about its hearing decision; this system tracks each decision by hearing officer, docket number and dates, and "outcome", including whether the decision was favorable, unfavorable, or partly favorable ("split") to claimant. Cases involving the MART are identified in the "Program" data field.

Responses to Requests for Admission 12-19 and 22 are representative. Requests for Admission 12-19 sought to have DHS admit (among other things) that about 93% of the MA disability decisions issued 9/1/05 through 11/30/07 were unfavorable; that about 25% of hearing decisions other than MA disability were favorable; and that the DHS hearing officers had certain statistical approval and denial rates. Request for Admission 22 sought to have DHS admit that in about 2/3 of the unfavorable MA disability hearing decisions, the hearing officer ceased evaluation at Step 2. DHS refused to answer, claiming

that it does not maintain such statistical information and it would be burdensome to compile it.

Given DHS' ready access to copies of every hearing decision, with an index, as well as its FairHear system, DHS' objections on grounds of undue burden lack merit, as do its claims that it does not maintain the information sought. Certainly, reviewing its own hearing decisions will require time and effort, but that is inherent in the nature of discovery, and not an adequate reason for objection, especially in the circumstances presented by this case. The hearing decisions forming the subject matter of plaintiffs' discovery concern, with few exceptions, those issued 9/1/05 or later, a finite number of roughly 400. Moreover, because the challenged policies and practices are unpublished and unwritten, reliance upon statistical and other information culled from DHS' hearing decisions may present the only means by which Plaintiffs may prove their claims. For these reasons, the Court should overrule all objections that the discovery requests are overly broad or unduly burdensome.

<u>Relevance & Admissibility.</u> Plaintiffs' is a suit challenging policies and practices, alleging federal law and constitutional violations, and praying for declaratory and injunctive relief; it is not an administrative appeal. All discovery requests relevant to those policies or practices, as well as those reasonably calculated to result in discovery of admissible evidence about those policies or practices, or about the parties' claims and defenses, is allowed under the discovery rules.

Defendants concede relevance; their objection to nearly every discovery request about statistical and other information obtained from its hearing decisions on grounds the information sought is "...not likely to lead to the discovery of admissible evidence." However, this is not the correct legal standard, and DHS' objection should be overruled on this basis alone. Under Rule 26(b)(1), the standard is whether discovery "appears reasonably calculated" to lead to discovery of admissible evidence. Plaintiffs' discovery requests meet this standard.

In any event, Defendants do not explain why the discovery requests aren't reasonably calculated to lead to discovery of admissible evidence, or why statistical and other evidence about its own hearing decisions, and documents concerning policies, procedures, and instructions to DHS staff about disability determination, would be inadmissible. Plaintiffs bear no burden of proving actual admissibility at this point. They note, however, that in other challenges to secret or unpublished policies, courts have not only admitted such evidence, but found it dispositive. In the 1980s, there was an explosion of federal court litigation concerning whether the Secretary of Health & Human Services had an unpublished policy imposing a changed, and unduly restrictive, Step 2 severity standard in SSI cases. Rejecting the government's claim that it still applied a de minimis standard, at least two courts cited statistics showing that "a full forty percent" of disability applicants were denied benefits at Step 2 for lack of severity. McDonald v. Heckler, 795 F.2d 1118, 1124 (1st Cir. 1986); Baeder v. Heckler, 768 F.2d 547, 552 (3rd Cir. 1985).

Defendants should not be heard to contend that its hearing decisions, and statistical and other information gleaned from them, would be inadmissible because plaintiffs are individuals, not a class. Individuals may, and do, challenge policies and practices and seek declaratory and injunctive relief without class certification. See, e.g., Dionne v. Bouley, 757 F.2d 1344, 1355-1356 (1st Cir. 1985)(affirming order denying class certification on grounds declaratory and injunctive relief would insure to benefit of others).

Plaintiffs' discovery falls well within the scope of the rules. The court should overrule objections based on a claim that the discovery is not "likely to lead" to the discovery of admissible evidence.

Plaintiffs' motion addresses why objections other than those above should be overruled, and why particular responses are insufficient. For the reasons set forth above and in Plaintiffs' Motion, the Court should grant Plaintiffs' Motion and order the relief sought therein.

Plaintiffs, by their Attorneys

/s/____________________

Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
401-274-2652 x132
FAX: 453-0310
gbath@rils.org

Sarah Somers, Pro hac vice
National Health Law Program
211 North Columbia St.
Chapel Hill NC 27516
Ph. 919-968-6771
FAX: 919-968-8855
somers@healthlaw.org

## Case Info -

...ve | Delete Record | Cancel

| Field | Value |
|---|---|
| Client Name (F / M / L) | [redacted] |
| Address | [redacted] |
| Address 2 | |
| City, State, Zip | [redacted] RI [redacted] |
| Case Number | [redacted] |
| DOB | |
| Date of Request | 2/23/01 |
| Date Rec'd | 3/5/01 |
| Primary Lang | English |
| Program | MART |
| Indictment # | |
| Docket # | 01-278 |

| Field | Value |
|---|---|
| Hearing Location | DHS Central Office-Associate's |
| Hearing Date | 4/12/01 |
| Hearing Time | 10:40 AM |
| Hearing Officer | Ulbin, Matthew |
| Held Open Date | |
| Reschedule Date | |
| Status | Complete |

**Case Comments**

1. TC from app on 3/22/01. Req RS. Adv app re: Rotndoo and that she was req a 4 week RS. She agreed that was her req. OK to rs CIR

**CC**

Gil Moore
Stephen Sheridan

**Completion Date**

4/16/01

**Outcome**

- [ ] For
- [x] Against/ Guilty/ Nolo
- [ ] Split
- [ ] Other

NOLO DATA

**Case Completed**

- [x] Decision
- [ ] No Show
- [ ] Agency w/drawal
- [ ] Appellant w/drawal

**Policy Cited**

Policy Cited

| Section | Description |
|---|---|
| 0352 | CHARACTERISTIC REQUIREMENTS |

Completed MART Cases