IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH, | ) | |
| Plaintiffs | ) | C.A. No. 07-CV-00416-S-LDA |
| v. | ) | |
| LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services, | ) | |
| Defendants | ) | |

**PLAINTIFFS' MOTION FOR ORDER COMPELLING ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION AND TO DETERMINE SUFFICIENCY OF ANSWERS AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiffs move for an order compelling Defendants to answer Plaintiffs' Interrogatories #3, 4, 5, and 7-21 and Plaintiffs' Requests for Production 3, 4, 6, and 7. They also move the court to determine the sufficiency of answers and objections to Plaintiffs' Request for Admissions. As detailed more fully in their accompanying memorandum and in this motion, Plaintiffs contend that Defendants' objections are without merit and that some responses fail to comply with the requirements of the rules.

Nature of Plaintiffs' Claims. Plaintiffs are individuals who applied for Medical Assistance (MA) benefits on grounds of disability; the MA disability standard is the same as the SSI standard. They claim that Defendants (hereafter, "DHS")' systematically fail to determine disability, at both the initial and agency appeal levels, in accordance with federal law, and challenge

multiple policies and practices of Defendants, including adoption of an improperly stringent Step 2 severity standard, failure to assess impairments in combination, and failure to evaluate pain and medical opinion evidence in accordance with federal law. They challenge the fairness of DHS' administrative hearing process, contending that hearing officers don't review de novo, and/or have a policy or practice of giving special, unstated weight to findings of its Medical Assistance Review Team ("MART"), the team which made the initial determination of disability under appeal.

Because the challenged policies and practices are unwritten, plaintiffs must prove their existence through other means, and intend to do so by relying chiefly on statistics and other evidence culled from DHS' own hearing decisions: those issued 9/1/05 and later.

DHS consistently objected to discovery seeking statistical and other information about its hearing decisions, i.e., almost every discovery request aimed at evidence about policies, patterns, practices, and standards. Most of its objections were based upon (1) a claim of undue burden and/or overly broad requests and (2) a claim that the request was "not likely to lead to the discovery of admissible evidence." These objections lack merit, as is more fully discussed in the accompanying Memorandum of Law. Other objections and other responses are addressed in this Motion.

**Requests for Admission**

*2. The record which the MART reviews in order to determine disability typically contains one or more MA-63 forms completed by a treating or examining medical source*.

*DHS RESPONSE: Objection to Paragraph 2 as the word "typically" is ambiguous and vague and the request is not likely to lead to the discovery of admissible evidence at trial. Without waiving said objection, the Defendants admit that the record that the MART reviews may or may not contain an MA-63 form completed by a treating or examining physician. The Defendants further submit that the DHS field office will forward an applicant's file to review if it contains an AP 70 form* and *signed DHS 25s. The Defendants admit that Plaintiffs Williams, Smith and Wellhausen's cases had an MA-63 form in their file when the MART conducted a review. Defendants admit that Plaintiff Wolenc did not have a completed MA-63 form filed when the MART conducted its review but subsequently provided one.*

DHS' objection that the request isn't "likely to lead" to discovery of admissible evidence is without merit, for reasons set out in Plaintiffs' Memorandum of Law. 'Typically' is not vague or ambiguous.

*4. Most claimants are pro se at MA disability hearings.*

*RESPONSE: Objection to the term "most" as it is vague, ambiguous and susceptible to different interpretations. Without waiving said objection, the Defendants admit that: (A) Plaintiff Smith was represented by Rhode Island Legal Services at her administrative appeal of her denial of eligibility for MA; (B) Plaintiff Williams was represented by Rhode Island Legal Services at his administrative appeal of her denial of eligibility for MA; (C) Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records; and (D) there are claimants that appear pro se for the administrative hearing on the appeal from the denial of MA.*

"Most" is not vague or ambiguous. The objection lacks merit.

*12. Approximately 93% of the MA disability hearing decisions issued 9/1/05 through 11/30/07 were unfavorable.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained and would be overly broad and unduly burdensome to compile*.

The request is relevant to claims that hearing officers do not review de novo and/or give special weight to MART determinations that DHS fails to apply the correct legal standards, including the de minimis severity standard. For the reasons set out in Plaintiffs' Memorandum, DHS' objections lack merit.

*13. From 9/1/05 through 11/30/07:*

*(a) DHS hearing officers issued about 368 MA disability hearing decisions, about 28 of which were favorable and about 340 of which were unfavorable;*

*(b) MA disability hearing decisions were issued by hearing officers Gorman, Stanford, Rosenblum, DeStefano, Ouellette, and DiOrio.*

*(c) DHS issued about 592 non-MART hearing decisions, about a quarter of which were favorable to claimant.*

*RESPONSE: (a), (c) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Plaintiffs Smith and Williams received "unfavorable" decisions as is defined by Plaintiffs.*
*(b) The Defendants admit subsection (b) of Paragraph 13.*

*14. From 9/1/05 through 11/30/07:*

*(a) Hearing Officer Gorman issued about 44 MA disability hearing decisions, all unfavorable;*

*(b) Hearing Officer Gorman issued about 273 non-MART hearing decisions, almost 1/3 of which were fully favorable.*

*RESPONSE: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer Gorman did not preside over the administrative appeals of Plaintiffs Smith or Williams.*

Requests 12-14 are relevant to the standard of review at hearing. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit.

*15. From 9/1/05 through 11/30/07:*

*(a) Hearing Officer DeStefano issued about 106 MA disability hearing decisions, about 97% of which were unfavorable.*

*(b) Hearing officer DeStefano issued about 147 non-MART hearing decisions, about 23% of which were fully favorable to claimant and about 4% of which were partly favorable.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and official statistical information is not maintained. Without waiving said objection, the Defendants admit that*
*(a) An informal assessment indicated that Hearing Officer DeStefano issued approximately 107 MA disability decisions and 104 were "unfavorable" as defined by Plaintiffs and 3 were "favorable" as defined by Plaintiffs. Hearing Officer DeStefano presided over the administrative hearing of Plaintiff Smith.*

*(b) Objection to the term "partly favorable" as it is vague and ambiguous. Without waiving any objections, Defendants admit that an informal assessment indicated that Hearing Officer DeStefano issued approximately 145 non-MART hearing decisions.*

For the reasons set out in Plaintiffs' Memorandum, the objections on grounds of burden and alleged potential inadmissibility lack merit. "Partly favorable" is not vague; in fact, DHS' computer system tracks whether outcome was partly favorable, or "split". <u>See</u> Attachment to Memorandum. Mere "informal assessment" does not comply with Rule 36(a), especially since DHS' hearing decisions are in its own possession and readily available. If DHS wants to allege incomplete information, its response must include statements about reasonable inquiry required by Rule 36(a).

*16. From 9/1/05 until she stopped working as a DHS hearing officer around September 2006, Hearing Officer DiOrio issued:*

*(a) about 126 MA disability hearing decisions, finding applicant not disabled in about 84%;*
*(b) about 8 non-MART hearing decisions, about 25% of which were fully favorable to claimant.*

*<u>RESPONSE</u>: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer DiOrio did not preside over the administrative appeals of Plaintiffs Smith or Williams.*

*17. Through 11/30/07, Hearing Officer Stanford:*

*(a) issued about 10 MA disability hearing decisions and found applicant not disabled in each decision.*

*(b) issued about 67 non-MART hearing decisions, about 28% of which were fully favorable to claimant.*

*<u>RESPONSE</u>: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit to subsection (a) and further admit that Hearing Officer Stanford did not preside over the administrative appeals of Plaintiffs Smith or Will*iams.

*18. Through 11/30/07, Hearing Officer Ouellette:*

*(a) issued about 79 MA disability hearing decisions, finding applicant not disabled in about 93%;*
*(b) issued about 15 non-MART hearing decisions, none of which was favorable to claimant.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and official statistical information is not maintained. Without waiving said objection, the Defendants admit that*

*(a) An informal assessment indicated that Hearing Officer Ouellette issued approximately 78 MA disability decisions and approximately 89.7% were "unfavorable" as defined by Plaintiffs. Hearing Officer Ouellette presided over the administrative hearing of Plaintiff Williams.*

*(b) Objection to the term "partly favorable" as it is vague and ambiguous. Without waiving any objections, Defendants admit that an informal assessment indicated that Hearing Officer Ouelette issued approximately 12 non-MART hearing decisions.*

*19. From 9/1/05 through December 2006, Hearing Officer Rosenblum:*

*(a) issued about 3 MA disability hearing decisions, all unfavorable;*
*(b) issued about 75 non-MART hearing decisions, about 30% of which were fully favorable to claimant.*

*<u>RESPONSE</u>: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer Rosenblum did not preside over the administrative appeals of Plaintiffs Smith or Williams.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. As discussed with respect to Admission #15 above, "partly favorable" is not ambiguous and a mere "informal assessment" does not comply with Rule 36(a).

*22. In about 2/3 of the unfavorable MA disability hearing decisions issued 9/1/05 through 11/30/07, the hearing officer ceased evaluation at Step 2; in most of the other decisions, s/he found one or more, but not all, impairments not severe.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams did not cease evaluation at Step 2.*

*23. In at least 270 of the cases which resulted in MA disability hearing decisions issued 9/1/05 through 11/30/07, the MART had found applicant not disabled on grounds impairments weren't severe or there was insufficient evidence of severity.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit.

*24. DHS issued more than 30 MA disability hearing decisions 9/1/05 through 11/30/07 in which the hearing officer consulted the SSI Listings of Impairment ("Listings") at Step 2.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not consult the SSI Listings of Impairment at Step 2.*

*25. DHS hearing officers consulted the SSI Listings of Impairment at Step 2 in 10 or more MA disability hearing decisions issued in 2007.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs*

*Smith and Williams, the hearing officers did not consult the SSI Listings of Impairment at Step 2.*

*26. In DHS Docket 06-642, the hearing officer stated in the decision that when determining severity of cardiac impairments, hearing officers must give "deference" to the SSI cardiac listings.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-642 does not address the appeals of any named Plaintiff to this lawsuit and the decision speaks for itself.*

*27. In DHS Docket. 06-905 the hearing officer stated in her decision at Step 2 that in order to determining the severity of claimant's condition, it was "necessary" to consult the SSI Listings for guidance.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-905 does not address the appeals of any named Plaintiff to this lawsuit and the decision speaks for itself.*

*28. The record in DHS Dkt. 07-671 shows that doctors had diagnosed severe persistent asthma, for which rescue medication was prescribed; at Step 2, the hearing officer said that a "significant factor" in evaluating asthma is frequency of ER visits and hospital admissions in the past year.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-671 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-671 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. The requests are not overly broad; they identify specific docket numbers and time frames.

*31. In DHS Dkt. 06-1607, issued in 2007:*

*(a) claimant had ankle residual fracture pain, status post paralysis left leg, low back radiculopathy, alcohol dependence, bipolar disorder and ischemic injury to right frontal lobe of the brain;*
*(b) both the MART and the hearing officer found no severe impairments at Step 2;*
*(c) the hearing officer stated at Step 2 that in order to be disabled based on mental conditions, the record must "demonstrate marked limitations in at least three critical elements of functioning;"*

*(d) finding the evidence insufficient to satisfy the standard of (c), the hearing officer found no severe impairment that "would preclude all work activity," and ceased evaluation at Step 2.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit.

*33. In multiple decisions issued in 2006 and 2007 DHS hearing officers cited the fact that claimant doesn't require an assistive device to ambulate in support of the Step 2 finding that impairments aren't severe.*

*<u>RESPONSE</u>: Objection, as the term "multiple" is vague, ambiguous and susceptible to different interpretations; the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained it would be unduly burdensome to compile. Without Waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not cite "that claimant doesn't require an assistive device to ambulate in support of the Step 2 finding that impairments aren't severe."*

*34. DHS issued at least 14 MA disability decisions in 2007 in which the hearing officer cited the fact that claimant didn't need an assistive device to ambulate in support of a finding that impairments were not severe.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained it would be unduly burdensome to compile. Without Waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not cite "that claimant doesn't require an assistive device to ambulate in support of a finding that impairments were not severe."*

*35. In an MA disability hearing decision issued in 2007 [07-740], a case involving scleroderma and Reynaud's disease, the hearing officer:*

*(a) cited the fact that the claimant didn't need an assistive device to ambulate to support rejection of claimant's reports of hand and foot pain/symptoms;*

*(b) held at Step 2 that impairments did not "render her incapable of work" and were therefore not severe.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-740 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-740 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit.

'Typically' and 'multiple' are not vague or ambiguous.

*36. In a decision issued in 2007 [07-340] :*

*(a) treating/examining sources diagnosed osteoarthritis, diabetes, and hypertension, and claimant was obese;*

*(b) the hearing officer rejected the treating source's physical capacities assessment for lack of objective evidence to support "...the level of functional restrictions..." reported on the MA-63," citing the facts that no physical exams documented ambulation problems and there was no evidence to indicate a medical need for an assistive device.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-340 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-340 would have to be independently reviewed, and the decision speaks for itself.*

*37. In a decision issued in 2006 [Dkt. 06-14]:*

*(a) uncontroverted treating physician evidence showed that due to spina bifida, claimant had loss of sensation in both legs, required bilateral leg braces to walk, and had problems ambulating;*

*(b) the hearing officer cited the fact that use of leg braces didn't imply that claimant "cannot walk at all" in support of his/her finding that impairments were not severe at Step 2;*

*(c) at Step 2 the hearing officer cited a lack of evidence that claimant was "totally unable" to work.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-14 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-14 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set forth in Plaintiffs' Memorandum, the objections to Request for Admission 36 and 37 lack merit.

*38. DHS hearing officers have sometimes consulted the SSI Listings of impairments when making findings at Steps 4 or 5.*

*RESPONSE: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence and the term "sometimes" is vague and ambiguous. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 may pertain to Plaintiff Smith, attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision.*

*39. In at least two MA disability hearing decisions issued in 2007, the hearing officer's discussion at Step 4 and/or 5 included the following statement:*

> *In order to determine the residual functional capacity, the degree of limitation resulting from the impairment must be assessed. Severe or marked limitations must be found relative to the following four areas of activities: activities of daily living (ADL), social function, concentration, persistence or pace; and episodes of decompensation.*

*RESPONSE: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 as it pertains to Plaintiff Smith and attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision*

*40. After determining that the standard described in the foregoing Admission wasn't satisfied, the hearing officer(s) in those cases found claimants not disabled at Step 4 or 5.*

*RESPONSE: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 as it pertains to Plaintiff Smith and attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision.*

For the reasons set out in Plaintiffs' Memorandum, the objections to the above requests lack merit. "Sometimes" is not vague or ambiguous. The requests are not overly broad.

*41. In a decision issued in 2007 [07-999):*

*(a) the record contained uncontroverted evidence that applicant had fractured weight bearing joints (for which he'd had surgery) and 9 months later, wasn't fully weight bearing;*
*(b) the treating physician reported severely limited physical work abilities on the MA-63 form;*
*(c) the MART found the durational factor not satisfied;*
*(d) at Step 2 the hearing officer considered whether there was non-union of bone, expected date of return to weight-bearing status, whether more surgery was planned, and whether claimant needed an assistive device to ambulate;*
*(e) the hearing officer determined duration by reference to "expected healing time" for "most fracture cases of this type," and found it "reasonable" to expect that at twelve months, he would return to weight-bearing and his condition wouldn't "significantly limit all types of work activities," without citing any medical source opinion to support that finding;*
*(f) the hearing officer did not identify what the treating source said in the MA-63 about duration or say if s/he accepted or rejected that opinion.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-999 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-999 would have to be independently reviewed, and the decision speaks for itself.*

*42. Hearing officers proceeded past Step 2 in approximately 29% of the MA disability hearing decisions issued 9/1/05 through 11/30/07.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through 11/30/07 would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams the analysis proceeded past Step 2.*

*44. 99% or more of the MA disability hearing decisions issued 9/1/05 through 2007 identify the Step 2 severity legal standard as requiring a determination of whether*

*impairments are severe enough to "prevent him (her) from performing at least one basic work activity...."*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through 12/31/07 would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*45. From 9/1/05 on, DHS issued at least 45 MA disability hearing decisions in which the hearing officer determined severity at Step 2 by reference to whether impairments prevented or precluded performance of at least one basic work activity.*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*46. In a decision issued in 2006 [Dkt 05-1833], the hearing officer found that a stroke victim with permanent hemiparalysis had severely diminished function on the left side of the body, but had no severe impairments at Step 2 because the evidence didn't show that impairments "prevented" performance of substantial gainful activity.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1833 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1833 would have to be independently reviewed, and the decision speaks for itself.*

*47. In DHS Dkt. 05-1726 the hearing officer determined severity at Step 2 by reference to whether impairments result in marked or severe limitations so as to "totally preclude" all types of work activities or show that claimant is "totally unable" to work.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1726 does not address the appeals of any named*

*Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1726 would have to be independently reviewed, and the decision speaks for itself.*

*48. In DHS Dkt. 07-470, the record showed that claimant had Bipolar Disorder II, bulimia, and PTSD with depression and occasional hallucinations, and:*

*(a) the MART and hearing officer found impairments not severe at Step 2;*
*(b) the hearing officer rejected the only mental RFC assessment of record, which was completed by a treating source and reported moderate and marked mental limitations;*
*(c) citing no medical source opinion supporting the finding, the hearing officer found no impairment so severe as to "markedly limit and significantly interfere" with ability to perform basic work activities, and show claimant "incapable of performing basic work related activities on a sustained, longitudinal basis."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-470 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-470 would have to be independently reviewed, and the decision speaks for itself.*

*49. In at least ten hearing MA disability hearing decisions issued 9/05 on, the hearing officer assessed severity at Step 2 by determining whether impairments markedly limit ability to function.*

*<u>RESPONSE</u>: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*50. In at least 15 hearing decisions issued 9/1/05 on, the hearing officer assessed severity at Step 2 by determining whether impairments "markedly limit and/or significantly interfere" with ability to perform basic work activities.*

*<u>RESPONSE</u>: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B*

*are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*51. In more than 20 MA disability decisions issued in 2006 and 2007 the hearing officer assessed whether impairments were severe at Step 2 by determining whether they rendered applicant incapable of, or unable to perform, basic work activities.*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained it would require reviewing all MA disability decisions issued in 2006 and 2007 which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*52. In DHS Dkt. 07-953, issued in 2007, the record documented chronic osteomyeletis requiring additional surgery, and:*

*(a) both the MART and hearing officer found that the durational standard wasn't satisfied and ceased evaluation at Step 2;*
*(b) there was an MA-63 in the record from a treating or examining source, but the hearing officer did not identify the source's answer to the question on the MA-63 about expected duration;*
*(c) the hearing officer did not cite medical source opinion, in support of his/her finding that duration was expected to be under 12 months, except to note the statement on the MA-63 that prognosis was good with surgery.*
*(d) the hearing officer found the evidence insufficient to establish that her condition is so severe "that she would be unable to function for a continuous period of 12 months as required by the Social Security rules."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-953 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-953 would have to be independently reviewed, and the decision speaks for itself.*

*53. In DHS Dkt. 07-1104:*

*(a) claimant had an amputated leg, and he and an examining doctor reported that the prosthesis caused pain;*
*(b) both the MART and the hearing officer found the impairment not severe;*
*(c) the record contained an MA-63 form signed by a doctor who reported limitations of standing and walking, but the hearing officer didn't identify what the specific restrictions were or say if s/he accepted or rejected it.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1104 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1104 would have to be independently reviewed, and the decision speaks for itself.*

*54. In 2007 Hearing Officer Ouellette issued a favorable decision [DHS Dkt. 06-1821] stating that the purpose of Step 2 is to screen out groundless claims, but in other decisions, she applied one or more of the severity standards described in Admissions 45, 47, 49-51.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-1821 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving the objection, Defendants admit that Hearing Officer Ouellette issued the decision in the case of Plaintiff Williams and a true copy of the decision is attached to this response at Exhibit B: Docket 07-1507.*

*55. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which hearing officers cited the fact that a treating or examining medical source rated limitation of physical or mental work activities as only "moderate," not "marked" or "severe," in support of a finding that impairments were not severe at Step 2.*

*<u>RESPONSE</u>: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*56. The decision in DHS Dkt. 07-552, issued in 2007, shows that:*

*(a) claimant testified that mental impairments weren't severe enough to "prevent" work, and the hearing officer held that the treating psychiatrist's opinion on the MA-63 supported that testimony, as "there were no marked [mental] limitations" in the MA-63 that the psychiatrist completed;*
*(b) citing the foregoing, the hearing officer ceased evaluation of mental impairment at Step 2.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-552 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-552 would have to be independently reviewed, and the decision speaks for itself*

*57. In DHS Dkt. 07-1326, issued in 2007:*

*(a) the record documented Major Depressive Disorder with psychotic features, including hallucinations; PTSD, and Anxiety Disorder;*
*(b) the hearing officer cited the fact that the psychiatrist listed "only moderate" limitations of mental activities on the MA-63 in support of his/her finding that mental impairments weren't severe at Step 2.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1326 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1326 would have to be independently reviewed, and the decision speaks for itself.*

*58. In multiple decisions issued 9/1/05 on, hearing officers cited the fact that reports of objective tests such as MRIs, Xrays, or labs described the medical impairments they documented as "mild" or "moderate", in support of:*

*(a) a finding that impairments aren't severe;*
*(b) rejection of treating or examining source opinion that resulting physical or mental limitations are more than mild or moderate, on grounds it is unsupported by or inconsistent with objective evidence;*
*(c) rejection of reports of severe pain/symptoms, on grounds of inconsistency with the objective evidence.*

*RESPONSE: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present, which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*59. In DHS Dkt. 07-568, issued in 2007, the hearing officer stated that hip x-ray documentation of "only mild" degenerative changes did not establish a condition that would result in debilitating pain, and discounted pain for lack of objective evidence and diagnostic testing showing it was severe enough to significantly interfere with ability to perform basic work activities.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-568 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-568 would have to be independently reviewed, and the decision speaks for itself.*

*60. In DHS Dkt. 07-1346, the hearing officer ceased evaluation at Step 2 in a case involving pain resulting from osteoarthritis documented by x-ray evidence of mild degenerative changes, on grounds that physical impairments, "although proven, are mild to moderate in severity according to diagnostic tests."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1346 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1346 would have to be independently reviewed, and the decision speaks for itself.*

*61. In decisions issued in 2006 and 2007, the hearing officer:*

*(a) found impairments not severe at Step 2 on grounds the MRI showed scoliosis, moderate disc protrusion, and mild spinal stenosis [07-1008];*
*(b) found [07-1209] that an MRI showing "moderate disc bulge" and mild foraminal narrowing "would not demonstrate a severe impairment."*
*(c) found [DHS Dkt. 06-1808] spinal impairments not severe and rejected reports of severe pain at Step 2, citing the fact that MRI showed "only mild" conditions (mild diffuse bulge without significant stenosis, mild narrowing of disc space and mild degenerative changes) which wouldn't be expected to result in the level of pain complained of.*
*(d) found [DHS Dkt. 06-1791, 07-374] asthma and COPD not severe in at least 2 decisions because pulmonary function tests documented "only mild" reductions.*
*(e) found [DHS Dkt. 06-1183] degenerative joint disease not severe at Step 2, citing x-ray results showing "mild to moderate" degeneration and narrowing of disc spaces;*
*(f) found Bipolar disorder and PTSD not severe at Step 2 because a GAF score of 50 reflects only moderate limitations [DHS Dkt. 07-257];*
*(g) found recurrent severe Major Depressive Disorder with psychotic features not severe on grounds it resulted in "only moderate" mental limitations [DHS Dkt. 06-1276].*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 2006 and 2007 which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*62. In DHS Dkt. 07-859, issued in 2007:*

*(a) Objective testing documented both mild lumbar disc disease and multiple levels of cervical spondylosis with "mild to severe" foraminal narrowing;*
*(b) the hearing officer found, citing the evidence in (a), that the lumbar impairment was less severe than the cervical impairment and that the former condition wouldn't be expected to produce pain as severe as that expected to be produced by the latter condition;*
*(c) the hearing officer said that pain is subjective and its "severity and persistence must therefore be comparable to the established medical condition."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-859 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-859 would have to be independently reviewed, and the decision speaks for itself.*

*63. In DHS Dkt. 05-1369:*

*(a) MRI documented mild stenosis and cervical spondylosis;*
*(b) the hearing officer rejected the treating doctor's opinion about limitations and pain on grounds it was "incongruent" with objective findings.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1369 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1369 would have to be independently reviewed, and the decision speaks for itself.*

*64. In DHS Dkt. 07-552, issued in 2007, x-rays documented mild degenerative changes; citing xray results, the hearing officer rejected claimant's reports of pain, although s/he found them credible, on grounds that objective findings showed "only mild" changes not indicative of the described pain and "diagnostic testing shows no discernible severe condition."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-552 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-552 would have to be independently reviewed, and the decision speaks for itself.*

*65. In DHS Dkt. 06-1155, the hearing officer cited a medical provider's functional assessment limiting walking and standing to under 2 hours, and sitting to four hours, in an 8 hour day, with occasional lifting of 20 pounds, as evidence that arthritis and neuropathy did not impair functional ability and were not severe.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1155 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1155 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the objections to Requests 41-65 lack merit. "Multiple" is not vague or ambiguous. Plaintiffs' suit is not an "appeal".

*66. In DHS Dkt. 06-1607, issued in August 2007, the hearing officer rejected the MA-63 functional assessment of the treating psychiatrist and credited a one-time consultative psychologist's report; she found the latter report "indicated only mild to moderate impact" on mental limitations and "...would not have established disability."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.*

For reasons set out in Plaintiffs' Memorandum, DHS' objections lack merit.

*67. It is DHS' position that the fact that x-rays or MRI document mild or moderate degenerative arthritis or other mild or moderate musculoskeletal condition, is evidence that:*

*(a) it is not a severe impairment;*
*(b) it doesn't result in more than moderate physical limitations;*
*(c) supports rejection of medical opinion that pain is more than moderate, on grounds it is unsupported by or inconsistent with objective evidence;*
*(d) supports rejection of reports of severe pain, on grounds they are unsupported by, or inconsistent with, objective evidence.*

*<u>RESPONSE</u>: The Defendants are unable to admit or deny Paragraph 67 as written as such statements cannot be made in a vacuum or based on the limited information provided in the statement. The Defendants would need to have all other facts and evidence relating to the person applying for Medical Assistance.*

This response is insufficient under Rule 36(a). This request concerns DHS' legal position, not an individual's claim for benefits, and should be admitted or denied, in order to narrow issues for trial. Denying "as written" fails to comply with Rule 36(a), which requires DHS to specify what part of the Admission is true, and qualify or deny the remainder.

*69. DHS has issued at least 50 MA disability hearing decisions 9/1/05 on, in which the hearing officer rejected treating and/or examining source opinion about*

*physical and mental functional limitations resulting from a medically-documented medical impairment, citing a lack of objective evidence documenting or quantifying extent of the reported limitations.*

*RESPONSE: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*70. In a favorable MA disability hearing decision issued in 2007, DHS Dkt. 07-712:*

*(a) the record established the existence of medically-documented impairments, and the examining source reported limitations of one or more basic work activities;*
*(b) the hearing officer proceeded to examine the source's office records for objective evidence "...to demonstrate the limitations of the expressed functional level" reported by the medical source.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-712 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-712 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. The requests are not overly broad. 'Multiple' is not vague or ambiguous.

*71. In a decision issued in 2006, DHS Dkt. 07-712, there was a medically-documented impairment which could reasonably be expected to cause pain and:*

*(a) two treating sources, one a neurologist, reported disabling back and neck pain; one of those sources a PCP, reported severe functional limtations;*
*(b) the hearing officer rejected both foregoing opinions for lack of objective evidence, including pain scales, supporting the extent of pain and limitations;*
*(c) the hearing officer stated RFC would be determined by recent exams, the fact that pain improved with medication, and the fact that claimant had the ability to get around without assistance;*
*(d) the hearing officer cited no medical source opinion for his/her finding that claimant could do sedentary work;*

*(e) the MART had found claimant able to do sedentary work.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-712 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-712 would have to be independently reviewed, and the decision speaks for itself.*

*72. DHS hearing officers sometimes require:*

*(a) that pain be found "severe";*
*(b) that the existence and severity of pain be established by medically-acceptable clinical and laboratory diagnostic techniques;*
*(c) that pain meet the durational standard;*
*(d) that pain preclude all work or work activities, in order to be considered when determining RFC.*

*<u>RESPONSE</u>: Objection to the term "sometimes" as it is vague, ambiguous and susceptible to differing interpretations. Objection to the paragraph as written as the specific facts of the cases are needed in order to admit or deny. Without waiving said objection, Defendants admit that hearing officers consider "pain" in the context of each applicant's individual case and evidence and evaluate pain according to 20 C.F.R. §416.929.*

*73. DHS has issued at least 15 MA disability hearing decisions 9/1/05 on, in which the record showed that medically-acceptable evidence documented the existence of a condition reasonably expected to cause pain, but the hearing officer discounted pain on grounds it wasn't severe enough to preclude all work, render claimant incapable of performing basic work activity, or rule out all work activity.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*75. In the MA disability hearing decision issued in DHS Dkt. 06-1591, the hearing officer discounted pain when determining claimant's RFC, citing a lack of evidence showing pain was so severe as to "render [claimant] incapable of all activities."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1591 does not address the appeals of any named*

*Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1591 would have to be independently reviewed, and the decision speaks for itself.*

*76. In DHS Dkt. 06-1874, the hearing officer credited pain allegations, finding that the record established pain severe enough to "prevent" performance of at least one basic work activity.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1874 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1874 would have to be independently reviewed, and the decision speaks for itself.*

*77. In DHS Dkt. 07-963, decision issued in 2007:*

*(a) medically-acceptable evidence documented the existence of strabismus and other visual impairments;*
*(b) the hearing officer rejected claimant's reports of severe headache due to vision problems, saying that although it may be "logical" to assume that headaches might occur from the vision impairments, there would need to be "objective evidence to show that her headaches occur on a consistent basis to such level of severity to result in limitations of at least one basic work activity."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-963 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-963 would have to be independently reviewed, and the decision speaks for itself.*

*78. In a decision issued in 2007, DHS Dkt. 07-740, the hearing officer found that although claimant had an impairment which could reasonably be expected to cause some pain, the record didn't establish pain "...to a level of persistence and severity that would result in functional loss for a continuous period of at least 12 months."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-740 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-740 would have to be independently reviewed, and the decision speaks for itself.*

*79. In a decision issued in 2007, DHS Dkt.07-569, medically-acceptable evidence documented the existence of pancreatitis, and the hearing officer:*

*(a) found that the record establishes that claimant has "intermittent [hearing officer emphasis] bouts" of pancreatitis, which result in pain, nausea, and diarrhea;*
*(b) rejected the treating source's functional assessment on grounds objective medical evidence didn't support those limitations;*

*(c) found "no evidence" that pancreatitis and pain are so severe as to "markedly limit and significantly interfere with" ability to do basic work activities for a continuous period of at least 12 months.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-569 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-569 would have to be independently reviewed, and the decision speaks for itself.*

*80. In a decision issued in 2007, DHS Dkt. 07-215:*

*(a) medical records documented diverticulitis with malnutrition;*
*(b) the hearing officer ceased evaluation at Step 2, finding that the evidence had not established that pain and symptoms were so severe as to limit ability to perform at least one basic work activity on a consistent basis for a period of at least 12 months, citing the fact that although he had intermittent bouts of severe pain, there were "weeks and sometimes months" in which he was symptom free.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-215 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-215 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. "Sometimes" is not vague or ambiguous. Plaintiffs' suit is not an "appeal."

*81. It is DHS' position that, when assessing pain and symptoms, DHS must determine whether medical signs, laboratory findings, or other objective evidence show:*

*(a) the existence of a medical impairment which could reasonably be expected to cause pain/symptoms;*
*(b) the existence of a medical impairment which could reasonably be expected to cause the level of pain/symptoms reported by claimant or a medical source;*
*(c) the existence of a medical impairment which could reasonably be expected to result in the extent of mental or physical limitations reported by a treating or examining source.*

*RESPONSE: Defendant denies Paragraph 81 as written as the specific facts and evidence of the individual applicant for Medical Assistance is necessary to respond. Without waiving said objection, Defendants admit that it is DHS's position that hearing officers consider "pain" in the context of each applicant's individual case and evidence and evaluate according to 20 C.F.R. §416.929.*

*82. In a decision issued in 2007, Dkt. 07-1002, the hearing officer said that in the absence of diagnostic evidence of a medical condition reasonably expected to result in pain, as well as objective exams establishing limitations and pain to such level of severity as to result in the reported limitations, the opinion of a treating registered nurse practitioner was "unsupported" and "must be disregarded."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1002 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1002 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. Plaintiffs' suit is not an "appeal." The response to Request #81 is insufficient. DHS should admit or deny its legal position, in order to narrow issues for trial. For reasons already set forth, denial 'as written' fails to comply with Rule 36(a).

*83. In none, or virtually none, of the MA disability hearing decisions issued 9/1/05 through 12/31/07 does the hearing officer identify the legal standard applicable to assessment of pain and symptoms.*

*RESPONSE: Objection as the terms "virtually none" is ambiguous and vague. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 12/31/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. "Virtually none" is not vague or ambiguous. DHS failed to admit or deny whether the admission with respect to "none."

*85. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which claimant and/or a treating or examining medical source reported pain or other symptoms, and the hearing officer failed to:*

> *(a) make a finding on whether or not medical signs or laboratory findings show a medically-determinable impairment which could reasonably be expected to produce pain or symptoms;*
> *(b) evaluate and make findings on all evidence, objective and subjective, in accordance with the rules set out in 20 C.F.R. 416.929(c), when the existence of a medically-determinable impairment which could reasonably be expected to produce pain or symptoms is established.*

*RESPONSE: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*86. In at least 60 MA disability hearing decisions issued 9/1/05 on, DHS hearing officers discounted claimant's reports of pain or symptoms, and/or treating/examining source statements about claimant's pain or symptoms:*

> *(a) citing lack of objective evidence showing severity, frequency, or intensity of pain;*
> *(b) without making the findings described in (a) and (b) of the preceding Admission.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*88. In DHS Dkt. 06-1591, the hearing officer rejected testimony from claimant's spouse about pain, on grounds that by testifying that pain and limitations were more severe than claimant had reported, s/he was trying to "contradict"' claimant, who she found was "clearly a more reliable witness" about pain because pain is subjective.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1591 does not address the appeals of any named*

*Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1591 would have to be independently reviewed, and the decision speaks for itself.*

*89. In a decision issued in 2007, DHS Dkt. 06-1532, the hearing officer rejected claimant's mother's testimony because pain is subjective and "another individual cannot perceive the pain of others."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1532 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1532 would have to be independently reviewed, and the decision speaks for itself.*

*90. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer rejects claimants reports of severe pain, and/or functional limitations reported by a medical source, citing lack of "pain scales" or other objective evidence documenting intensity or severity of pain.*

*RESPONSE: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*91. In a decision issued in 2007, DHS Dkt. 07-859, the hearing officer said that the objective medical evidence and effects of treatment on the underlying condition are reviewed to establish the "level and persistence of pain" and held that because pain is subjective, its severity and persistence must be "comparable to the established medical condition."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-859 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-859 would have to be independently reviewed, and the decision speaks for itself.*

*92. In DHS Dkt. 05-1468, the hearing officer discounted the treating doctor's diagnosis of fibromyalgia and his opinion about functional limitations, at least in part, on grounds the record didn't include a "fatigue scale."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1468 does not address the appeals of any named*

*Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1468 would have to be independently reviewed, and the decision speaks for itself.*

*93. The decision in DHS Dkt. 07-1002 shows that:*

*(a) claimant had metal in his back from prior surgery, and the most recent CT myelogram was inconclusive due to presence of metal;*
*(b) the hearing officer cited (among other factors) the fact that applicant didn't require an assistive device to ambulate in support of his/her rejection of treating source opinion that low back pain with radiculopathy caused specific physical functional limitations;*
*(c) the hearing officer rejected reports of pain and limitations for lack of objective evidence, such as pain scales, verifying a "level of pain" that would result in such severe limitations;*
*(d) the hearing officer said that "pain is subjective" and in the absence of diagnostic evidence of a condition reasonably expected to result in pain, as well as objective exams establishing functional limitations and/or pain to such a level of severity that would result in such limitations, the treating source's physical capacities assessment is "unsupported" and "must be disregarded."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1002 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1002 would have to be independently reviewed, and the decision speaks for itself.*

*94. In DHS Dkt. 07-338, issued in 2007, claimant had medically-documented coronary artery disease, and medical reports documented fatigue complaints, but the hearing officer rejected the cardiologist's opinion about functional limitations on grounds they were "contradicted" by EKG results.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-338 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-338 would have to be independently reviewed, and the decision speaks for itself.*

*95. DHS has issued multiple MA disability hearing decisions since 9/1/05 in which the hearing officer rejected treating or examining physician opinion about pain and resultant limitations, citing lack of pain scales or other objective measures to document level of pain.*

*RESPONSE: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings*

*as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*96. In DHS Dkt. 06-807, the record showed that claimant had a history of a fractured spine and bone graft with pain, and:*

*(a) the hearing officer rejected treating physician opinion about pain and limitations for lack of a "pain analysis" to document the severity of pain;*
*(b) the hearing officer said that in the absence of detailed exam records and/or diagnostic tests to "substantiate the reported severity of pain" and limitations, there "can be no finding" the impairment is severe.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-807 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-807 would have to be independently reviewed, and the decision speaks for itself.*

*97. In DHS Dkt. 07-23, the record documented ankle fracture and impaired weight-bearing; the hearing officer said that pain was difficult to assess in the absence of "customary pain scales" and records to demonstrate the progression of pain and its response to factors like heat, cold, etc., and discounted pain when determining claimant's RFC.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-23 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-23 would have to be independently reviewed, and the decision speaks for itself.*

*98. In a decision issued in 2007, DHS Dkt. 07-1195:*

*(a) the MART and the hearing officer both found no impairments severe at Step 2;*
*(b) records documented the existence of Hepatitis C and cryobulinemia, and treating and/or examining source(s) reported bilateral neuropathic pain secondary to the impairments;*
*(c) the hearing officer found the treating source's assessment of physical functional limitations "unsupported", and said it "must be disregarded," and also discounted claimant's reports of symptoms, citing a lack of evidence to support "consistent pain to a level of severity" to result in such limitations; a lack of pain scales or objective exams documenting difficulty with gait or ambulation due to pain or sensory loss; and the lack of need for an assistive device to ambulate.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1195 does not address the appeals of any named*

*Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1195 would have to be independently reviewed, and the decision speaks for itself.*

*99. In a decision issued in 2007, DHS Dkt. 07-1435:*

*(a) the hearing officer rejected the treating physician's opinion about pain and physical limitations resulting from impairments, citing lack of objective evidence establishing severity of pain and extent of limitations;*
*(b) the hearing officer referenced pain scales (or lack thereof) at least six times in the body of the decision.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1435 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1435 would have to be independently reviewed, and the decision speaks for itself.*

*100. In a decision issued in 2007, DHS Dkt. 07-1146, asthma and obstructive sleep apnea was shown by medically-acceptable diagnostic techniques, but the hearing officer rejected claimant's reported symptom of shortness of breath, for lack of objective information to "quantify" the severity of his disorders.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1146 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1146 would have to be independently reviewed, and the decision speaks for itself.*

*101. DHS issued multiple MA disability hearing decisions in which medically-acceptable evidence documented the existence of an impairment which could reasonably result in pain/symptoms, and the hearing officer found reports of pain/symptoms credible, but rejected them for lack of objective evidence quantifying the level of pain/symptoms.*

*RESPONSE: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad, there is no described time frame; not likely to lead to the discovery of admissible evidence at trial and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further deny Paragraph 101 as it pertains to Plaintiffs Smith and Williams.*

*102. DHS issued multiple MA disability decisions 9/1/05 on in which the hearing officer discounted a treating or examining source opinion that symptoms resulting from medically-documented physical impairments, or side effects to medication, limit mental work activities, when the record doesn't also document the existence of a mental impairment.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*103. In a decision issued in 2007, DHS Dkt. 07-569, the record showed a condition reasonably expected to result in pain and symptoms, but the hearing officer rejected the treating doctor's functional assessment, which included limits on mental activities, because the objective evidence didn't show "mental disease or mental limitations."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-569 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-569 would have to be independently reviewed, and the decision speaks for itself.*

*104. In DHS Dkt. 06-905, the hearing officer rejected a treating source's opinion that symptoms of obesity and obstructive sleep apnea caused limitations of basic mental work activities, calling such opinion "speculative" in the absence of a cognitive evaluation documenting a mental impairment.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-905 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-905 would have to be independently reviewed, and the decision speaks for itself.*

*105. In a decision issued in 2007, DHS Dkt. 07-491:*

*(a) reports from claimant's long-term treating physician documented seizure disorder, and the doctor reported functional limitations and side effects from medication, including drowsiness and diminished concentration;*
*(b) the hearing officer rejected the treating physician's opinion about mental limitations for lack of "cognitive testing" and objective measurement of the reported effects.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-491 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-491 would have to be independently reviewed, and the decision speaks for itself.*

*106. In DHS Dkt. 05-1763, issued in 2006, the hearing officer rejected the treating source's opinion that a diabetic had mental limitations due to hypoglycemic episodes, on grounds the record "fails to establish a specific mental condition since there is no psychological, psychiatric, neurocognitive or other diagnostic evaluation to define mental processes such as IQ, ability to attend to and complete tasks, memory and concentration skills."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1763 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1763 would have to be independently reviewed, and the decision speaks for itself.*

*107. In a decision issued in 2007, DHS Dkt. 07-1236,*

*(a) the record showed medically-documented obstructive sleep apnea, coronary artery disease, and a history of quadruple bypass;*
*(b) claimant reported that fatigue interfered with ability to focus;*
*(c) the hearing officer found claimant's reports credible, but discounted fatigue and mental limitations for lack of a "cognitive evaluation to document mental abnormalities."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1236 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1236 would have to be independently reviewed, and the decision speaks for itself.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. The requests are not overly broad. 'Multiple' is not vague or ambiguous. Plaintiffs' suit is not an "appeal."

*109. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which hearing officers discount mental impairments and/or reject treating source opinion about mental impairments and resultant mental limitations:*

*(a) citing a lack of psychiatric evaluation, psychological or IQ testing, or other objective measure establishing the existence of a mental impairment and the existence and extent of mental limitations;*
*(b) without regard to whether the source relied upon medically-acceptable clinical diagnostic techniques.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of*

*admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*111. DHS has issued multiple decisions 9/1/05 on in which the hearing officer rejected the opinion of a treating or examining physician about mental impairments and functional limitations, citing a lack of test results or objective evidence, even though the record indicated that the source had diagnosed mental impairment, prescribed medication for mental impairment(s), and reported signs and symptoms of mental impairment.*

*RESPONSE: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*115. In the majority of hearing decisions issued 9/1/05 on in which the hearing officer proceeded past Step 3, s/he found that impairment(s) didn't meet one or more SSI Listings, and did not go on to consider medical equivalence.*

*RESPONSE: Objection, the term "majority" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. Neither "multiple" nor "majority' is vague or ambiguous. The requests are not overly broad.

*116. Since at least 9/1/05, it has been DHS' policy or practice to require not only that the existence of medical impairments be proved to result from abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques, but also that:*

> *(c) the extent of physical and mental limitations reported by a treating or examining physician be shown by medically acceptable clinical and laboratory diagnostic techniques.*
>
> *<u>RESPONSE</u>: Defendants deny (c) as written.*

The response to 116(c) is inadequate. Denying "as written" fails to comply with the requirements of Rule 36(a), which requires DHS to admit so much of the request as is true and deny the remainder.

*117. In a decision issued in 2007, DHS Dkt. 06-1607, when rejecting treating and examining source opinion, the hearing officer faulted the lack of "diagnostic evidence of the current severity" of back and lower extremity pain, the lack of "acceptable clinical or diagnostic information demonstrating functional [mental] restrictions", and the lack of acceptable "clinical and diagnostic information" to support [the opinion about] functional limitations.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.*

*118. At least through the date plaintiffs served their complaint, it was DHS policy or practice to cease evaluation at Step 2 if the hearing officer found the evidence insufficient to determine severity.*

> *<u>RESPONSE</u>: Defendants deny as written. Defendants admit that a hearing officer will stop at Step 2 if the evidence submitted does not establish or demonstrate severity in accordance with state and federal guidelines.*

*119. Evaluation ceases at Step 2 if the MART or hearing officer finds the evidence insufficient to determine severity.*

> *<u>RESPONSE</u>: Defendants deny as written. Defendants admit that a hearing*

*officer will stop at Step 2 if the evidence submitted does mot establish or demonstrate severity in accordance with state and federal guidelines.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. As discussed above, denying "as written" fails to comply with the requirements of Rule 36(a). Plaintiffs' suit is not an "appeal."

*122. Attached as Admission Docs. H are true and correct copies of the treating psychiatrist Greer's MA-63 form and some of the other records in Plaintiff Smith's hearing record.*

*<u>RESPONSE</u>: Defendants admit that Doc H. contains a copy of the treating psychiatrist Greer's MA-63. Defendants deny as to the remaining records.*

This response is insufficient. Doc. H contained multiple pages and records, and DHS must identify which of those were in Plaintiff's Smith's hearing record and which were not.

*136. In multiple decisions issued in 2007, the hearing officer did not identify what specific functional limitations were reported in one or more MA-63 forms in the record, and merely attached a general label to the assessment, describing it as showing, e.g., "slight", "moderate", "sedentary", or "extreme" limitations.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*137. In at least three decisions issued in 2007, the hearing officer said that the source completing the MA-63 reported limitations fell into the "range" or "category" of sedentary work, without identifying what specific activities were assessed and how long in an 8 hour day the claimant could reportedly perform them.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly*

*burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*138. In DHS Dkt. 07-505, the hearing officer said that the source reported "liberal" capabilities or capacities not resulting in restrictions that would prevent some type of work, without identifying the specific limitations the source reported in the MA-63.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-505 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-505 would have to be independently reviewed, and the decision speaks for itself.*

*139. In a decision issued in 2007, DHS Dkt. 07-548, the hearing officer cited a physician's questionnaire, describing it as showing that claimant "could easily" manage a light exertional level job, without identifying what specific information was reported in that questionnaire.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to he discovery of admissible evidence at trial, Docket 07-548 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-548 would have to be independently reviewed, and the decision speaks for itself.*

*140. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer 's Residual Functional Capacity finding at Step 4 or 5 is inconsistent with the SSI definitions of sedentary and/or light work.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.*

*141. DHS has issued MA disability hearing decisions 9/1/05 on in which the hearing officer found claimant capable of sedentary work and cited, in support of the finding, a finding that s/he was able to:*

*(a) sit, stand, or walk in 2 hour blocks of time each, with customary breaks, during an 8 hour day;*
*(b) sit intermittently for 2 hours out of 8, walk under 2, and lift 5 pounds occasionally;*
*(c) sit intermittently for 2 hours, walk 2 hours, occasionally lift 50 pounds;*
*(d) walk 2 hours out of 8 and sit intermittently for two hours, and occasionally lift/carry 10 pounds;*
*(e) sit intermittently 2 hours, walk 2 hours, occasionally lift/carry 20 pounds;*
*(f) stand and walk a total of 2 hours of out 8, sit 4-6 hours total, with no lifting over 5 lbs., changing position hourly;*
*(g) walk under 2 hours, lift/carry up to 5 lbs., and sit intermittently 4 out of 8 hours;*
*(h) walk 2 hours, lift and carry 10 pounds, sit intermittently for under 2 hours.*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.*

*142. In DHS Dkt. 06-906, a favorable decision, the hearing officer credited the medical source's opinion about functional limitations, and said she was giving it "appropriate weight" because it was "reasonable" and there was no evidence contradicting it.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-906 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. The requests are not overly broad. "Multiple" is not vague or ambiguous. Plaintiffs' suit is not an "appeal."

*143. When considering whether a claimant is compliant with treatment, DHS*

*hearing officers routinely fail to consider whether claimant has good cause" for not following recommended treatment.*

*<u>RESPONSE</u>: Objection to the term "routinely" is vague, ambiguous and susceptible to different definitions and interpretations. Without waiving said objection, Defendants admit that it is DHS's position that the standard set forth in 20 C.F.R.§ 404.1530 is the appropriate standard on the issue of whether a claimant has good cause for not following recommended treatment. Defendants deny paragraph 143 as it pertains to the named Plaintiffs.*

"Routinely" is not vague or ambiguous. This response is insufficient and non-responsive, and should be deemed an Admission. It fails to comply with the requirements of Rule 36(a).

*144. In none of the MA disability hearing decisions in which the hearing officer suggested, or found, that claimant had failed to follow recommended treatment did the hearing officer consider whether claimant had "good cause" for not following recommended treatment.*

*<u>RESPONSE</u>: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 144 as it pertains to Plaintiffs Smith and Williams.*

*145. DHS hearing officers interpret the requirement that claimants follow recommended treatment as justifying a finding that duration can't be determined unless and until claimant has undergone all forms of recommended treatment, because treatment might restore ability to work prior to the expiration of 12 months.*

*<u>RESPONSE</u>: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions. Defendants deny Paragraph 145 as it pertains to the named Plaintiffs.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. The requests are not overly broad.

*157. Para. 2(c) of Admission Doc. W establishes a mechanism to promote*

*administrative efficiency by averting the need for hearing officer review and issuance of decisions in those cases where the MART is willing to revise its determination and find claimant disabled.*

*RESPONSE: At the time of answering, Defendants have made a reasonable inquiry and based on the information readily obtainable are unable to admit or deny as are attempting to obtain a copy of the above consent order from the Rhode Island Superior Court.*

*158. DHS interprets para. 2(c) of Admission Doc. W not only to authorize the MART to tell the hearing officer when it has changed its prior determination and finds claimant disabled, but also to:*

*(a) authorize post-hearing MART review of hearing testimony, as well as review of new medical records;*
*(b) authorize submission into the record of post-hearing MART written findings and commentary on hearing testimony and new evidence;*
*(c) provide the MART the opportunity to revise its rationale for finding claimant not disabled;*
*(d) provide the hearing officer with an updated MART assessment of the evidence;*
*(e) provide a mechanism to inform the hearing officer of the MART's new reason(s) for finding claimant not disabled, if the MART revised its prior rationale.*

*RESPONSE: At the time of answering, Defendants have made a reasonable inquiry and based on the information readily obtainable are unable to admit or deny as they are attempting to obtain a copy of the above consent order from the Rhode Island Superior Court. Without waiving said objection Defendants deny paragraph 158 to the extent that the consent order is the sole authorization for post hearing MART review.*

Responses to Requests 157 and 158 are inadequate. Admission Doc. W is a Superior Court consent order entered into by DHS in a lawsuit concerning delays in MA disability determinations, contains provisions applicable to procedures at MA hearings, and remains in effect. DHS should not be heard to claim that it must order and review a copy of the consent order before being answering discovery about its implementation of and its legal positions. Second, the final sentence is vague and ambiguous, and insufficient response

under Rule 36(a). Answer to this admission may narrow issues for trial, as it seeks information relevant to the parties' claims and defenses.

*159. DHS has issued multiple hearing decisions 9/05 on, in which the hearing officer reported in his/her Findings of Fact that after reviewing new evidence post-hearing, the MART's "finding was unchanged" or the MART was "unmoved in its finding" or "the decision was unchanged."*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*160. DHS issued multiple hearing decisions 9/05 on, in which the MART changed its rationale for finding claimant not disabled, post-hearing, and the hearing officer identified the MART's changed rationale in his/her Findings of Fact.*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*161. In DHS Dkt. 06-1840, issued in 2007, the hearing officer made a Finding of Fact that the MART had reviewed the new medical record, and had found the decision that the appellant was not disabled would remain unchanged.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1840 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1680 would have to be independently reviewed, and the decision speaks for itself.*

*162. In the decision in DHS Dkt. No. 07-06, issued in 2007, the hearing officer stated that claimant submitted new evidence at or post hearing, that the MART reviewed it, and that claimant had been notified of the MART's "new [post-review] findings."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-06 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-06 would have to be independently reviewed, and the decision speaks for itself.*

*163. Multiple MA disability decisions, including decisions issued in 2008, contain the following sentence in the "Discussion of the Evidence" section: "The Medical Assistance Review Team (MART) determines disability for the MA program."*

*<u>RESPONSE</u>: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2008. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*164. In support of the finding that claimant could do light work, in DHS Dkt. 07-782, the hearing officer cited the MART opinion that claimant could perform light work, and cited no other medical source opinion in support.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-782 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-782 would have to be independently reviewed, and the decision speaks for itself.*

*165. In DHS Dkt. 07-782, the hearing officer cited no reason for crediting the MART's opinion and didn't identify weight due or given it.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-782 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-782 would have to be independently reviewed, and the decision speaks for itself.*

*166. In no decision issued 9/1/05 through 11/30/07, other than DHS Dkt. 07-782, did a hearing officer expressly cite a MART finding or opinion in support of a hearing officer finding or conclusion.*

*<u>RESPONSE</u>: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. "Multiple" is not vague or ambiguous. Plaintiffs' suit is not an "appeal."

*168. More often than not, in decisions issued 9/1/05 through 11/30/05, the hearing officer's rationale for finding claimant not disabled was consistent with the MART's rationale, but inconsistent with the only treating and/or examining medical source opinion of record, in decisions issued 9/1/05 on.*

*<u>RESPONSE</u>: objection as the term "more often than not" and "consistent" and "inconsistent" as used in this sentence and context are vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 TO 11/30/05 It would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny paragraph 168 as it pertains to Plaintiffs Smith and Williams.*

For reasons set out in Plaintiffs' Memorandum, the objections lack merit. "Multiple," "more often than not," "consistent" and "inconsistent" are not vague or ambiguous.

*169. The hearing officer's rationale for finding claimant not disabled was consistent with the MART's most recent rationale in 2/3 or more of the MA disability hearing decisions issued 9/05 through 11/30/07.*

*<u>RESPONSE</u>: Objection as the terms "rationale" and "consistent" as used in this sentence and context are vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc*

*and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.*

*170. In at least 105 MA disability hearing decisions issued 9/1/05 through 11/30/07:*

*(a) both the hearing officer and the MART found no impairments severe at Step 2; and*
*(b) the hearing officer's severity determination was unsupported by, or contrary to, treating and examining medical source opinion of record; and*
*(c) the hearing officer cited no medical source opinion in support of his/her finding.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.*

*171. DHS issued over 20 MA disability hearing decisions 9/1/05 on, in which:*

*(a) both the hearing officer and the MART found that claimant could do sedentary work, or both found that claimant could do light work; and*
*(b) the hearing officer cited no medical source opinion in support of his/her RFC determination; and*
*(c) the "sedentary" or "light" RFC determination was unsupported by, or contrary to, the treating or examining source residual functional capacity assessment(s) of record.*

*<u>RESPONSE</u>: Objection as the terms "rationale" and "consistent" as used in this sentence and context are vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.*

*172. There are approximately 60 hearing decisions in which the hearing officer does not identify the MART's rationale, or its most recent rationale.*

*<u>RESPONSE</u>: Objection to the term "rationale" as it is vague and unambiguous. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and contains no time frame and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*173. In at least 24 of the favorable MA disability hearing decisions issued 9/1/05 through 11/30/07, new evidence was submitted at or post-hearing.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 173 as it pertains to Plaintiffs Smith and Williams.*

*174. The MART's and hearing officer's rationales were consistent with each other in more than 250 MA disability hearing decisions issued 9/1/05 through 11/30/07.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 174 as it pertains to Plaintiffs Smith and Williams.*

*175. In at least 200 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found no impairments severe at Step 2.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional*

*medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 175 as it pertains to Plaintiffs Smith and Williams.*

*176. In at least 13 hearing decisions issued 9/1/05 on, both the MART and the hearing officer found that claimant could do sedentary work.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 176 as it pertains to Plaintiffs Smith and Williams.*

*177. In at least 9 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found claimant able to do light work.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 177 as it pertains to Plaintiffs Smith and Williams.*

*178. In at least 2 hearing decisions issued 9/1/05 on, both the hearing officer and the MART determined that impairments were severe at onset, but would not be severe in 12 months.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative*

*decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 178 as it pertains to Plaintiffs Smith and Williams.*

*179. In at least 9 hearing decisions issued 9/1/05, both the hearing officer and the MART determined that impairments didn't meet the duration standard.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 179 as it pertains to Plaintiffs Smith and Williams.*

*180. In at least 1 hearing decision issued 9/1/05 on, both the hearing officer and the MART found that claimant would be able to do sedentary work within 12 months.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 180 as it pertains to Plaintiffs Smith and Williams.*

*181. In at least one hearing decision issued 9/1/05 on, both the hearing officer and the MART found impairments were severe, but did not "preclude all forms of work."*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 181 as it pertains to Plaintiffs Smith and Williams.*

*182. In at least one hearing decision issued 9/1/05 on, both the hearing officer and the MART found no evidence of severe impairments expected to last 12 months or more.*

*__RESPONSE__: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 182 as it pertains to Plaintiffs Smith and Williams.*

*183. In at least 1 hearing decision issued 9/1/05 on, both the hearing officer and the MART determined that claimant had medically improved and could do light work.*

*__RESPONSE__: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 183 as it pertains to Plaintiffs Smith and Williams.*

*184. In at least 2 hearing decisions issued 9/1/05 on, both the hearing officer and the MART determined that claimant was medically improved and impairments were no longer severe.*

*__RESPONSE__: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 184 as it pertains to Plaintiffs Smith and Williams.*

*185. In at least 5 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found at Step 2 that the severity and duration standards weren't satisfied.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 185 as it pertains to Plaintiffs Smith and Williams.*

*186. New evidence was submitted at or post-hearing in at least 3/4 of the MA disability hearing decisions issued 9/1/05 through 11/30/05 in which claimant was found not disabled and it can be determined from the face of the hearing decision that the hearing officer's rationale diverged from the MART's.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of statistical information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/05. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants admit that the hearing officer in Plaintiff Williams case reviewed the additional evidence submitted and made a de novo decision. The Defendants admit that the hearing officer in Plaintiff Smith's case held the record open for the submission of additional evidence.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. "Consistent" is not vague or ambiguous. "Rationale" was precisely defined in Plaintiffs' Request for Admissions: "the basis for finding claimant not disabled, [including] a Step 1 denial; a Step 2 durational and/or 'not severe' denial; [or] a determination that claimant can perform a particular exertional level: either sedentary, light, or medium work." The requests are not overly broad. Plaintiffs' suit is not an "appeal".

*191. DHS issued multiple hearing decisions 9/1/05 on in which the hearing officer created claimant's RFC based on his/her reading of medical records and hearing*

*testimony, after having rejected the only treating and examining source residual functional capacity assessments of record.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff Williams. Defendants admit that the hearing officers' RFC was based on a review of the full record.*

*192. DHS has issued multiple hearing decisions 9/1/05 on, in which:*

*(a) the hearing officer's RFC finding is unsupported by and contrary to the only treating and examining source functional capacity assessments of record; and*
*(b) the hearing officer cites no medical source opinion in support of the RFC determination.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record.*

*193. DHS issued at least 16 MA disability hearing decisions in 2007 in which the hearing officer cited no medical source opinion to support of his/her RFC determination.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff*

*Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record*

*195. In MA disability hearing decisions issued in 2007, the hearing officer cited no medical source opinion in support of his/her RFC determination, and said s/he would determine RFC based on "the nature of [claimant's] known impairments" or based on what is known about claimant's back condition, in at least 4 decisions;*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*196. DHS hearing officers gave controlling weight to treating source opinion in under 15 MA disability hearing decisions issued 9/1/05 through 11/30/07.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny as it pertains to Plaintiffs Smith and Williams.*

*197. More than half of the MA disability decisions issued 9/1/05 through 11/30/07 in which the hearing officer gave controlling weight to a treating source opinion were unfavorable.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*198. DHS hearing officers explicitly credited or gave great (but not controlling) weight to treating or examining source opinion in no more than 150 MA disability decisions issued 9/1/05 through 11/30/07.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*199. More than 2/3 of the MA disability decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly credited or gave great (but not controlling) weight to treating or examining source opinion were unfavorable.*

*<u>RESPONSE</u>: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*200. When deciding whether treating source opinion is due controlling weight, DHS hearing officers typically do not make a finding on whether it is "well supported by medically-acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with other substantial evidence" in the record.*

*<u>RESPONSE</u>: Objection to the term "typically" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; it is overly broad as there is no prescribed time frame, and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868*

*and 07-1507. Defendants deny Paragraph 200 as it pertains to Plaintiffs Williams and Smith.*

*201. In the majority of MA disability hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer gave controlling weight to a treating or examining source opinion, s/he did so without having made the finding described in the preceding Admission.*

*RESPONSE: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*202. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer does not say whether or not she accepts or rejects treating or examining source opinion or identify what weight it was due or given.*

*RESPONSE: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*203. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the record contains one or more MA-63 forms, but the hearing officer does not discuss what they say or say whether they were credited or rejected.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records.*

*Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 203 as it pertains to Plaintiffs Smith and Williams.*

*204. DHS issued at least 5 MA disability hearing decisions in 2007 in which both the MART and hearing officer found no impairments severe at Step 2, and there was at least one MA-63 form in the record, but the hearing officer didn't identify what a medical source who completed an MA-63 reported as to functional limitations.*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 204 as it pertains to Plaintiffs Smith and Williams.*

*205. In DHS Dkt. 07-724, both the MART and the hearing officer found no impairments severe at Step 2; there were at least 2 MA-63s in the hearing record, but the hearing officer didn't identify what the sources reported on the functional assessment portion of the MA-63.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-724 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-724 would have to be independently reviewed, and the decision speaks for itself.*

*206. In a decision issued in 2007, DHS Dkt. 07-1369, the hearing officer:*

*(a) discounted the opinion of the current treating neurologist set out in a questionnaire about pain and fatigue caused by Parkinson's disease, without identifying what the doctor reported and without identifying the doctor as a neurologist or specialist;*
*(b) gave controlling weight to the portion of the opinion of the former treating doctor, whom the hearing officer identified as a neurologist, related to physical limitations, but rejected the same doctor's opinion about mental limitations, on grounds the latter opinion was "outdated and unsupported" by objective evidence, even though both opinions were set out in the same MA-63 form.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1369 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of*

*DHS Dkt 07-1369 would have to be independently reviewed, and the decision speaks for itself.*

*207. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer determines weight by reference to whether it is "reasonable", "plausible", and/or "credible."*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 207 as it pertains to Plaintiffs Smith and Williams.*

*208. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer rejected the only treating and/or examining source RFC opinion of record, and cited no medical source opinion in support of his/her RFC determination.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 203 as it pertains to Plaintiff Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record.*

*209. In a favorable decision issued in 2006, DHS Dkt. 06-907, the hearing officer said she would give "appropriate weight" to a treating physician opinion because it was "valid", "uncontroverted," supported by objective evidence, and "credible."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-907 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as*

*they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-782.*

*210. In an unfavorable decision issued in 2006, DHS Dkt. 06-100, the hearing officer credited, without explanation except to says it was "not at all unreasonable", the opinion of a treating or examining source that claimant could sit 6 hours out of 8 and walk or stand 2 hours out of 8, and accepted the opinion from another source that the hearing officer said showed "moderate" mental limitations.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-100 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-100 would have to be independently reviewed, and the decision speaks for itself.*

*211. In the majority of MA disability hearing decisions issued 9/1/05 on, in which the hearing officer rejected or discounted medical source opinion, s/he did so on grounds that the extent of limitations reported were not documented by objective evidence.*

*RESPONSE: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507..*

*212. DHS has issued multiple MA disability hearing decisions in which the hearing officer determined weight due treating source opinion by reference to whether it is "consistent" or "fully consistent" with "other" evidence of record.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in*

*the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 212 as it pertains to Plaintiffs Smith and Williams.*

*213. In at least 130 MA disability hearing decisions issued 9/1/05 on, the hearing officer rejected the only treating and examining medical source functional capacities assessment, and went on to find impairments not severe.*

*RESPONSE: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 212 as it pertains to Plaintiffs Smith and Williams.*

*214. In the decision in DHS Dkt. 06-1874, issued in 2007, the hearing officer:*

*(a) rejected the treating orthopedist's opinion that claimant had certain limitations in walking and standing, citing lack of objective exam evidence to establish gait difficulties or a need for an assistive device; and*
*(b) did not identify the foregoing doctor as an orthopedist or specialist, or say how long or how frequently he had examined or treated claimant;*
*(c) gave controlling weight to the same orthopedist's opinion that claimant could sit 4 hours out of 8, on grounds it was uncontradicted.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1874 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1874 would have to be independently reviewed, and the decision speaks for itself.*

*215. In DHS Dkt. 05-713, an unfavorable decision, the hearing officer gave controlling weight to the treating source opinion on grounds the evidence as a whole supported it.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-713 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-713 would have to be independently reviewed, and the decision speaks for itself.*

*216. In DHS Dkt. 05-1761 and 06-15, unfavorable decisions, the hearing officer(s) gave controlling weight to treating source opinion about functional capacities on grounds it was "reasonable" and "consistent" with the evidence.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Dockets 05-1761 and 06-15 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkts.. 05-1761 and 06-15 would have to be independently reviewed, and the decision speaks for itself.*

*217. In DHS Dkt. 05-1441, a favorable decision, the hearing officer gave controlling weight to treating source opinion on grounds it was "valid"; his opinion as specialist was "credible" and "logically consistent" with known evidence; and in the absence of contradictory opinion is given "substantial weight".*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1441 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1441 would have to be independently reviewed, and the decision speaks for itself.*

*218. In a decision issued in 2007, DHS Dkt. 07-374, the hearing officer rejected medical opinion about physical limitations as "rather extreme", and, citing no medical source opinion in support, went on to find it "reasonable" based on the "current record" to restrict claimant to sedentary work.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-374 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-374 would have to be independently reviewed, and the decision speaks for itself.*

*219. In DHS Dkt. 06-472, a favorable decision, the hearing officer rejected a treating source's opinion on functional capacity because it predated physical therapy and was "likely more restrictive than necessary" and, citing claimant's description of his activities, found it not "fully supported" by the record.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-472 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-472 would have to be independently reviewed, and the decision speaks for itself.*

*220. In DHS Dkt. 05-1887, an unfavorable decision, the hearing officer said:*

*(a) that a treating source opinion was not due controlling weight because the reported limitations were "very restrictive" and "somewhat in contrast" to a note in the record that claimant could "likely" sustain sedentary work; not supported by a large amount of objective detail in his own records; and inconsistent with physical therapy records showing improvement;*
*(b) that she would create a "more reasonable" RFC.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1887 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1887 would have to be independently reviewed, and the decision speaks for itself.*

*222. In DHS Dkt. 05-296, the hearing officer rejected the treating orthopedist's opinion about intractable pain and physical limitations, post-laminectomy:*

*(a) without identifying him as an orthopedist;*
*(b) on grounds that it was difficult to find "full support" in the record for it, and wasn't "wholly consistent" with the objective evidence, and was "extreme" and an "overstatement".*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-296 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-100 would have to be independently reviewed, and the decision speaks for itself.*

*223. In DHS Dkt. 06-540, the hearing officer accepted treating source opinion about physical limitations resulting from osteoarthritis of the knees, except for the sitting limitations, finding "no factual basis" in the record for them and saying that the doctor's opinion was "not intended to be taken literally."*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-540 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-540 would have to be independently reviewed, and the decision speaks for itself.*

*224. In DHS Dkt. 06-590, the hearing officer rejected long-term treating physician opinion about mental limitations on grounds it was "overly restrictive," "not entirely supported" by the doctor's own records, and not a "valid predictor", given that the doctor's own notes show claimant to be stable or doing well.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-590 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of*

*DHS Dkt 06-590 would have to be independently reviewed, and the decision speaks for itself.*

*225. In DHS Dkt. 05-1050, the hearing officer said that the treating doctor's opinion was not due controlling weight because it wasn't "fully supported" by objective evidence of the severity of claimant's fibromyalgic and pain.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1050 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1050 would have to be independently reviewed, and the decision speaks for itself.*

*226. In DHS Dkt. 05-1378 the hearing officer rejected treating physician opinion about physical limitations on grounds it "might not" accurately reflect current ability and isn't "totally consistent" with the record.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1378 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1378 would have to be independently reviewed, and the decision speaks for itself.*

*227. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer fails to identify how many times a source examined claimant and over how long a time.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as Paragraph 227 pertains to Plaintiffs Smith and Williams.*

*228. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer discounts a medical source opinion on grounds it was provided after only one exam, or because the provider isn't a treating source, without going on to assess and make findings on weight due under the factors set out in 20 C.F.R. § 416.927(d)(2).*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the*

*discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as Paragraph 227 pertains to Plaintiffs Smith and Williams.*

*229. In multiple MA disability hearing decision, including those in DHS Dkt. 05-555 and 05-1342, the hearing officer(s) credited the opinions of medical sources without identifying the sources as having examined claimant only once.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*230. In DHS Dkt. 05-1608, an unfavorable decision, the hearing officer rejected the opinion of a one-time consultative examiner on grounds that a one-time DDU consultative evaluation cannot by itself be a measure of function.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1608 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1608 would have to be independently reviewed, and the decision speaks for itself.*

*231. In DHS Dkt. 06-414, the hearing officer rejected the opinion of a doctor because he was not a treating source, and went on to accept the opinion of a one-time consultative examiner.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-414 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-414 would have to be independently reviewed, and the decision speaks for itself.*

*232. In DHS Dkt. 06-1007, a case of medically-documented diabetes, neuropathy, leg pain, cardiac problems, and cataracts, the hearing officer rejected treating physician opinion about walking and standing limitations because it predated cataract surgery and was made only two weeks after insulin started.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1007 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1007 would have to be independently reviewed, and the decision speaks for itself.*

*233. In DHS Dkt. 06-1540 the hearing officer rejected a treating or examining doctor's assessment of functional capacity of a heart disease patient on grounds it was made during a hospitalization for acute cardiac and renal illness and so was irrelevant to post-discharge condition; s/he did not make a finding on whether the doctor was a treating or examining source, how often he had examined claimant, or over what period of time.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1540 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1540 would have to be independently reviewed, and the decision speaks for itself.*

*234. DHS has issued multiple MA disability hearing decisions in which the hearing officer rejected a treating source's MA-63 functional capacities assessment on grounds there was no exam (or exam notes) on that date, or on grounds the exam notes for the dates closest to date of the MA-63 didn't fully support the extent of limitations reported.*

*RESPONSE: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*235. In DHS Dkt. 06-1463, a case of medically documented deep vein thrombosis and diabetes, and decreased sensation of lower extremity, the hearing officer rejected treating physician opinion about physical limitations because on the date he'd signed the MA-63, the doctor had found an ulcer on the patient's leg and so his assessment "would*

*be expected to reflect" that fact, and because no objective exam documented difficulty ambulating or other physical abnormalities.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1463 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1463 would have to be independently reviewed, and the decision speaks for itself.*

*238. In DHS Dkt. 06-210, the hearing officer rejected a treating source opinion about physical limitations for lack of detailed exam notes to support it, but, without explanation, credited a one-time consultative examiner's opinion without finding that his report contained detailed exam notes to support it, and without explaining why, by reference to the factors of 20 C.F.R. 416.927(d)(2), the latter opinion was due more weight.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-210 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-210 would have to be independently reviewed, and the decision speaks for itself.*

*239. In DHS Dkt. 05-910, the hearing officer credited treating source opinion about functional restrictions which she said were "approximately equivalent" to light work, saying that "since the treating source offers some physical restrictions, it is logical to accept his opinion on this matter" and found him "presumed capable" of light work.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-910 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-910 would have to be independently reviewed, and the decision speaks for itself.*

*240. DHS has issued multiple unfavorable MA disability hearing decisions in which the hearing officer gives great or controlling weight to statements of medical sources on issues reserved to the Commissioner under 20 C.F.R. §416.927(e), without discussion of the factors set out in 20 C.F.R. 416.927(d).*

*<u>RESPONSE</u>: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the*

*administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

*241. In DHS Dkt. 06-1840, issued in 2007, there was an MA-63 in the record completed by a treating source; without identifying what specific functional limitations the doctor reported on the form, the hearing officer credited the doctor's statement that restrictions are most likely sedentary in nature.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1840 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1840 would have to be independently reviewed, and the decision speaks for itself.*

*242. In DHS Dkt. 06-14, the hearing officer found a long-term doctor's opinion about specific physical/mental limitations contradicted by a note in the same doctor's record that claimant could "probably" do some "qualified intellectual jobs."*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-14 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-14 would have to be independently reviewed, and the decision speaks for itself.*

*243. In DHS Dkt. 07-152, issued in 2007, medical evidence documented chronic fatigue syndrome, foot neuroma, and mental impairments, and the hearing officer rejected the treating physician's opinion about specific physical limitations, finding it "contradicted" by the same doctor's note that uncontrolled depression is the main reason claimant should qualify for disability.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-152 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-152 would have to be independently reviewed, and the decision speaks for itself.*

*244. In DHS Dkt. 05-1345, the hearing officer gave great weight to a note in a treating exam record that he didn't consider patient disabled and there were lots of jobs he could do "off his feet", while rejecting a more recent specialist's opinion based upon medically acceptable clinical and laboratory diagnostic techniques, on grounds the limits on it were "quite extreme" and not supported by exams.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1345 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of*

*DHS Dkt 05-1345 would have to be independently reviewed, and the decision speaks for itself.*

*245. DHS issued at least two MA disability hearing decisions 9/1/05-11/30/07 in which the record contained progress and treatment notes from a psychiatric provider showing treatment over the course of at least ten months, but the hearing officer discounted the psychiatric treating provider's opinion about limitations because treating was less than one year and "such short term information" cannot be used exclusively to establish impairments.*

*RESPONSE: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 91//05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 245 as it pertains to Plaintiffs Smith and Williams.*

*246. In DHS Dkt. 06-323, the record contained various medical reports of examinations and treatment, including a report of Stage II liver failure, and the hearing officer found no impairments severe, having rejected:*

*(a) the treating oncologist's statement that claimant was disabled and couldn't work due to leukemia and cardiopulmonary problems with associated persistent fatigue; and*
*(b) the statement of the treating primary care physician that claimant was too disabled to work.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-323 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-323 would have to be independently reviewed, and the decision speaks for itself.*

*247. The only medical source opinion in the record of DHS Dkt. 06-323 finding impairments not disabling, or not severe, was the MART's, but the hearing officer did not cite that opinion in support of his/her finding.*

*RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-323 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-323 would have to be independently reviewed, and the decision speaks for itself.*

*248. In DHS Dkt. 05-864, claimant had neurogenic leg pain, history of gunshot wound to the leg, major depressive disorder and PTSD, and the hearing officer:*

*(a) rejected one treating physician opinion about physical limitations for lack of objective testing showing extent of those limitations and a lack of documentation of physical abnormality of the leg;*
*(b) rejected the treating or examining psychiatrist's opinion about mental limitations, along with the GAF score of 45-55, because the patient later dropped out of treatment and so the record was inadequate;*
*(c) rejected the one-time consultative examiner's opinion that the GAF was 40, which the hearing officer found similar to or consistent with the opinions and findings of the treating or examining psychiatrist's opinion, on grounds the patient hadn't admitted his alcohol problem to the examiner, a fact which "effectively compromises the overall credibility of the report."*
*(d) held that the only evidence on "true functional status" came from claimant's self-report.*

*<u>RESPONSE</u>: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-864 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-864 would have to be independently reviewed, and the decision speaks for itself.*

*249. DHS issued multiple MA disability hearing decisions in 2007 in which the hearing officer found the durational standard not satisfied, and:*

*(a) there was at least one MA-63 form in the record;*
*(b) the hearing officer didn't identify the source's opinion as to expected duration;*
*(c) the hearing officer didn't cite any medical source opinion in support of the durational finding.*

*<u>RESPONSE</u>: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 249 as it pertains to Plaintiffs Smith and Williams.*

*250. In the majority of the decisions described in the foregoing Admission, the MART had also found the duration standard not satisfied.*

*<u>RESPONSE</u>: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.*

For the reasons set out in Plaintiffs' Memorandum, the above objections lack merit. "Multiple", "typically," and "majority" are not vague or ambiguous. Plaintiffs' suit is not an "appeal." The requests are not overly broad.

**<u>INTERROGATORIES</u>**

*#3. Describe the precise roles the MART serves at the agency hearing level, excluding the role of presenting DHS' case at hearing.*

*<u>Response</u>: Objection to the interrogatory as to the term "precise roles" is vague and ambiguous. Without waiving said objection, the MART reviews evaluates, assesses and processes applications for MA eligibility; at the agency hearing level, the MART provides a presentation of the facts reviewed in a particular client's case, and testifies as to why they did not meet the MA requirements, answers questions posed by the hearing officer, the claimant or their legal counsel and asks questions of the claimant. They review the testimony and additional records presented at the hearing; as well as any additional medical evidence received while the record of hearing was held open (if applicable) and provide an e-mail response to the hearing officer as to whether there is sufficient evidence at that point to reverse the decision. If there is not sufficient evidence to reverse the decision the e-mail usually includes a summary of the records received, and a brief summary of their contents in relationship to the decision remaining unchanged. The e-mail is also [provided to the claimant with a letter.*

'Precise roles' is not vague and ambiguous. The court should order DHS to answer this Interrogatory in full, identifying all specific roles the MART and its members play at the hearing level, or be barred from presenting evidence at trial beyond the general information provided in this response.

*#4. DHS Manual §352.15.20 provides that the MART is responsible for "issui[ing] a decision on whether the applicant meets the criteria for disability based on the evidence submitted." State whether it is Defendants' position that this regulations gives the MART a role in the determination of disability not only at the initial determination level, but also at the agency hearing level.*

*Response: At the agency hearing level, the MART provides a presentation of the facts reviewed in a particular client's case, and testifies as to why they did not meet the MA requirements. They review the testimony and additional records presented at the hearing; as well as any additional medical evidence received while the record of hearing was held open (if applicable) and provide an e-mail response to the hearing officer as to whether there is sufficient evidence at that point to reverse the decision. If there is not sufficient evidence to reverse the decision the e-mail usually includes a summary of the records received, and a brief summary of their contents in relationship to the decision remaining unchanged.*

DHS failed to answer this Interrogatory, which seeks information about DHS' legal position. Instead of responding, DHS merely repeated the response it gave to the preceding interrogatory.

*#7. If Defendants deny Admission 13(a), identify by DHS Docket numbers all favorable MA disability hearing decisions issued 9/1/05 through 11/30/07 and state the total number of MA disability hearing decisions issued in that period.*

*Response: Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile.*

Together, Admission 13(a) and this Interrogatory seek to have DHS admit that from 9/1/05 through 11/30/07, it issued about 368 MA disability hearing decisions, about 28 of which were favorable and about 340 of which were unfavorable -or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal."

*8. If defendants deny Admission #44, identify by DHS Docket numbers all MA disability hearing decisions upon which Defendants rely in support of denial.*

*Response: Same as response to Interrogatory 7.*

Together, Admission 44 and Interrogatory 8 seek to have DHS admit that 99% of its hearing decisions issued 9/1/05 through 12/31/07 describe the Step 2 severity standard as requiring a determination of whether impairments "prevent" performance of one or more basic work activities - or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an appeal.

*9. If Defendants deny Request for Admission #83, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/01 through the date these Interrogatories are served in which the hearing officer specifies the legal standard applicable to assessing pain and symptoms for purposes of MA.*

*<u>Response</u>: Same as Response to Interrogatory 7.*

Together, Request for Admission 83 and this Interrogatory seek to have DHS admit that in none, or virtually none, of the MA disability decisions issued 9/1/05 through 12/31/07 does the hearing officer identify the legal standards applicable to assessment or pain and symptoms – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal."

*#10. Identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/01 through the date these interrogatories are served in which the hearing officer specifies what legal standard is applicable to determining weight due "medical opinions", as defined in 20 C.F.R. 416.927(a)(2).*

*<u>Response</u>: Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.*

9/1/01 is a typo; it should be "9/1/05". For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*11. If Defendants deny Plaintiffs' Request for Admission #85, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/01 through date these interrogatories are served in which the hearing officer made an initial finding on whether or not medical signs or laboratory findings show a medically-determinable impairment which could reasonably be expected to produce pain or symptoms.*

*Response: Same as Response to Interrogatory 10.*

Together, Admission #85 and this Interrogatory seek to have DHS admit that DHS has issued multiple hearing decisions 9/1/05 on, in which claimant or a medical source reported pain or symptoms, and the hearing officer failed to make either the initial or subsequent findings required by 20 C.F.R. §416.929 – or prove otherwise. for the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*12. If Defendants deny Plaintiffs' Request for Admission #87, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer credited third party lay testimony about pain and/or symptoms.*

*Response: Same as Response to Interrogatory 10.*

Together, Request for Admission 87 and this Interrogatory seek to have DHS admit that DHS hearing officers typically do not credit third party lay testimony about pain/symptoms – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*13. If Defendants deny Request for Admission #109, identify by DHS Docket numbers all DHS hearing decisions issued 9/1/01 through date these Interrogatories are served in which the hearing officer found that the existence of a mental impairment had been shown by medically-acceptable clinical diagnostic techniques, despit the fact that there were no psychiatric evaluations, psychological test results, IQ testing or other objective psychiatric test results in the hearing record.*

*Response: Same as response to Interrogatory 10.*

Together, Request for Admission 109 and this Interrogatory seek to have DHS admit that it has issued multiple decisions 9/1/05 on, in which hearing officers discount mental impairments and/or reject treating source opinion about mental impairments and resultant limitations for lack of a psychiatric evaluation, psychological, or other objective testing – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*14. If Defendants deny Plaintiffs' Request for Admission #113, identify by DHS Docket number all MA disability hearing decisions issued 9/1/05 through date the Complaint was served in which the hearing officer considered at Step 3, 4, or 5 medical impairments which s/he had previously found not severe at Step 2.*

*Response: Same as response to Interrogatory 10.*

Together, Admission 113 and this Interrogatory seek to have DHS admit that at least through the date plaintiffs served their Complaint, it considered at Steps 3, 4, or 5 only those impairments which had been found severe at Step 2 – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*15. If Defendants deny Plaintiffs' Request for Admission #114, identify by DHS Docket numbers all DHS hearing decisions issued 9/1/01* through date these Interrogatories are served in which the hearing officer found that impairments did not meet one or more SSI Listings of impairment, but went on to determine whether or not impairments, in combination, were medically equivalent to one or more SSI Listings.*

*Response: Same as Response to Interrogatory 10.*

Together, Admission 114 and this Interrogatory seek to have DHS admit that hearing officers typically consider each impairment singly, not in combination, at Step 3 – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*16. If Defendants deny Admission #144, identify all MA disability hearing decisions in which the hearing officer suggested or found that claimant had been noncompliant with recommended treatment, but explicitly considered whether claimant had good cause for failing to follow recommended treatment.*

*Response: Same as response to Interrogatory 10.*

Together, Admission 144 and this Interrogatory seek to have DHS admit that in no hearing decision in which a hearing officer suggests noncompliance with recommended treatment does s/he consider "good cause" – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*17. If Defendants deny Plaintiffs' Request for Admission #166, identify by DHS Docket number all MA disability hearing decisions issued 9/1/01* through 11/30/07 in which the hearing officer expressly cited a MART finding or opinion in support of a hearing officer's finding or conclusion.*

*Response: Same as response to Interrogatory 10.*

Together, Admission #166 and this Interrogatory seek to admit that, with the exception of DHS Docket 07-782, DHS hearing officers never cited a MART finding or opinion in support of any hearing decision issued 9/1/05 through 11/30/07 – or prove otherwise. For the reasons set out in Plaintiffs'

Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*18. If Defendants deny Plaintiffs' Request for Admission #167, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer identified the weight s/he gave to MART finding or opinion.*

*Response: Same as Response to Interrogatory 10.*

Together, Admission 167 and this Interrogatory seek to have DHS admit that in no decision issued 9/1/05 through date discovery was served did a hearing officer identify the weight given to a MART finding or opinion – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*19. If Defendants deny Plaintiffs' Request for Admission #196, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly gave controlling weight to a treating source opinion.*

*Response: Same as response to Interrogatory 10.*

Together, Admission 196 and this Interrogatory seek to have DHS admit that DHS hearing officers gave controlling weight to treating source opinion in fewer than 15 decisions issued 9/1/05 through 11/30/07 – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*20. If Defendants deny Plaintiffs' Request for Admission #199, identify by DHS Docket numbers all MA hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly credited or explicitly gave great (but not controlling) weight to treating or examining source opinion.*

*Response: Same as response to Interrogatory 10.*

Together, Admission #199 and this Interrogatory seek to have DHS admit that more than 2/3 of the hearing decisions issued 9/1/05 through 11/30/07 in

which hearing officers gave great weight to treating/examining source opinion, the decisions were unfavorable – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

*21. If Defendants deny Plaintiffs' Request for Admission #200, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer made a finding on whether treating source opinion is "well supported by medically-acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with other substantial evidence" in the record.*

*Response: Same as response to Interrogatory 10.*

Together, Admission 200 and this Interrogatory seek to have DHS admit that DHS hearing officers typically do not make findings on the standards of 20 C.F.R. §416.927(d) – or prove otherwise. For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. Plaintiffs' suit is not an "appeal." The request is not overly broad.

**Request for Production of Documents**

*#3. All documents related to the determination of MA disability at the MART and/or agency hearing levels.*

*Response: Objection, this request is overly broad and unduly burdensome and not likely to lead to the discovery of admissible evidence at trial. This request fails to set forth a specific time frame and could include every piece of document contained in individual claimant's applications for Medical Assistance and any administrative hearing file. Without waiving said objection, copies of the applicable DHS forms are produced herewith in Exhibits A through H. Defendants further state that the following materials are related to the determination of MA disability at the MART and/or agency hearing levels and are found on-line:*

*A. Disability Evaluations under Social Security (Blue Book);*
*B. U.S. Department of Labor – Dictionary of Occupational titles;*
*C. U.S. Code of Federal Regulations; and*
*D. Social Security Administration-Programs Operational Manual System (POMS).*

*Additionally, the Defendants possess copies of the Rhode Island disability Determination Services Training materials, which include approximately two binders and approximately six training tapes. Defendants will make copies of these materials available at DHS' offices during business hours for Plaintiffs' counsel's review.*

*#4. All documents related to the standard of review at MA disability hearings; weight due MART findings, opinions, or determinations; the role of the MART at agency hearing level; and/or post-hearing review by the MART.*

*Response: Objection, this request is overly broad and unduly burdensome and not likely to lead to the discovery of admissible evidence at trial. This request fails to set forth a specific time frame and could include every piece of document contains in individual claimant's applications for Medical Assistance and any administrative hearing file and decision. Without waiving said objection, Defendants state that the standard of Review utilized by the DHS hearing officers is governed primarily by federal (social security) regulations. The Defendants further state that the standard of Review utilized by the DHS Hearing Officers is also governed by Rhode Island State Superior Court decisions that interpret applicable state and federal law.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. The request is not overly broad. Although no time frame is mentioned, plaintiffs seek documents in effect 9/1/05 or later. Plaintiffs do not seek individual hearing decisions or evidence in individuals' files. The requests are reasonably calculated to lead to discovery of admissible evidence regarding one or more claims or defenses. If DHS has no documents other than those it has identified in answer to Request #3, it has not said so, and thus its answer is inadequate. Moreover, while apparently relying on certain documents in answer to Request #4, it has failed to produce or identify them.

*#6. Any and all documents indicating the number of cases in 2007 in which, after having found an MA applicant not disabled, DHS subsequently found the applicant disabled for purposes of MA as a direct consequence of applicant's being found disabled by Social Security.*

*Response: Objection, this request is overly broad and unduly burdensome, not likely to lead to the discovery of admissible evidence at trial and seeks documents protected by the work produce and attorney client privilege. Solely for purposes of*

*identication: email and spreadsheet from Dianne Kayala to Attorney Deborah Buffi, Attorney Jacqueline Kelley, Frank Spinelli and Julie Hopkins.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. This response is inadequate under Rule 26(b)(5) in failing to contain sufficient detail to allow plaintiffs to assess the applicability of the alleged privilege or work-product claim. There is no information as to the data tracked or subject matter of the documents. Moreover, to the extent the documents or spreadsheet data involved statistical or other information about DHS' own hearing decisions, it would be relevant to DHS' claim that reviewing its own hearing decisions would be unduly burdensome.

*#7. All documents provided to or from the federal Centers for Medicare and Medicaid Services related to determination of disability for MA at the initial determination level and/or agency hearing level, including documents related to the standard of review and/or role of the MART at agency hearing level.*

*Response: Objection, this request is overly broad, unduly burdensome to compile, and not likely to lead to the discovery of admissible evidence at trial. This request fails to set forth a specific time frame.*

For the reasons set out in Plaintiffs' Memorandum, the objections lack merit. The request is not overly broad, and is reasonably calculated to lead to discovery of admissible evidence about DHS' policies and practices and whether they comply with federal law.

WHEREFORE, plaintiffs move this court to:

1. Grant their motion, overrule objections, and issue an order compelling Defendants to answer Requests for Admission 2, 4, 12-19, 22-28, 31-42, 44-67, 69-73, 75-83, 85-86, 88-107, 109, 111, 115-119, 122, 136-145, 157-166, 168-186, 191-193, 195-220, 222-235, 238-250; to answer

Interrogatories 3, 4, 7-21; and to answer and produce requested documents in response to Request for Production #3, 4, 6, and 7; and

2. Grant such other relief as the Court deems just.

Plaintiffs
By their attorneys

/s/Gretchen Bath_____
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
401-274-2652 x132
FAX: 453-0310
gbath@rils.org

Sarah Somers, Pro Hac Vice
National Health Law Program
211 N. Columbia St.
Chapel Hill NC 27516
919-968-6308
FAX: 919-968-8855
somers@healthlaw.org

CERTIFICATION

I certify that I conferred or attempted to confer with Defendants in order to try to resolve the foregoing issues without court action, by faxing counsel of record a detailed outline of the problems, indicating intent to file necessary motions if they could not be resolved by May 5th.

/s/Gretchen Bath
Gretchen Bath