**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH** | : | |
| | : | **C.A. No. 07-416** |
| **v.** | : | |
| | : | |
| **LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Department of Human Services** | : | |

**DEFENDANTS' OBJECTION TO BRENDA FIGUEROA'S MOTION TO INTERVENE**

Now come the Defendants and object to Brenda Figueroa's Motion to Intervene in this case. The Defendants submit that Ms. Figueroa's Motion fails to satisfy the requirements of Fed. R. Civ. P 24(b) and pray that the Motion is denied.

Respectfully Submitted,
DEFENDANTS
By their Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 16th day of May 2008 to the attorney(s) of record listed below:

**Attorney Gretchen M. Bath**
gbath@rils.org

/s/ Brenda D. Baum

**CERTIFICATION**

I hereby certify that I have mailed, the foregoing document on this 16th of May 2008 to the attorney(s) of record listed below:

**Attorney Sarah Somers**
National Health Law Program
211 North Columbia St
Chapel Hill, NC 27516

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH** | : | |
| | : | **C.A. No. 07-416** |
| **v.** | : | |
| **LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Department of Human Services** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO BRENDA FIGUEROA'S MOTION TO INTERVENE**

## I. INTRODUCTION

On May 2, 2008, almost five months after the filing of Plaintiffs' Amended Complaint, Brenda Figueroa's seeks this Honorable Court's permission to intervene in this lawsuit. Defendants' submit that the intervention is untimely and will unduly delay or prejudice the adjudication of the original parties' rights.

## I. TRAVEL OF THE CASE

On November 16, 2007 Plaintiffs David Williams, Mark Wolenc, Patricia Wellhausen and Erica Smith filed the instant lawsuit. *See* Complaint [Document 1]. On or about December 11, 2007, the four Plaintiffs filed an Amended Complaint. *See* Amended Complaint [Document 9]. Defendants filed their Answer on December 24, 2007. *See* Answer [Document 11]. On January 4, 2008 Judge Smith issued a Pretrial Order which closed all factual discovery on June 3, 2008 and ordered that dispositive motions be filed by June 30, 2008. *See* Pre-trial Order [Document 16]. Anticipating that Ms. Figueroa's Motion would be granted, Plaintiffs included



PDF created with pdfFactory trial version www.pdffactory.com

two (2) requests specifically naming Ms. Figueroa in their Second Requests for Admissions to Defendants.

## **II. Argument**

Brenda Figueroa asks this Court's permission to intervene in this lawsuit under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b), entitled "Permissive Intervention" provides, in pertinent part:

> Rule 24. Intervention
> (b) Permissive Intervention.
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> ****
> (2) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' right.

Ms. Figueroa alleges that her claims share questions of fact and law with those raised by the Plaintiffs. Specifically, Ms. Figueroa alleges that:

> Like plaintiffs, she applied for MA, was found not disabled, and requested an agency hearing. Like plaintiffs, she admitted evidence from treating physicians in support of her claim. And like each of the four plaintiffs, she was found not disabled at Step 2 by the MART on grounds impairments were not severe.

Defendants disagree. Plaintiffs and Ms. Figueroa all did apply for Medical Assistance; however, that is where the similarities essentially end. The Plaintiffs and Ms. Figueroa all submitted different information and medical evidence in support of their individual applications for Medical Assistance. The medical evidence submitted is factually specific to each individual and the Department of Human Service's Medical Assistance Review Team (hereinafter "MART") independently reviewed each Plaintiff's case as well as Ms. Figueroa's to determine whether the



PDF created with pdfFactory trial version www.pdffactory.com

specific applicant had demonstrated that they were "disabled" for purposes of Medical Assistance. Admittedly the MART initially determined that each named Plaintiff and Ms. Figueroa had not demonstrated that they were "disabled" for purposes of Medical Assistance; however, the denial was based on the applicant's specific medical evidence. To demonstrate the individualized assessment conducted on each case one needs only look to the named Plaintiffs. Despite an initial denial by the MART, Plaintiffs Wolenc and Wellhausen submitted to DHS additional medical evidence from their individual health care providers before their administrative appeals hearing. The MART reviewed the documents and found that the additional medical evidence demonstrated that the individuals were "disabled". Ms. Figueroa inappropriately paints this case with a broad brush when she claims that common questions of law and fact exists which support intervention under Rule 25(b). Each applicant's case for Medical Assistance and the eligibility decisions made are factually specific.

In order to support a motion for intervention, Ms. Figueroa must also satisfy the "timeliness" and "prejudice" requirements set forth in Rule 24 (b)(3). Specifically, when "exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The First Circuit has found that "Rule 24's timeliness requirement is of great importance." Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d1227, 1230 (1st Cir. 1992). Although there is no "bright-line rule" to measure timeliness, a "highly relevant" factor to consider is the status of the case when intervention is sought. Banco Popular, 964 F.2d at 1230-1231. "The more advanced the litigation, the more searching the scrutiny which the motion must withstand." Id. at 1231. The First Circuit has enunciated "four factors – all of which are informed to some degree by the case's posture – must be considered in ruling on the timeliness of a motion to intervene: (1) the



PDF created with pdfFactory trial version www.pdffactory.com

length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to existing parties if intervention is granted; (3) the foreseeable prejudice to the applicant if intervention is denied; and (4) idiocractic circumstances which, fairly viewed, militate for or against intervention." Id.

In response to this four-part inquiry, Defendants submit that the motion to intervene was filed with only one month left in the discovery phase, which closes on June 3, 2008. Thus, by the very terms of the pretrial order Defendants would have virtually no time to conduct discovery as to Ms. Figueroa and her claims if her motion is granted. This lack of discovery is prejudicial to the Defendants. The Defendants submit that a denial of the instant motion will not cause forcible prejudice to Ms. Figueroa. Ms. Figueroa acknowledges that she has appealed the MART's denial of her M.A. application. Ms. Figueroa will have an administrative appeals hearing before a hearing officer. The hearing is conducted de novo. Ms. Figueroa, if she requests, would be permitted to submit new and additional medical records in support of her claim. If Ms. Figueroa believes she is aggrieved by the hearing officer's decision, she is afforded an appeal to the Rhode Island Superior Court under Rhode Island's Administrative Procedures Act, R.I. Gen. Laws §45-35-1 et seq. Lastly, the Defendants submit that the "idiocratic circumstances" compel denial of Ms. Figueroa's motion. The lawsuit by the four Plaintiffs is barred, for among other basis, for failure to exhaust their administrative remedies, waiver, laches, mootness, the Rooker-Feldman abstention doctrine and failure to state a claim upon which relief can be granted. Ms. Figueroa's claims would be similarly barred. The features of this case and the viability of the claims supports denial of Ms. Figueroa's Motion to Intervene.



PDF created with pdfFactory trial version www.pdffactory.com

Based on the foregoing, Ms. Figueroa has failed to demonstrate that intervention will not unduly delay or prejudice the Defendants. Wherefore, Defendants pray that this Honorable Court exercise the discretion vested to it by Rule 24 and deny Ms. Figueroa's Motion to Intervene.

Respectfully Submitted,
DEFENDANTS
By their Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov



PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 16th day of May 2008 to the attorney(s) of record listed below:

**Attorney Gretchen M. Bath**
gbath@rils.org

/s/ Brenda D. Baum

**CERTIFICATION**

I hereby certify that I have mailed, the foregoing document on this 16th of May 2008 to the attorney(s) of record listed below:

**Attorney Sarah Somers**
National Health Law Program
211 North Columbia St
Chapel Hill, NC 27516

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com