IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID WILLIAMS, MARK WOLENC, )
PATRICIA WELLHAUSEN, & ERICA SMITH, )
)
Plaintiffs )
) C.A. No. 07-CV-00416-S-LDA
v. )
)
LEE GROSSI, in his official capacity as )
Acting Secretary of R.I. Executive )
Office of Health & Human Services, )
and GARY ALEXANDER, in his official )
capacity as Director of R.I. Dept. of )
Human Services, )
Defendants )

**MOTION TO INTERVENE**

Pursuant to Rule 24(b), Brenda Figueroa moves to intervene in this action, submitting a Memorandum in support, along with a pleading setting forth the claims for which intervention is sought.

She applied for Medical Assistance on grounds of disability, and Defendants denied her application on or about April 23, 2008. The Medical Assistance Review Team found her impairments not severe at Step 2, as it had for each of the other four plaintiffs in this suit. Her claims have questions of law in common with those raised by this action, including whether Defendants systematically apply an unlawfully stringent severity test at Step 2, and whether they evaluate medical opinion evidence in accordance with the 'treating physician rule' and standards set out in 20 C.F.R. 416.927(d)(2). Intervention will not unduly delay or prejudice adjudication of the rights of the original parties.

WHEREFORE, Brenda Figueroa moves this court to allow her to intervene in this action.

/s/ Gretchen Bath
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
401-274-2652 x132
FAX: 453-0310
gbath@rils.org

Sarah Somers, Pro hac vice
National Health Law Program
211 North Columbia St.
Chapel Hill NC 27516
Ph. 919-968-6771
FAX: 919-968-8855
somers@healthlaw.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH, Plaintiffs v. LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services, Defendants | C.A. No. 07-CV-00416-S-LDA |

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been filed electronically and that it is available for viewing and downloading, and that I served Defendants with a copy of Brenda Figueroa's Motion to Intervene, with her pleading and memorandum, by electronically mailing same to Brenda D. Baum, Asst. Attorney General, bbaum@riag.ri.gov and Deborah Buffi, DHS Legal Counsel, R.I. Dept. of Human Services, dbuffi@dhs.ri.gov on the 2nd, 15th, and 20th day of May, 2008.

/s/ Gretchen Bath

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH, Plaintiffs | ) | |
| v. | ) | C.A. No. 07-CV-00416-S-LDA |
| LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services, Defendants | ) | |

**PLEADING IN SUPPORT OF MOTION TO INTERVENE**

1. Brenda Figueroa is an adult citizen and resident of Rhode Island living in Providence.

2. Ms. Figueroa applied to the Department of Human Services (DHS) for Medical Assistance, alleging disability. DHS received copies of Gateway Healthcare treatment notes and records of her treating psychiatrist and counselor for the period March 2007 through at least January 2008, as well as a February 2008 letter from Ms. Figueroa's long-term treating psychiatrist, who reported his belief that she was unable to work.

3. The evidence received by DHS showed that Ms. Figueroa's impairments had more than a minimal effect on her ability to perform basic work activities; no treating or examining physician controverted the diagnoses, findings, or opinions set out therein.

4. DHS' Medical Assistance Review Team (MART) reviewed the evidence and found Ms. Figueroa's impairments not severe; it documented its determination on an OMR-11 form signed by a MART R.N. on or about April 16, 2008.

5. DHS subsequently denied Ms. Figueroa's application. She appealed and is awaiting an agency hearing, which has not yet been scheduled.

6. Ms. Figueroa seeks to intervene in this action with respect to Plaintiffs' First, Second, and Third Claims for relief.

/s/ Gretchen Bath
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
(401) 274-2652 x132
FAX: 453-0310
gbath@rils.org

Sarah Somers, Pro Hac Vice
National Health Law Program
211 N. Columbia St.
Chapel Hill NC 27516
Tel: 919-968-6771
Fax: 919-968-8855
Somers@healthlaw.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH, Plaintiffs | ) | |
| v. | ) | C.A. No. 07-CV-00416-S-LDA |
| LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Dept. of Human Services, Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

This action was initially brought by four individuals who applied for, and were denied, Medical Assistance ("MA") benefits. They challenge certain policies and/or practices applied by Defendants when determining MA disability, both at initial application level (when disability is determined by DHS' Medical Assistance Review Team, or "MART") and at agency hearing level. The MA disability standard is identical to the SSI disability standard, and federal law requires Defendants to evaluate evidence of disability in MA cases in accordance with the SSI regulations at 20 C.F.R. §§ 416.901 through 416.998. 42 U.S.C. § 1396a(v), 42 C.F.R. § 541(d)(2).

Plaintiffs' claims are detailed in their Complaint. They claim that Defendants systematically fail to apply controlling federal law in multiple respects, including failure to adopt and apply the de minimis severity standard at Step 2, to determine disability sequentially, to evaluate medical opinion

evidence (including treating physician opinion) in accordance with the standards of 20 C.F.R. §416.927(d)(2). They also challenge the fairness of agency hearings, alleging that agency hearing officers give special, but unstated, weight to MART findings and do not review disability de novo.

Fed.R.Civ.P. 24(b) provides a mechanism for "permissive intervention" when applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion to grant or deny a motion for permissive intervention, the Court considers whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Brenda Figueroa seeks to intervene. Like plaintiffs, she applied for MA, was found not disabled, and requested an agency hearing. Like plaintiffs, she submitted evidence from treating physicians in support of her claim. And, like each of the four plaintiffs, she was found not disabled at Step 2 by the MART on grounds impairments were not severe. Her claims share questions of fact and law with those raised by plaintiffs. Moreover, allowing intervention will not delay or prejudice adjudication. The claims she raises are identical to those already raised by plaintiffs; they merely rose later. Ms. Figueroa's MA application was denied in April 2008, after the initial complaint was filed.

/s/ Gretchen Bath
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
(401) 274-2652 x132
FAX: (401) 453-0310
email: gbath@rils.org

/s/ Sarah Somers
Pro Hac Vice
National Health Law Program
211 North Columbia St.
Chapel Hill NC 27516
Tel: (919) 968-6771
FAX: (919) 968-8855
email: somers@healthlaw.org