# EXHIBIT A



PDF created with pdfFactory trial version www.pdffactory.com

**<u>Interrogatory 7.</u>** If Defendants deny Admission #13(a), identify by DHS Docket numbers all favorable MA disability hearing decisions issued 9/1/05 through 11/30/07 and state the total number of MA disability hearing decisions issued in that period.

**<u>Response:</u>** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile.

**<u>Admission 13.</u>** From 9/1/05 through 11/30/07:

(a) DHS hearing officers issued about 368 MA disability hearing decisions, about 28 of which were favorable and about 340 of which were unfavorable;

(b) MA disability hearing decisions were issued by hearing officers Gorman, Stanford, Rosenblum, DeStefano, Ouellette, and DiOrio.

(c) DHS issued about 592 non-MART hearing decisions, about a quarter of which were favorable to claimant.

***<u>RESPONSE</u>*****:** (a), (c) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Plaintiffs Smith and Williams received "unfavorable" decisions as is defined by Plaintiffs.
(b) The Defendants admit subsection (b) of Paragraph 13.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 8**. If Defendants deny Admission #44, identify by DHS Docket numbers all MA disability hearing decisions upon which Defendants rely in support of denial.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile.

**Admission 44.** 99% or more of the MA disability hearing decisions issued 9/1/05 through 2007 identify the Step 2 severity legal standard as requiring a determination of whether impairments are severe enough to "prevent him (her) from performing at least one basic work activity...."

***RESPONSE*:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through 12/31/07 would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 9.** If Defendants deny Request for Admission #83, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/01 through the date theses Interrogatories are served in which the hearing officer specifies the legal standard applicable to assessing pain and symptoms for purposes of MA.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile.

**Admission 83.** In none, or virtually none, of the MA disability hearing decisions issued 9/1/05 through 12/31/07 does the hearing officer identify the legal standard applicable to assessment of pain and symptoms.

***RESPONSE:*** Objection as the terms "virtually none" is ambiguous and vague. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 12/31/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**<u>Interrogatory 11.</u>** If Defendants deny Plaintiffs' Request for Admission #85, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/01 through date these Interrogatories are served in which the hearing officer made an initial finding on whether or not medical signs or laboratory finding show a medically-determinable impairment which could reasonably be expected to produce pain or symptoms.

**<u>Response</u>**: Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**<u>Admission 85</u>**. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which claimant and/or a treating or examining medical source reported pain or other symptoms, and the hearing officer failed to:

(a) make a finding on whether or not medical signs or laboratory findings show a medically-determinable impairment which could reasonably be expected to produce pain or symptoms;

(b) evaluate and make findings on all evidence, objective and subjective, in accordance with the rules set out in 20 C.F.R. 416.929(c), when the existence of a medically-determinable impairment which could reasonably be expected to produce pain or symptoms is established.

***<u>RESPONSE</u>***: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 12.** If Defendants deny Plaintiffs' Request for Admission #87, identify by DHS Docket numbers all MA disability hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer credited third party lay testimony about pain and/or symptoms.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

> **Admission 87.** DHS hearing officers typically discount third party lay testimony about pain or symptoms.
>
> ***RESPONSE*:** Objection, the term "typically" is vague, ambiguous and susceptible to different interpretations. Without waiving said objection, Defendants deny Paragraph 87.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 13**. If Defendants deny Request for Admission #109, identify by DHS Docket numbers all DHS hearing decisions issued 9/1/01 through date these Interrogatories are served in which the hearing officer found that the existence of a mental impairment had been shown by medically-acceptable clinical diagnostic techniques, despite the fact that there were no psychiatric evaluations, psychological test results, IQ testing, or other objective psychiatric test results in the hearing record.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**Admission 109**: DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which hearing officers discount mental impairments and/or reject treating source opinion about mental impairments and resultant mental limitations:

(a) citing a lack of psychiatric evaluation, psychological or IQ testing, or other objective measure establishing the existence of a mental impairment and the existence and extent of mental limitations;

(b) without regard to whether the source relied upon medically-acceptable clinical diagnostic techniques.

***RESPONSE*:** Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 14.** If Defendants deny Plaintiffs' Request for Admission #113, identify by DHS Docket number all MA disability hearing decisions issued 9/1/05 through date the Complaint was served in which the hearing officer considered at Step 3,4, or 5 medical impairments which s/he had previously found not severe at Step 2.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**Admission 113.** At least through the date plaintiffs served their complaint, when proceeding to Steps 3, 4, or 5, DHS considered only those medical impairments which had been found severe at Step 2.

***RESPONSE*:** Defendants deny paragraph 113.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 15.** If Defendants deny Plaintiffs' Request for Admission #114, identify by DHS Docket numbers all DHS hearing decisions issued 9/1/01 through date these Interrogatories are served in which the hearing officer found that impairments did not meet one or more SSI Listing of impairment, but went on to determine whether or not impairments, in combination, were medically equivalent to one or more SSI Listings.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**Admission 114.** At Step 3, DHS hearing officers typically:

(a) determine whether each individual impairment, considered singly, meets the SSI Listing for the body system it corresponds to;

(b) do not determine whether, in combination, impairments are equivalent in severity to one or more SSI Listings.

***RESPONSE*:** Objection, the term "typically" is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad, there is no described time frame and not likely to lead to the discovery of admissible evidence at trial and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants deny paragraph 114.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 16.** If Defendant deny Admission #144, identify all MA disability hearing decisions in which the hearing officer suggested or found that claimant had been noncompliant with recommended treatment, but explicitly considered whether claimant had good cause for failing to follow recommended treatment.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**Admission 144**. In none of the MA disability hearing decisions in which the hearing officer suggested, or found, that claimant had failed to follow recommended treatment did the hearing officer consider whether claimant had "good cause" for not following recommended treatment.

***RESPONSE*:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 144 as it pertains to Plaintiffs Smith and Williams.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 17.** If Defendants deny Plaintiffs' Request for Admission #166, identify by DHS Docket number all MA disability hearing decisions issued 9/1/01 through 11/30/07 in which the hearing officer expressly cited a MART finding or opinion in support of a hearing officer's finding or conclusion.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

> **Admission 166:** In no decision issued 9/1/05 through 11/30/07, other than DHS Dkt. 07-782, did a hearing officer expressly cite a MART finding or opinion in support of a hearing officer finding or conclusion.
>
> ***RESPONSE*:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**Interrogatory 18**. If Defendants deny Plaintiffs' Request for Admission #167, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer identified the weight s/he gave to MART finding or opinion.

**Response:** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

> **Admission 167.** In no decision issued 9/05 through date these admissions are served did the hearing officer identify the weight given, or due, to MART findings or opinion.
>
> ***RESPONSE***: Defendants deny Paragraph 166.



PDF created with pdfFactory trial version www.pdffactory.com

**<u>Interrogatory 19</u>** If Defendants deny Plaintiffs' Request for Admission #196, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly gave controlling weight to a treating source opinion.

**<u>Response:</u>** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**<u>Admission 196</u>**. DHS hearing officers gave controlling weight to treating source opinion in under 15 MA disability hearing decisions issued 9/1/05 through 11/30/07.

***<u>RESPONSE</u>*****:** Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny as it pertains to Plaintiffs Smith and Williams.



PDF created with pdfFactory trial version www.pdffactory.com

**<u>Interrogatory 20</u>**. If Defendants deny Plaintiffs' Request for Admission #199, identify by DHS Docket numbers all MA hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly credited or explicitly gave great (but not controlling) weight to treating or examining source opinion.

**<u>Response:</u>** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

> **<u>Admission 199</u>**. More than 2/3 of the MA disability decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly credited or gave great (but not controlling) weight to treating or examining source opinion were unfavorable.
>
> ***<u>RESPONSE</u>*****:** Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**<u>Interrogatory 21</u>.** If Defendants deny Plaintiffs' Request for Admission #200, identify by DHS Docket number all DHS hearing decisions issued 9/1/05 through date these Interrogatories are served in which the hearing officer made a finding on whether treating source opinion is "well supported by medically-acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with other substantial evidence" in the record.

**<u>Response:</u>** Objection, this interrogatory is overly broad, the information sought is not likely to lead to the discovery of admissible evidence at trial as it does not specifically pertain to the administrative cases of the named Plaintiffs beyond the information provided in the response to the admission and this type of statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, attached as Exhibits B and C are true copies of the administrative decisions in the cases of Plaintiffs Smith and Williams – dockets 07-868 and 07-1507 respectively.

**<u>Admission 200:</u>** When deciding whether treating source opinion is due controlling weight, DHS hearing officers typically do not make a finding on whether it is "well supported by medically-acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with other substantial evidence" in the record.

***<u>RESPONSE</u>*:** Objection to the term "typically" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; it is overly broad as there is no prescribed time frame, and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 200 as it pertains to Plaintiffs Williams and Smith.



PDF created with pdfFactory trial version www.pdffactory.com