# EXHIBIT B

PDF created with pdfFactory trial version www.pdffactory.com

**"TYPICALLY"**

**2. The record which the MART reviews in order to determine disability typically contains one or more MA-63 forms completed by a treating or examining medical source.**

*RESPONSE*: Objection to Paragraph 2 as the word "typically" is ambiguous and vague and the request is not likely to lead to the discovery of admissible evidence at trial. Without waiving said objection, the Defendants admit that the record that the MART reviews may or may not contain an MA-63 form completed by a treating or examining physician. The Defendants further submit that the DHS field office will forward an applicant's file to review if it contains an AP 70 form and signed DHS 25s. The Defendants admit that Plaintiffs Williams, Smith and Wellhausen's cases had an MA-63 form in their file when the MART conducted a review. Defendants admit that Plaintiff Wolenc did not have a completed MA-63 form filed when the MART conducted its review but subsequently provided one.

**200. When deciding whether treating source opinion is due controlling weight, DHS hearing officers typically do not make a finding on whether it is "well supported by medically-acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with other substantial evidence" in the record.**

*RESPONSE*: Objection to the term "typically" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; it is overly broad as there is no prescribed time frame, and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 200 as it pertains to Plaintiffs Williams and Smith.

**"MOST"**

**4. Most claimants are pro se at MA disability hearings.**

*RESPONSE*: Objection to the term "most" as it is vague, ambiguous and susceptible to different interpretations. Without waiving said objection, the Defendants admit that: (A) Plaintiff Smith was represented by Rhode Island Legal Services at her administrative appeal of her denial of eligibility for MA; (B) Plaintiff Williams was represented by Rhode Island Legal Services at his



PDF created with pdfFactory trial version www.pdffactory.com

administrative appeal of her denial of eligibility for MA; (C) Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records; and (D) there are claimants that appear *pro se* for the administrative hearing on the appeal from the denial of MA.

**"MULTIPLE"**

**33. In multiple decisions issued in 2006 and 2007 DHS hearing officers cited the fact that claimant doesn't require an assistive device to ambulate in support of the Step 2 finding that impairments aren't severe.**

*RESPONSE*: Objection, as the term "multiple" is vague, ambiguous and susceptible to different interpretations; the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained it would be unduly burdensome to compile. Without Waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not cite "that claimant doesn't require an assistive device to ambulate in support of the Step 2 finding that impairments aren't severe."

**55. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which hearing officers cited the fact that a treating or examining medical source rated limitation of physical or mental work activities as only "moderate," not "marked" or "severe," in support of a finding that impairments were not severe at Step 2.**

*RESPONSE*: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**58. In multiple decisions issued 9/1/05 on, hearing officers cited the fact that reports of objective tests such as MRIs, Xrays, or labs described the medical impairments they documented as "mild" or "moderate", in support of:**



PDF created with pdfFactory trial version www.pdffactory.com

**(a) a finding that impairments aren't severe;**
**(b) rejection of treating or examining source opinion that resulting physical or mental limitations are more than mild or moderate, on grounds it is unsupported by or inconsistent with objective evidence;**
**(c) rejection of reports of severe pain/symptoms, on grounds of inconsistency with the objective evidence.**

*__RESPONSE__*: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present, which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**85. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which claimant and/or a treating or examining medical source reported pain or other symptoms, and the hearing officer failed to:**

**(a) make a finding on whether or not medical signs or laboratory findings show a medically-determinable impairment which could reasonably be expected to produce pain or symptoms;**
**(b) evaluate and make findings on all evidence, objective and subjective, in accordance with the rules set out in 20 C.F.R. 416.929(c), when the existence of a medically-determinable impairment which could reasonably be expected to produce pain or symptoms is established.**

*__RESPONSE__*: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**90. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer rejects claimants reports of severe pain, and/or functional**



PDF created with pdfFactory trial version www.pdffactory.com

**limitations reported by a medical source, citing lack of "pain scales" or other objective evidence documenting intensity or severity of pain.**

*__RESPONSE__*: Objection, the term “multiple” is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**95. DHS has issued multiple MA disability hearing decisions since 9/1/05 in which the hearing officer rejected treating or examining physician opinion about pain and resultant limitations, citing lack of pain scales or other objective measures to document level of pain.**

*__RESPONSE__*: Objection, the term “multiple” is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**101. DHS issued multiple MA disability hearing decisions in which medically-acceptable evidence documented the existence of an impairment which could reasonably result in pain/symptoms, and the hearing officer found reports of pain/symptoms credible, but rejected them for lack of objective evidence quantifying the level of pain/symptoms.**

*__RESPONSE__*: Objection, the term “multiple” is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad, there is no described time frame; not likely to lead to the discovery of admissible evidence at trial and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical



PDF created with pdfFactory trial version www.pdffactory.com

records. Defendants further deny Paragraph 101 as it pertains to Plaintiffs Smith and Williams.

**102. DHS issued multiple MA disability decisions 9/1/05 on in which the hearing officer discounted a treating or examining source opinion that symptoms resulting from medically-documented physical impairments, or side effects to medication, limit mental work activities, when the record doesn't also document the existence of a mental impairment.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**109. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which hearing officers discount mental impairments and/or reject treating source opinion about mental impairments and resultant mental limitations:**

**(a) citing a lack of psychiatric evaluation, psychological or IQ testing, or other objective measure establishing the existence of a mental impairment and the existence and extent of mental limitations;**
**(b) without regard to whether the source relied upon medically-acceptable clinical diagnostic techniques.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**111. DHS has issued multiple decisions 9/1/05 on in which the hearing officer rejected the opinion of a treating or examining physician about mental impairments and functional limitations, citing a lack of test results or**



PDF created with pdfFactory trial version www.pdffactory.com

**objective evidence, even though the record indicated that the source had diagnosed mental impairment, prescribed medication for mental impairment(s), and reported signs and symptoms of mental impairment.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**136. In multiple decisions issued in 2007, the hearing officer did not identify what specific functional limitations were reported in one or more MA-63 forms in the record, and merely attached a general label to the assessment, describing it as showing, e.g., "slight", "moderate", "sedentary", or "extreme" limitations.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**140. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer 's Residual Functional Capacity finding at Step 4 or 5 is inconsistent with the SSI definitions of sedentary and/or light work.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical



PDF created with pdfFactory trial version www.pdffactory.com

records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.

**159. DHS has issued multiple hearing decisions 9/05 on, in which the hearing officer reported in his/her Findings of Fact that after reviewing new evidence post-hearing, the MART's "finding was unchanged" or the MART was "unmoved in its finding" or "the decision was unchanged."**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**160. DHS issued multiple hearing decisions 9/05 on, in which the MART changed its rationale for finding claimant not disabled, post-hearing, and the hearing officer identified the MART's changed rationale in his/her Findings of Fact.**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**163. Multiple MA disability decisions, including decisions issued in 2008, contain the following sentence in the "Discussion of the Evidence" section: "The Medical Assistance Review Team (MART) determines disability for the MA program."**

*RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad



PDF created with pdfFactory trial version www.pdffactory.com

and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2008. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**191. DHS issued multiple hearing decisions 9/1/05 on in which the hearing officer created claimant's RFC based on his/her reading of medical records and hearing testimony, after having rejected the only treating and examining source residual functional capacity assessments of record.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff Williams. Defendants admit that the hearing officers' RFC was based on a review of the full record.

**192. DHS has issued multiple hearing decisions 9/1/05 on, in which:**

**(a) the hearing officer's RFC finding is unsupported by and contrary to the only treating and examining source functional capacity assessments of record; and**
**(b) the hearing officer cites no medical source opinion in support of the RFC determination.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff



PDF created with pdfFactory trial version www.pdffactory.com

Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record.

**202. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer does not say whether or not she accepts or rejects treating or examining source opinion or identify what weight it was due or given.**

*__RESPONSE__*: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**203. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the record contains one or more MA-63 forms, but the hearing officer does not discuss what they say or say whether they were credited or rejected.**

*__RESPONSE__*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 203 as it pertains to Plaintiffs Smith and Williams.

**207. DHS issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer determines weight by reference to whether it is "reasonable", "plausible", and/or "credible."**

*__RESPONSE__*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants



PDF created with pdfFactory trial version www.pdffactory.com

admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 207 as it pertains to Plaintiffs Smith and Williams.

**208. DHS has issued multiple MA disability hearing decisions 9/1/05 on, in which the hearing officer rejected the only treating and/or examining source RFC opinion of record, and cited no medical source opinion in support of his/her RFC determination.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 203 as it pertains to Plaintiff Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record.

**212. DHS has issued multiple MA disability hearing decisions in which the hearing officer determined weight due treating source opinion by reference to whether it is "consistent" or "fully consistent" with "other" evidence of record.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 212 as it pertains to Plaintiffs Smith and Williams.



PDF created with pdfFactory trial version www.pdffactory.com

**227. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer fails to identify how many times a source examined claimant and over how long a time.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as Paragraph 227 pertains to Plaintiffs Smith and Williams.

**228. DHS has issued multiple MA disability hearing decisions 9/1/05 on in which the hearing officer discounts a medical source opinion on grounds it was provided after only one exam, or because the provider isn't a treating source, without going on to assess and make findings on weight due under the factors set out in 20 C.F.R. § 416.927(d)(2).**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as Paragraph 227 pertains to Plaintiffs Smith and Williams.

**229. In multiple MA disability hearing decision, including those in DHS Dkt. 05-555 and 05-1342, the hearing officer(s) credited the opinions of medical sources without identifying the sources as having examined claimant only once.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present.



PDF created with pdfFactory trial version www.pdffactory.com

Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**234. DHS has issued multiple MA disability hearing decisions in which the hearing officer rejected a treating source's MA-63 functional capacities assessment on grounds there was no exam (or exam notes) on that date, or on grounds the exam notes for the dates closest to date of the MA-63 didn't fully support the extent of limitations reported.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**240. DHS has issued multiple unfavorable MA disability hearing decisions in which the hearing officer gives great or controlling weight to statements of medical sources on issues reserved to the Commissioner under 20 C.F.R. §416.927(e), without discussion of the factors set out in 20 C.F.R. 416.927(d).**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**249. DHS issued multiple MA disability hearing decisions in 2007 in which the hearing officer found the durational standard not satisfied, and:**

**(a) there was at least one MA-63 form in the record;**



PDF created with pdfFactory trial version www.pdffactory.com

**(b) the hearing officer didn't identify the source's opinion as to expected duration;**
**(c) the hearing officer didn't cite any medical source opinion in support of the durational finding.**

*RESPONSE*: Objection to the term "multiple" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 249 as it pertains to Plaintiffs Smith and Williams.

**"SOMETIMES"**

**38. DHS hearing officers have sometimes consulted the SSI Listings of impairments when making findings at Steps 4 or 5.**

*RESPONSE*: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence and the term "sometimes" is vague and ambiguous. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 may pertain to Plaintiff Smith, attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision.

**72. DHS hearing officers sometimes require:**

**(a) that pain be found "severe";**
**(b) that the existence and severity of pain be established by medically acceptable clinical and laboratory diagnostic techniques;**
**(c) that pain meet the durational standard;**
**(d) that pain preclude all work or work activities, in order to be considered when determining RFC.**

*RESPONSE*: Objection to the term "sometimes" as it is vague, ambiguous and susceptible to differing interpretations. Objection to the paragraph as written as the specific facts of the cases are needed in order to admit or deny. Without waiving said objection, Defendants admit that hearing officers consider "pain" in the context of each applicant's individual case and evidence and evaluate pain according to 20 C.F.R. §416.929.



PDF created with pdfFactory trial version www.pdffactory.com

**"VIRTUALLY NONE"**

**83. In none, or virtually none, of the MA disability hearing decisions issued 9/1/05 through 12/31/07 does the hearing officer identify the legal standard applicable to assessment of pain and symptoms.**

*RESPONSE:* Objection as the terms "virtually none" is ambiguous and vague. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 12/31/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**"MORE OFTEN THAN NOT"**

**168. More often than not, in decisions issued 9/1/05 through 11/30/05, the hearing officer's rationale for finding claimant not disabled was consistent with the MART's rationale, but inconsistent with the only treating and/or examining medical source opinion of record, in decisions issued 9/1/05 on.**

*RESPONSE*: objection as the term "more often than not" and "consistent" and "inconsistent" as used in this sentence and context are vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 TO 11/30/05 It would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny paragraph 168 as it pertains to Plaintiffs Smith and Williams.

**"RATIONALE" and "CONSISTENT"**

**169. The hearing officer's rationale for finding claimant not disabled was consistent with the MART's most recent rationale in 2/3 or more of the MA disability hearing decisions issued 9/05 through 11/30/07.**

*RESPONSE*: Objection as the terms "rationale" and "consistent" as used in this sentence and context are vague, ambiguous and susceptible to different



PDF created with pdfFactory trial version www.pdffactory.com

interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.

**"MAJORITY"**

**115. In the majority of hearing decisions issued 9/1/05 on in which the hearing officer proceeded past Step 3, s/he found that impairment(s) didn't meet one or more SSI Listings, and did not go on to consider medical equivalence.**

*RESPONSE*: Objection, the term "majority" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**201. In the majority of MA disability hearing decisions issued 9/1/05 through 11/30/07 in which the hearing officer gave controlling weight to a treating or examining source opinion, s/he did so without having made the finding described in the preceding Admission.**

*RESPONSE*: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.



PDF created with pdfFactory trial version www.pdffactory.com

**211. In the majority of MA disability hearing decisions issued 9/1/05 on, in which the hearing officer rejected or discounted medical source opinion, s/he did so on grounds that the extent of limitations reported were not documented by objective evidence.**

*__RESPONSE__*: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507..

**250. In the majority of the decisions described in the foregoing Admission, the MART had also found the duration standard not satisfied.**

*__RESPONSE__*: Objection to the term "majority" as it is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**"ROUTINELY"**

**143. When considering whether a claimant is compliant with treatment, DHS hearing officers routinely fail to consider whether claimant has good cause" for not following recommended treatment.**

*__RESPONSE__*: Objection to the term "routinely" is vague, ambiguous and susceptible to different definitions and interpretations. Without waiving said objection, Defendants admit that it is DHS's position that the standard set forth in 20 C.F.R.§404.1530 is the appropriate standard on the issue of whether a claimant has good cause for not following recommended treatment. Defendants deny paragraph 143 as it pertains to the named Plaintiffs.



PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com