# EXHIBIT C

PDF created with pdfFactory trial version www.pdffactory.com

**26. In DHS Docket 06-642, the hearing officer stated in the decision that when determining severity of cardiac impairments, hearing officers must give "deference" to the SSI cardiac listings.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-642 does not address the appeals of any named Plaintiff to this lawsuit and the decision speaks for itself.

**27. In DHS Docket. 06-905 the hearing officer stated in her decision at Step 2 that in order to determing the severity of claimant's condition, it was "necessary" to consult the SSI Listings for guidance.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-905 does not address the appeals of any named Plaintiff to this lawsuit and the decision speaks for itself.

**28. The record in DHS Dkt. 07-671 shows that doctors had diagnosed severe persistent asthma, for which rescue medication was prescribed; at Step 2, the hearing officer said that a "significant factor" in evaluating asthma is frequency of ER visits and hospital admissions in the past year.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-671 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-671 would have to be independently reviewed, and the decision speaks for itself.

**31. In DHS Dkt. 06-1607, issued in 2007:**

**(a) claimant had ankle residual fracture pain, status post paralysis left leg, low back radiculopathy, alcohol dependence, bipolar disorder and ischemic injury to right frontal lobe of the brain;**
**(b) both the MART and the hearing officer found no severe impairments at Step 2;**
**(c) the hearing officer stated at Step 2 that in order to be disabled based on mental conditions, the record must "demonstrate marked limitations in at least three critical elements of functioning;"**
**(d) finding the evidence insufficient to satisfy the standard of (c), the hearing officer found no severe impairment that "would preclude all work activity," and ceased evaluation at Step 2.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as



PDF created with pdfFactory trial version www.pdffactory.com

the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.

**35. In an MA disability hearing decision issued in 2007 [07-740], a case involving scleroderma and Reynaud's disease, the hearing officer:**

**(a) cited the fact that the claimant didn't need an assistive device to ambulate to support rejection of claimant's reports of hand and foot pain/symptoms;**
**(b) held at Step 2 that impairments did not "render her incapable of work" and were therefore not severe.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-740 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-740 would have to be independently reviewed, and the decision speaks for itself.

**36. In a decision issued in 2007 [07-340]**

**(a) treating/examining sources diagnosed osteoarthritis, diabetes, and hypertension, and claimant was obese;**
**(b) the hearing officer rejected the treating source's physical capacities assessment for lack of objective evidence to support "...the level of functional restrictions..." reported on the MA-63," citing the facts that no physical exams documented ambulation problems and there was no evidence to indicate a medical need for an assistive device.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-340 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-340 would have to be independently reviewed, and the decision speaks for itself.

**37. In a decision issued in 2006 [Dkt. 06-14]:**

**(a) uncontroverted treating physician evidence showed that due to spina bifida, claimant had loss of sensation in both legs, required bilateral leg braces to walk, and had problems ambulating;**
**(b) the hearing officer cited the fact that use of leg braces didn't imply that claimant "cannot walk at all" in support of his/her finding that impairments were not severe at Step 2;**
**(c) at Step 2 the hearing officer cited a lack of evidence that claimant was "totally unable" to work.**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-14 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-14 would have to be independently reviewed, and the decision speaks for itself.

**41. In a decision issued in 2007 [07-999):**

**(a) the record contained uncontroverted evidence that applicant had fractured weight bearing joints (for which he'd had surgery) and 9 months later, wasn't fully weight bearing;**
**(b) the treating physician reported severely limited physical work abilities on the MA-63 form;**
**(c) the MART found the durational factor not satisfied;**
**(d) at Step 2 the hearing officer considered whether there was non-union of bone, expected date of return to weight-bearing status, whether more surgery was planned, and whether claimant needed an assistive device to ambulate;**
**(e) the hearing officer determined duration by reference to "expected healing time" for "most fracture cases of this type," and found it "reasonable" to expect that at twelve months, he would return to weight-bearing and his condition wouldn't "significantly limit all types of work activities," without citing any medical source opinion to support that finding;**
**(f) the hearing officer did not identify what the treating source said in the MA-63 about duration or say if s/he accepted or rejected that opinion.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-999 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-999 would have to be independently reviewed, and the decision speaks for itself.

**46. In a decision issued in 2006 [Dkt 05-1833], the hearing officer found that a stroke victim with permanent hemiparalysis had severely diminished function on the left side of the body, but had no severe impairments at Step 2 because the evidence didn't show that impairments "prevented" performance of substantial gainful activity.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1833 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1833 would have to be independently reviewed, and the decision speaks for itself.

**47. In DHS Dkt. 05-1726 the hearing officer determined severity at Step 2 by reference to whether impairments result in marked or severe limitations so**



PDF created with pdfFactory trial version www.pdffactory.com

**as to "totally preclude" all types of work activities or show that claimant is "totally unable" to work.**

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1726 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1726 would have to be independently reviewed, and the decision speaks for itself.

**48. In DHS Dkt. 07-470, the record showed that claimant had Bipolar Disorder II, bulimia, and PTSD with depression and occasional hallucinations, and:**

**(a) the MART and hearing officer found impairments not severe at Step 2;**
**(b) the hearing officer rejected the only mental RFC assessment of record, which was completed by a treating source and reported moderate and marked mental limitations;**
**(c) citing no medical source opinion supporting the finding, the hearing officer found no impairment so severe as to "markedly limit and significantly interfere" with ability to perform basic work activities, and show claimant "incapable of performing basic work related activities on a sustained, longitudinal basis."**

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-470 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-470 would have to be independently reviewed, and the decision speaks for itself.

**52. In DHS Dkt. 07-953, issued in 2007, the record documented chronic osteomyeletis requiring additional surgery, and:**

**(a) both the MART and hearing officer found that the durational standard wasn't satisfied and ceased evaluation at Step 2;**
**(b) there was an MA-63 in the record from a treating or examining source, but the hearing officer did not identify the source's answer to the question on the MA-63 about expected duration;**
**(c) the hearing officer did not cite medical source opinion, in support of his/her finding that duration was expected to be under 12 months, except to note the statement on the MA-63 that prognosis was good with surgery.**
**(d) the hearing officer found the evidence insufficient to establish that her condition is so severe "that she would be unable to function for a continuous period of 12 months as required by the Social Security rules."**

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-953 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as



PDF created with pdfFactory trial version www.pdffactory.com

the complete file of DHS Dkt 07-953 would have to be independently reviewed, and the decision speaks for itself.

**53. In DHS Dkt. 07-1104:**

**(a) claimant had an amputated leg, and he and an examining doctor reported that the prosthesis caused pain;**
**(b) both the MART and the hearing officer found the impairment not severe;**
**(c) the record contained an MA-63 form signed by a doctor who reported limitations of standing and walking, but the hearing officer didn't identify what the specific restrictions were or say if s/he accepted or rejected it.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1104 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1104 would have to be independently reviewed, and the decision speaks for itself.

**24. In 2007 Hearing Officer Ouellette issued a favorable decision [DHS Dkt. 06-1821] stating that the purpose of Step 2 is to screen out groundless claims, but in other decisions, she applied one or more of the severity standards described in Admissions 45, 47, 49-51.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-1821 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving the objection, Defendants admit that Hearing Officer Ouellette issued the decision in the case of Plaintiff Williams and a true copy of the decision is attached to this response at Exhibit B: Docket 07-1507.

**56. The decision in DHS Dkt. 07-552, issued in 2007, shows that:**

**(a) claimant testified that mental impairments weren't severe enough to "prevent" work, and the hearing officer held that the treating psychiatrist's opinion on the MA-63 supported that testimony, as "there were no marked [mental] limitations" in the MA-63 that the psychiatrist completed;**
**(b) citing the foregoing, the hearing officer ceased evaluation of mental impairment at Step 2.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-552 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-552 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**57. In DHS Dkt. 07-1326, issued in 2007:**

**(a) the record documented Major Depressive Disorder with psychotic features, including hallucinations; PTSD, and Anxiety Disorder;**
**(b) the hearing officer cited the fact that the psychiatrist listed "only moderate" limitations of mental activities on the MA-63 in support of his/her finding that mental impairments weren't severe at Step 2.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1326 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1326 would have to be independently reviewed, and the decision speaks for itself.

**59. In DHS Dkt. 07-568, issued in 2007, the hearing officer stated that hip x-ray documentation of "only mild" degenerative changes did not establish a condition that would result in debilitating pain, and discounted pain for lack of objective evidence and diagnostic testing showing it was severe enough to significantly interfere with ability to perform basic work activities.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-568 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-568 would have to be independently reviewed, and the decision speaks for itself.

**60. In DHS Dkt. 07-1346, the hearing officer ceased evaluation at Step 2 in a case involving pain resulting from osteoarthritis documented by x-ray evidence of mild degenerative changes, on grounds that physical impairments, "although proven, are mild to moderate in severity according to diagnostic tests."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1346 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1346 would have to be independently reviewed, and the decision speaks for itself.

**61. In decisions issued in 2006 and 2007, the hearing officer:**

**(a) found impairments not severe at Step 2 on grounds the MRI showed scoliosis, moderate disc protrusion, and mild spinal stenosis [07-1008];**
**(b) found [07-1209] that an MRI showing "moderate disc bulge" and mild foraminal narrowing "would not demonstrate a severe impairment."**



PDF created with pdfFactory trial version www.pdffactory.com

**(c) found [DHS Dkt. 06-1808] spinal impairments not severe and rejected reports of severe pain at Step 2, citing the fact that MRI showed "only mild" conditions (mild diffuse bulge without significant stenosis, mild narrowing of disc space and mild degenerative changes) which wouldn't be expected to result in the level of pain complained of.**

**(d) found [DHS Dkt. 06-1791, 07-374] asthma and COPD not severe in at least 2 decisions because pulmonary function tests documented "only mild" reductions.**

**(e) found [DHS Dkt. 06-1183] degenerative joint disease not severe at Step 2, citing x-ray results showing "mild to moderate" degeneration and narrowing of disc spaces;**

**(f) found Bipolar disorder and PTSD not severe at Step 2 because a GAF score of 50 reflects only moderate limitations [DHS Dkt. 07-257];**

**(g) found recurrent severe Major Depressive Disorder with psychotic features not severe on grounds it resulted in "only moderate" mental limitations [DHS Dkt. 06-1276].**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 2006 and 2007 which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**62. In DHS Dkt. 07-859, issued in 2007:**

**(a) Objective testing documented both mild lumbar disc disease and multiple levels of cervical spondylosis with "mild to severe" foraminal narrowing;**

**(b) the hearing officer found, citing the evidence in (a), that the lumbar impairment was less severe than the cervical impairment and that the former condition wouldn't be expected to produce pain as severe as that expected to be produced by the latter condition;**

**(c) the hearing officer said that pain is subjective and its "severity and persistence must therefore be comparable to the established medical condition."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-859 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-859 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**63. In DHS Dkt. 05-1369:**

**(a) MRI documented mild stenosis and cervical spondylosis;**
**(b) the hearing officer rejected the treating doctor's opinion about limitations and pain on grounds it was "incongruent" with objective findings.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1369 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1369 would have to be independently reviewed, and the decision speaks for itself.

**64. In DHS Dkt. 07-552, issued in 2007, x-rays documented mild degenerative changes; citing xray results, the hearing officer rejected claimant's reports of pain, although s/he found them credible, on grounds that objective findings showed "only mild" changes not indicative of the described pain and "diagnostic testing shows no discernible severe condition."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-552 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-552 would have to be independently reviewed, and the decision speaks for itself.

**65. In DHS Dkt. 06-1155, the hearing officer cited a medical provider's functional assessment limiting walking and standing to under 2 hours, and sitting to four hours, in an 8 hour day, with occasional lifting of 20 pounds, as evidence that arthritis and neuropathy did not impair functional ability and were not severe.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1155 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1155 would have to be independently reviewed, and the decision speaks for itself.

**66. In DHS Dkt. 06-1607, issued in August 2007, the hearing officer rejected the MA-63 functional assessment of the treating psychiatrist and credited a one-time consultative psychologist's report; she found the latter report "indicated only mild to moderate impact" on mental limitations and "...would not have established disability."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as



PDF created with pdfFactory trial version www.pdffactory.com

the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.

**70. In a favorable MA disability hearing decision issued in 2007, DHS Dkt. 07-712:**

**(a) the record established the existence of medically-documented impairments, and the examining source reported limitations of one or more basic work activities;**
**(b) the hearing officer proceeded to examine the source's office records for objective evidence "...to demonstrate the limitations of the expressed functional level" reported by the medical source.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-712 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-712 would have to be independently reviewed, and the decision speaks for itself.

**71. In a decision issued in 2006, DHS Dkt. 07-712, there was a medically-documented impairment which could reasonably be expected to cause pain and:**

**(a) two treating sources, one a neurologist, reported disabling back and neck pain; one of those sources a PCP, reported severe functional limtations;**
**(b) the hearing officer rejected both foregoing opinions for lack of objective evidence, including pain scales, supporting the extent of pain and limitations;**
**(c) the hearing officer stated RFC would be determined by recent exams, the fact that pain improved with medication, and the fact that claimant had the ability to get around without assistance;**
**(d) the hearing officer cited no medical source opinion for his/her finding that claimant could do sedentary work;**
**(e) the MART had found claimant able to do sedentary work.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-712 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-712 would have to be independently reviewed, and the decision speaks for itself.

**75. In the MA disability hearing decision issued in DHS Dkt. 06-1591, the hearing officer discounted pain when determining claimant's RFC, citing a lack of evidence showing pain was so severe as to "render [claimant] incapable of all activities."**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1591 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1591 would have to be independently reviewed, and the decision speaks for itself.

**76. In DHS Dkt. 06-1874, the hearing officer credited pain allegations, finding that the record established pain severe enough to "prevent" performance of at least one basic work activity.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1874 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1874 would have to be independently reviewed, and the decision speaks for itself.

**77. In DHS Dkt. 07-963, decision issued in 2007:**

**(a) medically-acceptable evidence documented the existence of strabismus and other visual impairments;**
**(b) the hearing officer rejected claimant's reports of severe headache due to vision problems, saying that although it may be "logical" to assume that headaches might occur from the vision impairments, there would need to be "objective evidence to show that her headaches occur on a consistent basis to such level of severity to result in limitations of at least one basic work activity."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-963 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-963 would have to be independently reviewed, and the decision speaks for itself.

**78. In a decision issued in 2007, DHS Dkt. 07-740, the hearing officer found that although claimant had an impairment which could reasonably be expected to cause some pain, the record didn't establish pain "...to a level of persistence and severity that would result in functional loss for a continuous period of at least 12 months."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-740 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-740 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**79. In a decision issued in 2007, DHS Dkt.07-569, medically-acceptable evidence documented the existence of pancreatitis, and the hearing officer:**

**(a) found that the record establishes that claimant has "intermittent [hearing officer emphasis] bouts" of pancreatitis, which result in pain, nausea, and diarrhea;**
**(b) rejected the treating source's functional assessment on grounds objective medical evidence didn't support those limitations;**
**(c) found "no evidence" that pancreatitis and pain are so severe as to "markedly limit and significantly interfere with" ability to do basic work activities for a continuous period of at least 12 months.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-569 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-569 would have to be independently reviewed, and the decision speaks for itself.

**80. In a decision issued in 2007, DHS Dkt. 07-215:**

**(a) medical records documented diverticulitis with malnutrition;**
**(b) the hearing officer ceased evaluation at Step 2, finding that the evidence had not established that pain and symptoms were so severe as to limit ability to perform at least one basic work activity on a consistent basis for a period of at least 12 months, citing the fact that although he had intermittent bouts of severe pain, there were "weeks and sometimes months" in which he was symptom free.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-215 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-215 would have to be independently reviewed, and the decision speaks for itself.

**82. In a decision issued in 2007, Dkt. 07-1002, the hearing officer said that in the absence of diagnostic evidence of a medical condition reasonably expected to result in pain, as well as objective exams establishing limitations and pain to such level of severity as to result in the reported limitations, the opinion of a treating registered nurse practitioner was "unsupported" and "must be disregarded."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1002 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1002 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**88. In DHS Dkt. 06-1591, the hearing officer rejected testimony from claimant's spouse about pain, on grounds that by testifying that pain and limitations were more severe than claimant had reported, s/he was trying to "contradict"' claimant, who she found was "clearly a more reliable witness" about pain because pain is subjective.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1591 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1591 would have to be independently reviewed, and the decision speaks for itself.

**89. In a decision issued in 2007, DHS Dkt. 06-1532, the hearing officer rejected claimant's mother's testimony because pain is subjective and "another individual cannot perceive the pain of others."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1532 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1532 would have to be independently reviewed, and the decision speaks for itself.

**90. In a decision issued in 2007, DHS Dkt. 07-859, the hearing officer said that the objective medical evidence and effects of treatment on the underlying condition are reviewed to establish the "level and persistence of pain" and held that because pain is subjective, its severity and persistence must be "comparable to the established medical condition."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-859 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-859 would have to be independently reviewed, and the decision speaks for itself.

**91. In DHS Dkt. 05-1468, the hearing officer discounted the treating doctor's diagnosis of fibromyalgia and his opinion about functional limitations, at least in part, on grounds the record didn't include a "fatigue scale."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1468 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1468 would have to be independently reviewed, and the decision speaks for itself.

**93. The decision in DHS Dkt. 07-1002 shows that:**



PDF created with pdfFactory trial version www.pdffactory.com

**(a) claimant had metal in his back from prior surgery, and the most recent CT myelogram was inconclusive due to presence of metal;**
**(b) the hearing officer cited (among other factors) the fact that applicant didn't require an assistive device to ambulate in support of his/her rejection of treating source opinion that low back pain with radiculopathy caused specific physical functional limitations;**
**(c) the hearing officer rejected reports of pain and limitations for lack of objective evidence, such as pain scales, verifying a "level of pain" that would result in such severe limitations;**
**(b) the hearing officer said that "pain is subjective" and in the absence of diagnostic evidence of a condition reasonably expected to result in pain, as well as objective exams establishing functional limitations and/or pain to such a level of severity that would result in such limitations, the treating source's physical capacities assessment is "unsupported" and "must be disregarded."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1002 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1002 would have to be independently reviewed, and the decision speaks for itself.

**94. In DHS Dkt. 07-338, issued in 2007, claimant had medically-documented coronary artery disease, and medical reports documented fatigue complaints, but the hearing officer rejected the cardiologist's opinion about functional limitations on grounds they were "contradicted" by EKG results.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-338 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-338 would have to be independently reviewed, and the decision speaks for itself.

**96. In DHS Dkt. 06-807, the record showed that claimant had a history of a fractured spine and bone graft with pain, and:**
**(a) the hearing officer rejected treating physician opinion about pain and limitations for lack of a "pain analysis" to document the severity of pain;**
**(b) the hearing officer said that in the absence of detailed exam records and/or diagnostic tests to "substantiate the reported severity of pain" and limitations, there "can be no finding" the impairment is severe.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-807 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as



PDF created with pdfFactory trial version www.pdffactory.com

the complete file of DHS Dkt 06-807 would have to be independently reviewed, and the decision speaks for itself.

**97. In DHS Dkt. 07-23, the record documented ankle fracture and impaired weight-bearing; the hearing officer said that pain was difficult to assess in the absence of "customary pain scales" and records to demonstrate the progression of pain and its response to factors like heat, cold, etc., and discounted pain when determining claimant's RFC.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-23 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-23 would have to be independently reviewed, and the decision speaks for itself.

**98. In a decision issued in 2007, DHS Dkt. 07-1195:**

**(a) the MART and the hearing officer both found no impairments severe at Step 2;**
**(b) records documented the existence of Hepatitis C and cryobulinemia, and treating and/or examining source(s) reported bilateral neuropathic pain secondary to the impairments;**
**(c) the hearing officer found the treating source's assessment of physical functional limitations "unsupported", and said it "must be disregarded," and also discounted claimant's reports of symptoms, citing a lack of evidence to support "consistent pain to a level of severity" to result in such limitations; a lack of pain scales or objective exams documenting difficulty with gait or ambulation due to pain or sensory loss; and the lack of need for an assistive device to ambulate**.

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1195 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1195 would have to be independently reviewed, and the decision speaks for itself.

**99. In a decision issued in 2007, DHS Dkt. 07-1435:**

**(a) the hearing officer rejected the treating physician's opinion about pain and physical limitations resulting from impairments, citing lack of objective evidence establishing severity of pain and extent of limitations;**
**(b) the hearing officer referenced pain scales (or lack thereof) at least six times in the body of the decision.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1435 does not address the



PDF created with pdfFactory trial version www.pdffactory.com

appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1435 would have to be independently reviewed, and the decision speaks for itself.

**100. In a decision issued in 2007, DHS Dkt. 07-1146, asthma and obstructive sleep apnea was shown by medically-acceptable diagnostic techniques, but the hearing officer rejected claimant's reported symptom of shortness of breath, for lack of objective information to "quantify" the severity of his disorders.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1146 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1146 would have to be independently reviewed, and the decision speaks for itself.

**103. In a decision issued in 2007, DHS Dkt. 07-569, the record showed a condition reasonably expected to result in pain and symptoms, but the hearing officer rejected the treating doctor's functional assessment, which included limits on mental activities, because the objective evidence didn't show "mental disease or mental limitations."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-569 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-569 would have to be independently reviewed, and the decision speaks for itself.

**104. In DHS Dkt. 06-905, the hearing officer rejected a treating source's opinion that symptoms of obesity and obstructive sleep apnea caused limitations of basic mental work activities, calling such opinion "speculative" in the absence of a cognitive evaluation documenting a mental impairment.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-905 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-905 would have to be independently reviewed, and the decision speaks for itself.

**105. In a decision issued in 2007, DHS Dkt. 07-491:**

**(a) reports from claimant's long-term treating physician documented seizure disorder, and the doctor reported functional limitations and side effects from medication, including drowsiness and diminished concentration;**

**(b) the hearing officer rejected the treating physician's opinion about mental limitations for lack of "cognitive testing" and objective measurement of the reported effects.**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-491 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-491 would have to be independently reviewed, and the decision speaks for itself.

**106. In DHS Dkt. 05-1763, issued in 2006, the hearing officer rejected the treating source's opinion that a diabetic had mental limitations due to hypoglycemic episodes, on grounds the record "fails to establish a specific mental condition since there is no psychological, psychiatric, neurocognitive or other diagnostic evaluation to define mental processes such as IQ, ability to attend to and complete tasks, memory and concentration skills."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the iscovery of admissible evidence at trial, Docket 05-1763 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1763 would have to be independently reviewed, and the decision speaks for itself.

**107. In a decision issued in 2007, DHS Dkt. 07-1236,**
**(a) the record showed medically-documented obstructive sleep apnea, coronary artery disease, and a history of quadruple bypass;**
**(b) claimant reported that fatigue interfered with ability to focus;**
**(c) the hearing officer found claimant's reports credible, but discounted fatigue and mental limitations for lack of a "cognitive evaluation to document mental abnormalities."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1236 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1236 would have to be independently reviewed, and the decision speaks for itself.

**117. In a decision issued in 2007, DHS Dkt. 06-1607, when rejecting treating and examining source opinion, the hearing officer faulted the lack of "diagnostic evidence of the current severity" of back and lower extremity pain, the lack of "acceptable clinical or diagnostic information demonstrating functional [mental] restrictions", and the lack of acceptable "clinical and diagnostic information" to support [the opinion about] functional limitations.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1607 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1607 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**138. In DHS Dkt. 07-505, the hearing officer said that the source reported "liberal" capabilities or capacities not resulting in restrictions that would prevent some type of work, without identifying the specific limitations the source reported in the MA-63**.

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-505 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-505 would have to be independently reviewed, and the decision speaks for itself.

**139. In a decision issued in 2007, DHS Dkt. 07-548, the hearing officer cited a physician's questionnaire, describing it as showing that claimant "could easily" manage a light exertional level job, without identifying what specific information was reported in that questionnaire.**

*RESPONSE*: Objection, as the information sought is not likely to lead to he discovery of admissible evidence at trial, Docket 07-548 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-548 would have to be independently reviewed, and the decision speaks for itself.

**142. In DHS Dkt. 06-906, a favorable decision, the hearing officer credited the medical source's opinion about functional limitations, and said she was giving it "appropriate weight" because it was "reasonable" and there was no evidence contradicting it.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-906 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.

**161. In DHS Dkt. 06-1840, issued in 2007, the hearing officer made a Finding of Fact that the MART had reviewed the new medical record, and had found the decision that the appellant was not disabled would remain unchanged.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1840 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1680 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**162. In the decision in DHS Dkt. No. 07-06, issued in 2007, the hearing officer stated that claimant submitted new evidence at or post hearing, that the MART reviewed it, and that claimant had been notified of the MART's "new [post-review] findings."**

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-06 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-06 would have to be independently reviewed, and the decision speaks for itself.

**164. In support of the finding that claimant could do light work, in DHS Dkt. 07-782, the hearing officer cited the MART opinion that claimant could perform light work, and cited no other medical source opinion in support.**
*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-782 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-782 would have to be independently reviewed, and the decision speaks for itself.

**165. In DHS Dkt. 07-782, the hearing officer cited no reason for crediting the MART's opinion and didn't identify weight due or given it.**

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-782 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-782 would have to be independently reviewed, and the decision speaks for itself.

**205. In DHS Dkt. 07-724, both the MART and the hearing officer found no impairments severe at Step 2; there were at least 2 MA-63s in the hearing record, but the hearing officer didn't identify what the sources reported on the functional assessment portion of the MA-63**.

*__RESPONSE__*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-724 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-724 would have to be independently reviewed, and the decision speaks for itself.

**206. In a decision issued in 2007, DHS Dkt. 07-1369, the hearing officer:**

**(a) discounted the opinion of the current treating neurologist set out in a questionnaire about pain and fatigue caused by Parkinson's disease,**



PDF created with pdfFactory trial version www.pdffactory.com

**without identifying what the doctor reported and without identifying the doctor as a neurologist or specialist;**

**(b) gave controlling weight to the portion of the opinion of the former treating doctor, whom the hearing officer identified as a neurologist, related to physical limitations, but rejected the same doctor's opinion about mental limitations, on grounds the latter opinion was "outdated and unsupported" by objective evidence, even though both opinions were set out in the same MA-63 form.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-1369 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-1369 would have to be independently reviewed, and the decision speaks for itself.

**209. In a favorable decision issued in 2006, DHS Dkt. 06-907, the hearing officer said she would give "appropriate weight" to a treating physician opinion because it was "valid", "uncontroverted," supported by objective evidence, and "credible."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and Docket 06-907 does not address the appeals of any named Plaintiff to this lawsuit. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-782.

**210. In an unfavorable decision issued in 2006, DHS Dkt. 06-100, the hearing officer credited, without explanation except to says it was "not at all unreasonable", the opinion of a treating or examining source that claimant could sit 6 hours out of 8 and walk or stand 2 hours out of 8, and accepted the opinion from another source that the hearing officer said showed "moderate" mental limitations.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-100 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-100 would have to be independently reviewed, and the decision speaks for itself.

**214. In the decision in DHS Dkt. 06-1874, issued in 2007, the hearing officer:**

**(a) rejected the treating orthopedist's opinion that claimant had certain limitations in walking and standing, citing lack of objective exam evidence to establish gait difficulties or a need for an assistive device; and**



PDF created with pdfFactory trial version www.pdffactory.com

**(b) did not identify the foregoing doctor as an orthopedist or specialist, or say how long or how frequently he had examined or treated claimant;**
**(c) gave controlling weight to the same orthopedist's opinion that claimant could sit 4 hours out of 8, on grounds it was uncontradicted.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1874 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1874 would have to be independently reviewed, and the decision speaks for itself.

**215. In DHS Dkt. 05-713, an unfavorable decision, the hearing officer gave controlling weight to the treating source opinion on grounds the evidence as a whole supported it.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-713 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-713 would have to be independently reviewed, and the decision speaks for itself.

**216. In DHS Dkt. 05-1761 and 06-15, unfavorable decisions, the hearing officer(s) gave controlling weight to treating source opinion about functional capacities on grounds it was "reasonable" and "consistent" with the evidence.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Dockets 05-1761 and 06-15 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkts 05-1761 and 06-15 would have to be independently reviewed, and the decision speaks for itself.

**217. In DHS Dkt. 05-1441, a favorable decision, the hearing officer gave controlling weight to treating source opinion on grounds it was "valid"; his opinion as specialist was "credible" and "logically consistent" with known evidence; and in the absence of contradictory opinion is given "substantial weight".**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1441 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1441 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**218. In a decision issued in 2007, DHS Dkt. 07-374, the hearing officer rejected medical opinion about physical limitations as "rather extreme", and, citing no medical source opinion in support, went on to find it "reasonable" based on the "current record" to restrict claimant to sedentary work.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-374 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-374 would have to be independently reviewed, and the decision speaks for itself.

**219. In DHS Dkt. 06-472, a favorable decision, the hearing officer rejected a treating source's opinion on functional capacity because it predated physical therapy and was "likely more restrictive than necessary" and, citing claimant's description of his activities, found it not "fully supported" by the record.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-472 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-472 would have to be independently reviewed, and the decision speaks for itself.

**220. In DHS Dkt. 05-1887, an unfavorable decision, the hearing officer said:**

**(a) that a treating source opinion was not due controlling weight because the reported limitations were "very restrictive" and "somewhat in contrast" to a note in the record that claimant could "likely" sustain sedentary work; not supported by a large amount of objective detail in his own records; and inconsistent with physical therapy records showing improvement;**
**(b) that she would create a "more reasonable" RFC.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1887 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1887 would have to be independently reviewed, and the decision speaks for itself.

**222. In DHS Dkt. 05-296, the hearing officer rejected the treating orthopedist's opinion about intractable pain and physical limitations, post-laminectomy:**

**(a) without identifying him as an orthopedist;**
**(b) on grounds that it was difficult to find "full support" in the record for it, and wasn't "wholly consistent" with the objective evidence, and was "extreme" and an "overstatement".**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-296 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-100 would have to be independently reviewed, and the decision speaks for itself.

**223. In DHS Dkt. 06-540, the hearing officer accepted treating source opinion about physical limitations resulting from osteoarthritis of the knees, except for the sitting limitations, finding "no factual basis" in the record for them and saying that the doctor's opinion was "not intended to be taken literally."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-540 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-540 would have to be independently reviewed, and the decision speaks for itself.

**224. In DHS Dkt. 06-590, the hearing officer rejected long-term treating physician opinion about mental limitations on grounds it was "overly restrictive," "not entirely supported" by the doctor's own records, and not a "valid predictor", given that the doctor's own notes show claimant to be stable or doing well.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-590 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-590 would have to be independently reviewed, and the decision speaks for itself.

**225. In DHS Dkt. 05-1050, the hearing officer said that the treating doctor's opinion was not due controlling weight because it wasn't "fully supported" by objective evidence of the severity of claimant's fibromyalgic and pain.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1050 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1050 would have to be independently reviewed, and the decision speaks for itself.

**226. In DHS Dkt. 05-1378 the hearing officer rejected treating physician opinion about physical limitations on grounds it "might not" accurately reflect current ability and isn't "totally consistent" with the record.**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1378 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1378 would have to be independently reviewed, and the decision speaks for itself.

**230. In DHS Dkt. 05-1608, an unfavorable decision, the hearing officer rejected the opinion of a one-time consultative examiner on grounds that a one-time DDU consultative evaluation cannot by itself be a measure of function.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1608 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-1608 would have to be independently reviewed, and the decision speaks for itself.

**231. In DHS Dkt. 06-414, the hearing officer rejected the opinion of a doctor because he was not a treating source, and went on to accept the opinion of a one-time consultative examiner.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-414 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-414 would have to be independently reviewed, and the decision speaks for itself.

**232. In DHS Dkt. 06-1007, a case of medically-documented diabetes, neuropathy, leg pain, cardiac problems, and cataracts, the hearing officer rejected treating physician opinion about walking and standing limitations because it predated cataract surgery and was made only two weeks after insulin started.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1007 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1007 would have to be independently reviewed, and the decision speaks for itself.

**233. In DHS Dkt. 06-1540 the hearing officer rejected a treating or examining doctor's assessment of functional capacity of a heart disease patient on grounds it was made during a hospitalization for acute cardiac and renal illness and so was irrelevant to post-discharge condition; s/he did not make a finding on whether the doctor was a treating or examining source, how often he had examined claimant, or over what period of time.**



PDF created with pdfFactory trial version www.pdffactory.com

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1540 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1540 would have to be independently reviewed, and the decision speaks for itself.

**235. In DHS Dkt. 06-1463, a case of medically documented deep vein thrombosis and diabetes, and decreased sensation of lower extremity, the hearing officer rejected treating physician opinion about physical limitations because on the date he'd signed the MA-63, the doctor had found an ulcer on the patient's leg and so his assessment "would be expected to reflect" that fact, and because no objective exam documented difficulty ambulating or other physical abnormalities.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1463 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1463 would have to be independently reviewed, and the decision speaks for itself.

**238. In DHS Dkt. 06-210, the hearing officer rejected a treating source opinion about physical limitations for lack of detailed exam notes to support it, but, without explanation, credited a one-time consultative examiner's opinion without finding that his report contained detailed exam notes to support it, and without explaining why, by reference to the factors of 20 C.F.R. 416.927(d)(2), the latter opinion was due more weight.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-210 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-210 would have to be independently reviewed, and the decision speaks for itself.

**239. In DHS Dkt. 05-910, the hearing officer credited treating source opinion about functional restrictions which she said were "approximately equivalent" to light work, saying that "since the treating source offers some physical restrictions, it is logical to accept his opinion on this matter" and found him "presumed capable" of light work.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-910 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-910 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com

**241. In DHS Dkt. 06-1840, issued in 2007, there was an MA-63 in the record completed by a treating source; without identifying what specific functional limitations the doctor reported on the form, the hearing officer credited the doctor's statement that restrictions are most likely sedentary in nature.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-1840 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-1840 would have to be independently reviewed, and the decision speaks for itself.

**242. In DHS Dkt. 06-14, the hearing officer found a long-term doctor's opinion about specific physical/mental limitations contradicted by a note in the same doctor's record that claimant could "probably" do some "qualified intellectual jobs."**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-14 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-14 would have to be independently reviewed, and the decision speaks for itself.

**243. In DHS Dkt. 07-152, issued in 2007, medical evidence documented chronic fatigue syndrome, foot neuroma, and mental impairments, and the hearing officer rejected the treating physician's opinion about specific physical limitations, finding it "contradicted" by the same doctor's note that uncontrolled depression is the main reason claimant should qualify for disability.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 07-152 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 07-152 would have to be independently reviewed, and the decision speaks for itself.

**244. In DHS Dkt. 05-1345, the hearing officer gave great weight to a note in a treating exam record that he didn't consider patient disabled and there were lots of jobs he could do "off his feet", while rejecting a more recent specialist's opinion based upon medically acceptable clinical and laboratory diagnostic techniques, on grounds the limits on it were "quite extreme" and not supported by exams.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-1345 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as



PDF created with pdfFactory trial version www.pdffactory.com

the complete file of DHS Dkt 05-1345 would have to be independently reviewed, and the decision speaks for itself.

**246. In DHS Dkt. 06-323, the record contained various medical reports of examinations and treatment, including a report of Stage II liver failure, and the hearing officer found no impairments severe, having rejected:**

**(a) the treating oncologist's statement that claimant was disabled and couldn't work due to leukemia and cardiopulmonary problems with associated persistent fatigue; and**
**(b) the statement of the treating primary care physician that claimant was too disabled to work.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-323 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-323 would have to be independently reviewed, and the decision speaks for itself.

**247. The only medical source opinion in the record of DHS Dkt. 06-323 finding impairments not disabling, or not severe, was the MART's, but the hearing officer did not cite that opinion in support of his/her finding.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 06-323 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 06-323 would have to be independently reviewed, and the decision speaks for itself.

**248. In DHS Dkt. 05-864, claimant had neurogenic leg pain, history of gunshot wound to the leg, major depressive disorder and PTSD, and the hearing officer:**

**(a) rejected one treating physician opinion about physical limitations for lack of objective testing showing extent of those limitations and a lack of documentation of physical abnormality of the leg;**
**(b) rejected the treating or examining psychiatrist's opinion about mental limitations, along with the GAF score of 45-55, because the patient later dropped out of treatment and so the record was inadequate;**
**(c) rejected the one-time consultative examiner's opinion that the GAF was 40, which the hearing officer found similar to or consistent with the opinions and findings of the treating or examining psychiatrist's opinion, on grounds the patient hadn't admitted his alcohol problem to the examiner, a fact which "effectively compromises the overall credibility of the report."**



PDF created with pdfFactory trial version www.pdffactory.com

**(d) held that the only evidence on "true functional status" came from claimant's self-report.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial, Docket 05-864 does not address the appeals of any named Plaintiff to this lawsuit, it would be unduly burdensome as the complete file of DHS Dkt 05-864 would have to be independently reviewed, and the decision speaks for itself.



PDF created with pdfFactory trial version www.pdffactory.com