# EXHIBIT D

PDF created with pdfFactory trial version www.pdffactory.com

**12. Approximately 93% of the MA disability hearing decisions issued 9/1/05 through 11/30/07 were unfavorable.**

***RESPONSE*:** Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained and would be overly broad and unduly burdensome to compile.

**14. From 9/1/05 through 11/30/07:**
**(a) Hearing Officer Gorman issued about 44 MA disability hearing decisions, all unfavorable;**
(b) **Hearing Officer Gorman issued about 273 non-MART hearing decisions, almost 1/3 of which were fully favorable.**

*RESPONSE*: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer Gorman did not preside over the administrative appeals of Plaintiffs Smith or Williams.

**15. From 9/1/05 through 11/30/07:**
**(a) Hearing Officer DeStefano issued about 106 MA disability hearing decisions, about 97% of which were unfavorable.**
**(b) Hearing officer DeStefano issued about 147 non-MART hearing decisions, about 23% of which were fully favorable to claimant and about 4% of which were partly favorable.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and official statistical information is not maintained. Without waiving said objection, the Defendants admit that
(a) An informal assessment indicated that Hearing Officer DeStefano issued approximately 107 MA disability decisions and 104 were "unfavorable" as defined by Plaintiffs and 3 were "favorable" as defined by Plaintiffs. Hearing Officer DeStefano presided over the administrative hearing of Plaintiff Smith.
(b) Objection to the term "partly favorable" as it is vague and ambiguous. Without waiving any objections, Defendants admit that an informal assessment indicated that Hearing Officer DeStefano issued approximately 145 non-MART hearing decisions.

PDF created with pdfFactory trial version www.pdffactory.com

**16. From 9/1/05 until she stopped working as a DHS hearing officer around September 2006, Hearing Officer DiOrio issued:**
**(a) about 126 MA disability hearing decisions, finding applicant not disabled in about 84%;**
(b) **about 8 non-MART hearing decisions, about 25% of which were fully favorable to claimant.**

*<u>RESPONSE</u>*: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer DiOrio did not preside over the administrative appeals of Plaintiffs Smith or Williams.

**17. Through 11/30/07, Hearing Officer Stanford:**
**(a) issued about 10 MA disability hearing decisions and found applicant not disabled in each decision.**
(b) **issued about 67 non-MART hearing decisions, about 28% of which were fully favorable to claimant.**

*<u>RESPONSE</u>*: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit to subsection (a) and further admit that Hearing Officer Stanford did not preside over the administrative appeals of Plaintiffs Smith or Williams.

**18. Through 11/30/07, Hearing Officer Ouellette:**
**(a) issued about 79 MA disability hearing decisions, finding applicant not disabled in about 93%;**
**(b) issued about 15 non-MART hearing decisions, none of which was favorable to claimant.**

*<u>RESPONSE</u>:* Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and official statistical information is not maintained. Without waiving said objection, the Defendants admit that

(a) An informal assessment indicated that Hearing Officer Ouellette issued approximately 78 MA disability decisions and approximately 89.7%were “unfavorable” as defined by Plaintiffs. Hearing Officer Ouellette presided over the administrative hearing of Plaintiff Williams.

PDF created with pdfFactory trial version www.pdffactory.com

(b) Objection to the term "partly favorable" as it is vague and ambiguous. Without waiving any objections, Defendants admit that an informal assessment indicated that Hearing Officer Ouelette issued approximately 12 non-MART hearing decisions.

**19. From 9/1/05 through December 2006, Hearing Officer Rosenblum:**
**(a) issued about 3 MA disability hearing decisions, all unfavorable;**
**(b)issued about 75 non-MART hearing decisions, about 30% of which were fully favorable to claimant.**

***RESPONSE***: (a) – (b) Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Hearing Officer Rosenblum did not preside over the administrative appeals of Plaintiffs Smith or Williams.

**22. In about 2/3 of the unfavorable MA disability hearing decisions issued 9/1/05 through 11/30/07, the hearing officer ceased evaluation at Step 2; in most of the other decisions, s/he found one or more, but not all, impairments not severe.**

*RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams did not cease evaluation at Step 2.

**23. In at least 270 of the cases which resulted in MA disability hearing decisions issued 9/1/05 through 11/30/07, the MART had found applicant not disabled on grounds impairments weren't severe or there was insufficient evidence of severity.**

RESPONSE: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile.

PDF created with pdfFactory trial version www.pdffactory.com

**24. DHS issued more than 30 MA disability hearing decisions 9/1/05 through 11/30/07 in which the hearing officer consulted the SSI Listings of Impairment ("Listings") at Step 2.**

*__RESPONSE:__* Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not consult the SSI Listings of Impairment at Step 2.

**25. DHS hearing officers consulted the SSI Listings of Impairment at Step 2 in 10 or more MA disability hearing decisions issued in 2007.**

*__RESPONSE__:* Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not consult the SSI Listings of Impairment at Step 2.

**34. DHS issued at least 14 MA disability decisions in 2007 in which the hearing officer cited the fact that claimant didn't need an assistive device to ambulate in support of a finding that impairments were not severe.**

*__RESPONSE__:* Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and as this type of official statistical information is not maintained it would be unduly burdensome to compile. Without Waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams, the hearing officers did not cite "that claimant doesn't require an assistive device to ambulate in support of a finding that impairments were not severe."

PDF created with pdfFactory trial version www.pdffactory.com

**39. In at least two MA disability hearing decisions issued in 2007, the hearing officer's discussion at Step 4 and/or 5 included the following statement:**

**In order to determine the residual functional capacity, the degree of limitation resulting from the impairment must be assessed. Severe or marked limitations must be found relative to the following four areas of activities, activities of daily living (ADL), social function, concentration persistence or pace; and episodes of decompensation.**

> *RESPONSE*: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 as it pertains to Plaintiff Smith and attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision

**40. After determining that the standard described in the foregoing Admission wasn't satisfied, the hearing officer(s) in those cases found claimants not disabled at Step 4 or 5.**

> *RESPONSE*: Objection, as the information sought is overly broad, there is no set time frame, unduly burdensome to obtain the information and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendants deny the statement as it pertains to Plaintiffs Williams, Wolenc and Wellhausen. Defendants admit that to the extent that Paragraph 38 as it pertains to Plaintiff Smith and attached as "Exhibit A" is a true and accurate copy of the hearing officer's decision.

**42. Hearing officers proceeded past Step 2 in approximately 29% of the MA disability hearing decisions issued 9/1/05 through 11/30/07.**

> *RESPONSE*: Objection, as the information sought is not likely to lead to the discovery of admissible evidence at trial and this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through 11/30/07 would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams the analysis proceeded past Step 2.

PDF created with pdfFactory trial version www.pdffactory.com

**44. 99% or more of the MA disability hearing decisions issued 9/1/05 through 2007 identify the Step 2 severity legal standard as requiring a determination of whether impairments are severe enough to "prevent him (her) from performing at least one basic work activity...."**

*__RESPONSE__:* Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through 12/31/07 would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**45. From 9/1/05 on, DHS issued at least 45 MA disability hearing decisions in which the hearing officer determined severity at Step 2 by reference to whether impairments prevented or precluded performance of at least one basic work activity.**

***__RESPONSE__*:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**49. In at least ten hearing MA disability hearing decisions issued 9/05 on, the hearing officer assessed severity at Step 2 by determining whether impairments markedly limit ability to function.**

***__RESPONSE__*:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly

PDF created with pdfFactory trial version www.pdffactory.com

burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**50. In at least 15 hearing decisions issued 9/1/05 on, the hearing officer assessed severity at Step 2 by determining whether impairments "markedly limit and/or significantly interfere" with ability to perform basic work activities.**

*RESPONSE*: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of statistical information is not maintained it would be unduly burdensome to compile as all MA disability decisions from 9/1/05 through the present would have to be reviewed. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**51. In more than 20 MA disability decisions issued in 2006 and 2007 the hearing officer assessed whether impairments were severe at Step 2 by determining whether they rendered applicant incapable of, or unable to perform, basic work activities.**

*RESPONSE:* Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained it would require reviewing all MA disability decisions issued in 2006 and 2007 which would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

PDF created with pdfFactory trial version www.pdffactory.com

**69. DHS has issued at least 50 MA disability hearing decisions 9/1/05 on, in which the hearing officer rejected treating and/or examining source opinion about physical and mental functional limitations resulting from a medically-documented medical impairment, citing a lack of objective evidence documenting or quantifying extent of the reported limitations.**

***RESPONSE***: Objection as the word "multiple" is ambiguous, vague and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**73. DHS has issued at least 15 MA disability hearing decisions 9/1/05 on, in which the record showed that medically-acceptable evidence documented the existence of a condition reasonably expected to cause pain, but the hearing officer discounted pain on grounds it wasn't severe enough to preclude all work, render claimant incapable of performing basic work activity, or rule out all work activity.**

*RESPONSE:* Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

PDF created with pdfFactory trial version www.pdffactory.com

**86. In at least 60 MA disability hearing decisions issued 9/1/05 on, DHS hearing officers discounted claimant's reports of pain or symptoms, and/or treating/examining source statements about claimant's pain or symptoms:**
**(a) citing lack of objective evidence showing severity, frequency, or intensity of pain;**
**(b) without making the findings described in (a) and (b) of the preceding Admission.**

> ***RESPONSE*:** Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**137. In at least three decisions issued in 2007, the hearing officer said that the source completing the MA-63 reported limitations fell into the "range" or "category" of sedentary work, without identifying what specific activities were assessed and how long in an 8 hour day the claimant could reportedly perform them.**

> *RESPONSE*: Objection, the term "multiple" is vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

PDF created with pdfFactory trial version www.pdffactory.com

**141. DHS has issued MA disability hearing decisions 9/1/05 on in which the hearing officer found claimant capable of sedentary work and cited, in support of the finding, a finding that s/he was able to:**
**(a) sit, stand, or walk in 2 hour blocks of time each, with customary breaks, during an 8 hour day;**
**(b) sit intermittently for 2 hours out of 8, walk under 2, and lift 5 pounds occasionally;**
**(c) sit intermittently for 2 hours, walk 2 hours, occasionally lift 50 pounds;**
**(d) walk 2 hours out of 8 and sit intermittently for two hours, and occasionally lift/carry 10 pounds;**
**(e) sit intermittently 2 hours, walk 2 hours, occasionally lift/carry 20 pounds;**
**(f) stand and walk a total of 2 hours of out 8, sit 4-6 hours total, with no lifting over 5 lbs., changing position hourly;**
**(g) walk under 2 hours, lift/carry up to 5 lbs., and sit intermittently 4 out of 8 hours;**
**(h) walk 2 hours, lift and carry 10 pounds, sit intermittently for under 2 hours.**

*RESPONSE*: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.

**144. In none of the MA disability hearing decisions in which the hearing officer suggested, or found, that claimant had failed to follow recommended treatment did the hearing officer consider whether claimant had "good cause" for not following recommended treatment.**

*RESPONSE*: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 144 as it pertains to Plaintiffs Smith and Williams.

166.

PDF created with pdfFactory trial version www.pdffactory.com

**166. In no decision issued 9/1/05 through 11/30/07, other than DHS Dkt. 07-782, did a hearing officer expressly cite a MART finding or opinion in support of a hearing officer finding or conclusion.**

*RESPONSE***:** Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions in 2007 it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507.

**170. In at least 105 MA disability hearing decisions issued 9/1/05 through 11/30/07:**

**(a) both the hearing officer and the MART found no impairments severe at Step 2; and**

**(b) the hearing officer's severity determination was unsupported by, or contrary to, treating and examining medical source opinion of record; and**

(c) **the hearing officer cited no medical source opinion in support of his/her finding.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.

**171. DHS issued over 20 MA disability hearing decisions 9/1/05 on, in which:**

**(a) both the hearing officer and the MART found that claimant could do sedentary work, or both found that claimant could do light work; and**

**(b) the hearing officer cited no medical source opinion in support of his/her RFC determination; and**

**(c) the "sedentary" or "light" RFC determination was unsupported by, or contrary to, the treating or examining source residual functional capacity assessment(s) of record.**

PDF created with pdfFactory trial version www.pdffactory.com

*__RESPONSE__*: Objection as the terms “rationale” and “consistent” as used in this sentence and context are vague, ambiguous and susceptible to different interpretations. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 169 as it pertains to Plaintiffs Smith and Williams.

**172. There are approximately 60 hearing decisions in which the hearing officer does not identify the MART's rationale, or its most recent rationale.**

***__RESPONSE__*:** Objection to the term “rationale” as it is vague and unambiguous. Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and contains no time frame and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**173. In at least 24 of the favorable MA disability hearing decisions issued 9/1/05 through 11/30/07, new evidence was submitted at or post-hearing.**

*__RESPONSE__*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny Paragraph 173 as it pertains to Plaintiffs Smith and Williams.

PDF created with pdfFactory trial version www.pdffactory.com

**174. The MART's and hearing officer's rationales were consistent with each other in more than 250 MA disability hearing decisions issued 9/1/05 through 11/30/07.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 174 as it pertains to Plaintiffs Smith and Williams.

**175. In at least 200 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found no impairments severe at Step 2.**

***RESPONSE***: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 175 as it pertains to Plaintiffs Smith and Williams.

**176. In at least 13 hearing decisions issued 9/1/05 on, both the MART and the hearing officer found that claimant could do sedentary work.**

***RESPONSE***: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit

PDF created with pdfFactory trial version www.pdffactory.com

that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 176 as it pertains to Plaintiffs Smith and Williams.

**177. In at least 9 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found claimant able to do light work.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 177 as it pertains to Plaintiffs Smith and Williams.

**178. In at least 2 hearing decisions issued 9/1/05 on, both the hearing officer and the MART determined that impairments were severe at onset, but would not be severe in 12 months.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 178 as it pertains to Plaintiffs Smith and Williams.

PDF created with pdfFactory trial version www.pdffactory.com

**179. In at least 9 hearing decisions issued 9/1/05, both the hearing officer and the MART determined that impairments didn't meet the duration standard.**

> *RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 179 as it pertains to Plaintiffs Smith and Williams.

**180. In at least 1 hearing decision issued 9/1/05 on, both the hearing officer and the MART found that claimant would be able to do sedentary work within 12 months.**

> *RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 180 as it pertains to Plaintiffs Smith and Williams.

**181. In at least one hearing decision issued 9/1/05 on, both the hearing officer and the MART found impairments were severe, but did not "preclude all forms of work."**

> *RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with

PDF created with pdfFactory trial version www.pdffactory.com

additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 181 as it pertains to Plaintiffs Smith and Williams.

**182. In at least one hearing decision issued 9/1/05 on, both the hearing officer and the MART found no evidence of severe impairments expected to last 12 months or more.**

*__RESPONSE__*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 182 as it pertains to Plaintiffs Smith and Williams.

**183. In at least 1 hearing decision issued 9/1/05 on, both the hearing officer and the MART determined that claimant had medically improved and could do light work.**

*__RESPONSE__*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 183 as it pertains to Plaintiffs Smith and Williams.

PDF created with pdfFactory trial version www.pdffactory.com

**184. In at least 2 hearing decisions issued 9/1/05 on, both the hearing officer and the MART determined that claimant was medically improved and impairments were no longer severe.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 184 as it pertains to Plaintiffs Smith and Williams.

**185. In at least 5 hearing decisions issued 9/1/05 on, both the hearing officer and the MART found at Step 2 that the severity and duration standards weren't satisfied.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/05 to the present. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 185 as it pertains to Plaintiffs Smith and Williams.

**186. New evidence was submitted at or post-hearing in at least 3/4 of the MA disability hearing decisions issued 9/1/05 through 11/30/05 in which claimant was found not disabled and it can be determined from the face of the hearing decision that the hearing officer's rationale diverged from the MART's**.

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of statistical information is not maintained aside from reviewing all MA disability decisions from 9/05 to 11/30/05.

PDF created with pdfFactory trial version www.pdffactory.com

Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants admit that the hearing officer in Plaintiff Williams case reviewed the additional evidence submitted and made a de novo decision. The Defendants admit that the hearing officer in Plaintiff Smith's case held the record open for the submission of additional evidence.

**193.DHS issued at least 16 MA disability hearing decisions in 2007 in which the hearing officer cited no medical source opinion to support of his/her RFC determination.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny as to Plaintiff Williams. Defendants admit that the hearing officers' RFC for Plaintiff Smith was based on a review of the full record

**195.In MA disability hearing decisions issued in 2007, the hearing officer cited no medical source opinion in support of his/her RFC determination, and said s/he would determine RFC based on "the nature of [claimant's] known impairments" or based on what is known about claimant's back condition, in at least 4 decisions;**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions in 2007. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**196. DHS hearing officers gave controlling weight to treating source opinion in under 15 MA disability hearing decisions issued 9/1/05 through 11/30/07.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants deny as it pertains to Plaintiffs Smith and Williams.

**197. More than half of the MA disability decisions issued 9/1/05 through 11/30/07 in which the hearing officer gave controlling weight to a treating source opinion were unfavorable.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**198. DHS hearing officers explicitly credited or gave great (but not controlling) weight to treating or examining source opinion in no more than 150 MA disability decisions issued 9/1/05 through 11/30/07.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**199. More than 2/3 of the MA disability decisions issued 9/1/05 through 11/30/07 in which the hearing officer explicitly credited or gave great (but not controlling) weight to treating or examining source opinion were unfavorable.**

*RESPONSE*: Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information or statistics is not maintained aside from reviewing all MA disability decisions from 9/1/05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507.

**204. DHS issued at least 5 MA disability hearing decisions in 2007 in which both the MART and hearing officer found no impairments severe at Step 2, and there was at least one MA-63 form in the record, but the hearing officer didn't identify what a medical source who completed an MA-63 reported as to functional limitations.**

*RESPONSE:* Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that attached are true copies of the administrative decisions in the respective cases of Plaintiffs Smith and Williams – docket 07-868 and 07-1507. Defendants deny Paragraph 204 as it pertains to Plaintiffs Smith and Williams.

PDF created with pdfFactory trial version www.pdffactory.com

**213. In at least 130 MA disability hearing decisions issued 9/1/05 on, the hearing officer rejected the only treating and examining medical source functional capacities assessment, and went on to find impairments not severe.**

> *RESPONSE*: Objection, as the information sought is overly broad and not likely to lead to the discovery of admissible evidence at trial and as this type of information is not maintained aside from reviewing all MA disability decisions from 9/1/05 to the present and it would be overly broad and unduly burdensome to compile. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional

**245. DHS issued at least two MA disability hearing decisions 9/1/05-11/30/07 in which the record contained progress and treatment notes from a psychiatric provider showing treatment over the course of at least ten months, but the hearing officer discounted the psychiatric treating provider's opinion about limitations because treating was less than one year and "such short term information" cannot be used exclusively to establish impairments.**

> *RESPONSE:* Objection as the request is not likely to lead to the discovery of admissible evidence at trial; the information sought is overly broad and unduly burdensome as this type of information is not maintained aside from reviewing all MA disability decisions from 91//05 to 11/30/07. Without waiving said objection, Defendants admit that Plaintiffs Wolenc and Wellhausen did not have administrative appeal hearings as they were found eligible for Medical Assistance after DHS was presented with additional medical records. Defendants further admit that in the administrative appeals of Plaintiffs Smith and Williams attached as Exhibits A and B are true copies of the administrative decisions in their respective cases – dockets 07-868 and 07-1507. Defendants deny Paragraph 245 as it pertains to Plaintiffs Smith and Williams.

PDF created with pdfFactory trial version www.pdffactory.com