IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID WILLIAMS et al. )
)
Plaintiffs )
) C.A. No. 07-CV-00416-S-LDA
v. )
)
LEE GROSSI, et al. )
Defendants )

**PLAINTIFFS' REPLY MEMORANDUM, IN RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL**

L.R.Cv. 7(b) requires a party who opposes a motion to file and serve an objection, with a separate memorandum of law, within 14 days after service of the motion. Defendants, however, did not file an objection; they filed and served only a Memorandum of Law. Accordingly, Plaintiffs' Motion to Compel and to Determine the Sufficiency of Answers and Objections is unopposed and should be granted.

DHS suggests [DHS' Memorandum at 22] that Plaintiffs must prove lack of undue burden. In fact, the burden is on the party resisting discovery. 7 Moore's Federal Practice Manual §33.171 (3rd ed. 2008 Supp.). A mere allegation of undue burden is insufficient; the objecting party must come forward with specific facts which demonstrate the nature and extent of the alleged undue burden, usually by producing affidavits or other evidence. Id. at § 33.173[3][a].

> A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection....Broad-based, non-specific objections...fall woefully short of the burden that must be borne....A party asserting undue burden

> typically must present an affidavit or other evidentiary proof of the time or expense involve in responding to the discovery request.

S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006)(citations omitted). See also Lamoureux v. Genesis Pharmacy Servs., Inc., 226 F.R.D. 154, 159 (D. Conn. 2004). DHS has presented no affidavits or other evidence to support its allegation that responding would be unduly burdensome. Even so, in the circumstances of this case, Plaintiffs contend that such evidence is unlikely to exist: the information sought is contained in DHS' own records and indexed hearing decisions. The admission requests contained in DHS' "Exhibit C", in particular, should require no more than a minute or two each to verify. The court should reject DHS' claim that answering these admissions would require it to research each individual's underlying "complete file"; the admissions are limited to facts obtained (and obtainable) from review of the face of the hearing decisions.

The mere fact that answering discovery will require work and may be time- consuming does not establish undue burden. Oleson v. K-Mart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997); Fagan v. Dist. of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991)(rejecting school district's objection that answering interrogatories would require it to cull information from its files in order to tabulate the requested information about educational placements of persons other than plaintiff, and thus cause undue burden). Discovery requiring a party to do extensive research or to compile data is not automatically impermissible. 7 Moore's Federal Practice Digest at § 33.173[3][b].

Furthermore, a discovery request is not objectionable on grounds of undue burden where responding party would have to review those same records in preparing his own case. 7 Moore's Federal Practice Digest at § 33.173[3][b]. See, e.g., Peach v. City of Kewanee, 2006 U.S. Dist. Lexis 77379 (C.D. Ill. 2006); In Re Folding Carton Antitrust Litigation, 83 F.R.D. 256 (N.D.Ill. 1979). DHS could not, consistent with Fed.Civ.P. 26(g), have answered or denied some of the discovery requests [e.g. Requests for Admission 87, 113, and 166] without having reviewed its hearing decisions. One way or the other, DHS will have to review its hearing decisions, because Plaintiffs rest their allegations of policies and practices in large part upon those decisions and because DHS has taken the position in court that its hearing officers do, in fact, apply the correct legal standards.

DHS alleges that the Requests for Production are overly broad, lack a timeframe, and/or "could include" every document in an individual file. The intent of rules was to give parties a "great deal of leeway" in formulating a request for production; whether a document is described with reasonable particularity turns on the degree of knowledge that the mover has about the documents. 7 Moore's Federal Practice Digest at § 34.11[3]. DHS' partial answers to Requests for Production #3 and 4 belie its claim not to understand what sort of documents were requested. While DHS finds the term "in any way relates" to be overly broad, asking for all documents that "relate or refer" to a topic is a "common method" of discovery. Wright & Miller, Federal Practice & Procedure § 2211 (2d ed. 1982).

Finally, DHS claims [DHS' Memorandum at 22-25] that answering certain Requests for Admission is like looking for a needle in a haystack. This claim should be rejected. Along with the Request for Admissions, Plaintiffs' counsel provided DHS counsel with an annotated copy of the Admissions requests, one which cross-matched the Requests to the particular DHS docket numbers on which they were based, and did so precisely in order to minimize the time counsel would need to spend and to avert the sort of claim that DHS now makes in its Memorandum.

Plaintiffs
By their Attorneys

/s/ Gretchen Bath
Gretchen Bath #4038
R.I. Legal Services
56 Pine St.
Providence RI 02903
401-274-2652 x132
FAX: 453-0310
gbath@rils.org

Sarah Somers, Pro hac vice
National Health Law Program
211 North Columbia St.
Chapel Hill NC 27516
Ph. 919-968-6771
FAX: 919-968-8855
somers@healthlaw.org

CERTIFICATE OF SERVICE

I certify that I filed the foregoing document and that it is available for download, and that I served Defendants electronically with a copy of it this 18th day of June 2008.

/s/ Gretchen Bath