**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID WILLIAMS, MARK WOLENC, PATRICIA WELLHAUSEN, & ERICA SMITH** | : | |
| | : | **C.A. No. 07-416** |
| **v.** | : | |
| | : | |
| **LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health & Human Services, and GARY ALEXANDER, in his official capacity as Director of R.I. Department of Human Services** | : | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Now come the Defendants, Lee Grossi, in his official capacity as Acting Secretary of R.I. Executive Office of Health and Human Services, and Gary Alexander, in his official capacity as Director of R.I. Department of Human Services and file their Answer to Plaintiff's Second Amended Complaint as follows:

1. Defendants deny Paragraph 1 of Plaintiffs' Amended Complaint.
2. Defendants deny Paragraph 2 of Plaintiffs' Amended Complaint.
3. Defendants deny Paragraph 3 of Plaintiffs' Amended Complaint.

**JURISDICTION**

4. Paragraph of Plaintiffs' Amended Complaint states a legal conclusion to which no response is necessary; however, to the extent it alleges facts, it is denied.

**PARTIES**

5. Defendants do not have sufficient information or belief to respond to Paragraph 5 of Plaintiffs' Amended Complaint and, on that basis deny it.
6. Defendants do not have sufficient information or belief to respond to Paragraph 6 of Plaintiffs' Amended Complaint and, on that basis deny it.

PDF created with pdfFactory trial version www.pdffactory.com

7. Defendants do not have sufficient information or belief to respond to Paragraph 7 of Plaintiffs' Amended Complaint and, on that basis deny it.

8. Defendants do not have sufficient information or belief to respond to Paragraph 8 of Plaintiffs' Amended Complaint and, on that basis deny it.

9. Defendants admit Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants deny that Lee Grossi is currently the Acting Secretary of the R.I. Executive Office of the Department of Health and Human Services. Defendants admit that the R.I. Department of Health and Human Services is the single state Medicaid agency. Defendants submit that the Department of Health and Human Services supervises the administration of DHS' MA program and is responsible for ensuring that the laws are faithfully executed.

11. Defendants admit Paragraph 11 of Plaintiffs' Second Amended Complaint.

**THE FEDERAL MEDICAID PROGRAM**

12. Defendants admit Paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Defendants admit Paragraph 13 of Plaintiffs' Second Amended Complaint.

14. Defendants admit Paragraph 14 of Plaintiffs' Second Amended Complaint.

15. Defendants admit Paragraph 15 of Plaintiffs' Second Amended Complaint.

16. Defendants admit Paragraph 16 of Plaintiffs' Second Amended Complaint.

17. Defendants do not have sufficient information or belief to respond to Paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Defendants admit Paragraph 18 of Plaintiffs' Second Amended Complaint.

**DISABILITY DETERMINATION UNDER FEDERAL LAW**

19. Defendants admit that 42 U.S.C. §1396(a) entitled "State Plans for Medical Assistance", subsection a(3) states "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable



PDF created with pdfFactory trial version www.pdffactory.com

promptness". To the extent Paragraph 19 of Plaintiffs' Sencond Amended Complaint alleges other facts, it is denied.

20. Defendants admit that §1382(c) entitled "Definitions" states at subsection (a)(3)(A) that "[e]xcept as provided in subparagraph (C), an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." Defendants admit that §1382(c) entitled "Definitions" states at subsection (a)(3)(B) that: "[f]or purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exist in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exist in significant numbers either in the region where such individual lives or in several regions of the country." To the extent Paragraph 20 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

21. Defendants admit that 20 C.F.R. §416.920 describes the five-step sequential evaluation process set forth in the SSI regulations. To the extent that Paragraph 21 alleges other facts, it is denied as written.



PDF created with pdfFactory trial version www.pdffactory.com

22. Defendants admit that "in deciding whether [an individual] is disabled, DHS will consider medical opinions in the case file together with the rest of the relevant evidence received." Defendants admit that 20 C.F.R. §416.927(a)(2) defines "medical opinions" as " statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of .. the impairment(s), including .. symptoms, diagnosis and prognosis, what ..[the individual] can still do despite impairment(s), and your physical or mental restrictions." To the extent Paragraph 22 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

23. Defendants deny Paragraph 23 of Plaintiff's Second Amended Complaint as written.

24. Defendants admit that pursuant to 20 C. F.R. §416.927(d) every medical opinion received is evaluated and the factors set forth in subsections (1) – (6). To the extent that Paragraph 24 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

25. Defendants deny Paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Defendants admit that 42 U.S.C. §1382c(a)(3)(G) provides that "[i]n determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the



PDF created with pdfFactory trial version www.pdffactory.com

disability determination process." To the extent that Paragraph 26 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

27. Defendants admit that 20 C.F.R. §416.929 describes how to evaluate symptoms, including pain. To the extent that Paragraph 27 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

28. Due to the confusing phrasing of Paragraph 28 of Plaintiffs' Second Amended Complaint the Defendants are without sufficient information or belief to admit or deny, and on that basis deny it.

29. The Defendants admit that 20 C.F.R. 416.420 provides that "If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step." To the extent that Paragraph 29 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied as written.

30. The Defendants admit that 20 C.F.R. 416.420 provides that "If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step." To the extent that Paragraph 30 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied as written.

## INITIAL DISABILITY DETERMINATION

31. The Defendants admit Paragraph 31 of Plaintiffs' Second Amended Complaint.

32. The Defendants deny Paragraph 32 of Plaintiffs' Second Amended Complaint.

33. The Defendants deny Paragraph 33 of Plaintiffs' Second Amended Complaint.

34. The Defendants deny Paragraph 34 of Plaintiffs' Second Amended Complaint.



PDF created with pdfFactory trial version www.pdffactory.com

35. The Defendants admit that the DHS policy refers to the Social Security rules. To the extent Paragraph 35 of Plaintiffs' Amended Complaint alleges other facts, it is denied.

36. The Defendants admit Paragraph 36 of Plaintiffs' Second Amended Complaint.

37. The Defendants deny Paragraph 37 of Plaintiffs' Second Amended Complaint.

38. The Defendants admit Paragraph 38 of Plaintiffs' Second Amended Complaint.

39. The Defendants admit Paragraph 39 of Plaintiffs' Second Amended Complaint.

40. The Defendants admit Paragraph 40 of Plaintiffs' Second Amended Complaint.

41. The Defendants admit Paragraph 41 of Plaintiffs' Second Amended Complaint.

42. The Defendants admit Paragraph 42 of Plaintiffs' Second Amended Complaint.

**ADMINISTRATIVE HEARING PROCEDURES**

43. The Defendants admit Paragraph 43 of Plaintiffs' Second Amended Complaint.

44. The Defendants admit Paragraph 44 of Plaintiffs' Second Amended Complaint.

45. Paragraph 45 of Plaintiffs' Second Amended Complaint contains vague and ambiguous terms and as such the Defendants do not have sufficient information or belief to respond to Paragraph 44 and on that basis deny it.

46. Paragraph 46 of Plaintiffs' Second Amended Complaint contains vague and ambiguous terms and as such the Defendants do not have sufficient information or belief to respond to Paragraph 46 and on that basis deny it.



PDF created with pdfFactory trial version www.pdffactory.com

47. Paragraph 47 of Plaintiffs' Second Amended Complaint contains vague and ambiguous terms and statistical information and as such the Defendants do not have sufficient information or belief to respond to Paragraph 47 at the time of filing and on that basis deny it.

48. Paragraph 48 of Plaintiffs' Second Amended Complaint contains vague and ambiguous terms and as such the Defendants do not have sufficient information or belief to respond to Paragraph 48 and on that basis deny it.

49. The Defendants deny Paragraph 49 of Plaintiffs' Second Amended Complaint as written.

50. The Defendants deny Paragraph 50 of Plaintiffs' Second Amended Complaint.

51. The Defendants deny Paragraph 51 of Plaintiffs' Amended Complaint as written.

52. The Defendants deny Paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Paragraph 53 of Plaintiffs' Second Amended Complaint contains vague and ambiguous terms and as such the Defendants do not have sufficient information or belief to respond to Paragraph 53 at the time of filing and on that basis deny it.

54. The Defendants submit that the DHS hearing officers conduct a de novo review of the evidence and evaluate in accordance with the appropriate standards set in reaching their decision. To the extent that Paragraph 54 of the Second Amended Complaint alleges other facts, as it contains vague and ambiguous terms it is denied.

55. The Defendants deny Paragraph 55 of Plaintiffs' Second Amended Complaint.

56. The Defendants deny Paragraph 56 of Plaintiffs' Second Amended Complaint.

57. The Defendants deny Paragraph 57 of Plaintiffs' Second Amended Complaint.

58. The Defendants deny Paragraph 58 of Plaintiffs' Second Amended Complaint.



PDF created with pdfFactory trial version www.pdffactory.com

**FAILURE TO COMPLY WITH FEDERAL LAW IN DETERMINING DISABILITY**

59. The Defendants deny Paragraph 59 of Plaintiffs' Second Amended Complaint in its entirety.

**Facts about Plaintiffs**

60. The Defendants admit that Plaintiff Williams is a self-employed carpenter who worked until November 2006. The Defendants admit that an MRI showed that Plaintiff Williams has lumbar disc disease. To the extent Paragraph 60 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

61. The Defendants admit that Williams applied for MA in June 2007. The Defendants admit that limitations regarding walk, stand were 2 out of 8 hours, cumulative within an 8-hour time frame. To the extent Paragraph 61 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

62. The Defendants admit sentences 1 through 4 of Paragraph 62 of Plaintiffs' Second Amended Complaint. Defendants deny that the hearing officers applied incorrect legal standards, including an incorrect severity standard at Step 2.

63. The Defendants admit that Plaintiff Wolenc prior work was in 2003. The Defendants admit that Plaintiff Wolenc reapplied for MA benefits in July 2007. The Defendants admit that a note dated 6/28/07 indicated that the fatigue may be related to Plaintiff's medications, which he needs to take long term for his diagnosis. The Defendants admit that that the note indicated that Plaintiff Wolenc should be able to do sedentary work on a part-time basis. To the extent Paragraph 63 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

64. The Defendants admit that the MART found Plaintiff Wolenc non-severe and not disabled. The Defendants admit that Plaintiff Wolenc appealed the initial denial. The Defendants admit that prior to Plaintiff Wolenc's hearing, the



PDF created with pdfFactory trial version www.pdffactory.com

MART received additional medical records which provided sufficient evidence to reverse its prior decision and Plaintiff Wolenc was found disabled. To the extent Paragraph 64 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

65. Defendants admit that while Plaintiff Wolenc was awaiting his hearing on his administrative appeal, he submitted additional medical records and that after receipt of the records, review of the records and in consideration of these records the MART found Mr. Wolenc eligible for MA. Defendants admit the last sentence of Paragraph 65. To the extent Paragraph 65 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

66. The Defendants admit that Plaintiff Wellhausen did work as a CAN/medical technician. The Defendants admit that Plaintiff Wellhausen indicated Amended Complaints of chronic fatigue, depression, joint and neck pain and Hepatitis B & C. The Defendants admit that the MA63 did not list any physical limitations and slight to moderate to marked mental activity limitations. The Defendants admit that a physician did indicate that Plaintiff Wellhausen was quite disabled by her mental illness and the ability to see a mental health provider could well return her to the workforce. To the extent Paragraph 66 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

67. The Defendants admit sentences 1 and 2 of Paragraph 66 of Plaintiffs' Second Amended Complaint. Defendants admit that while Plaintiff Wellhausen was waiting her hearing on her administrative appeal, she submitted additional medical records and that after receipt of the records and in consideration of these records the MART found her disabled. Defendants admit the last sentence of Paragraph 66 of Plaintiffs' Second Amended Complaint. To the extent Paragraph 66 alleges other facts, it is denied.



PDF created with pdfFactory trial version www.pdffactory.com

68. The Defendants admit Paragraph 68 of Plaintiffs' Second Amended Complaint.

69. The Defendants admit Paragraph 69 of Plaintiffs' Second Amended Complaint.

70. The Defendants admit that on October 16, 2007 the DHS hearing officer issued a decision finding Plaintiff Smith "not disabled." The Defendants deny the second sentence of Paragraph 70. The Defendants admit that in the decision, the DHS hearing officer wrote that "Step two: It must be determined if the appellant's impairment is sever enough as to prevent her form performing at least one basic work activity, and whether the impairment is expected to last twelve months from the date of onset. The appellant's impairments must be the result of abnormalities, which can be proved by medical evidence of acceptable clinical and diagnostic techniques. The expression of symptoms alone cannot be the basis for a finding of severity." The Defendants admit that in the decision, the DHS hearing officer wrote". In summary, to be considered severe, a mental impairment must significantly interfere with the ability to do basic activities." To the extent Paragraph 70 of Plaintiffs' Second Amended Complaint alleges other facts, it is denied.

71. Defendants admit Paragraph 71 of Plaintiffs' Second Amended Complaint.

72. The Defendants admit that the MART received and reviewed records from Gateway Health Center. The Defendants admit that the records contained an April 6, 2007 treatment plan and multi-axial assessment. Defendants are unable to admit or deny that it was signed by psychiatrist. Defendants admit that the Gateway records contained "medical evaluations" documenting monthly visits from approximately April 2007 to February 2008. The Defendants admit that the records contained a February 1, 2008 letter from a



PDF created with pdfFactory trial version www.pdffactory.com

psychiatrist. To the extent Paragraph 72 alleges other facts it is denied as written.

73. Defendants admit Paragraph 73 of Plaintiffs' Second Amended Complaint.

74. Defendants admit Paragraph 74 of Plaintiffs' Second Amended Complaint.

**FIRST CLAIM FOR RELIEF**

1. Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 74 of Plaintiffs' Amended Complaint.

2. Defendants deny Paragraph 2 of First Claim for Relief of Plaintiffs' Amended Complaint.

3. Defendants deny Paragraph 3 of First Claim for Relief of Plaintiffs' Amended Complaint.

**4.** Defendants deny Paragraph 4 of First Claim for Relief of Plaintiffs' Amended Complaint.

**SECOND CLAIM FOR RELIEF**

1. Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 69 and "First Claim for Relief" of Plaintiffs' Amended Complaint.

2. Defendants deny Paragraph 2 of Second Claim for Relief of Plaintiffs' Amended Complaint.

3. Defendants deny Paragraph 3 of Second Claim for Relief of Plaintiffs' Amended Complaint.

**THIRD CLAIM FOR RELIEF**

1. Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 69, "First Claim for Relief" and "Second Claim for Relief" of Plaintiffs' Amended Complaint.

2. Defendants deny Paragraph 2 of Third Claim for Relief of Plaintiffs' Amended Complaint.



PDF created with pdfFactory trial version www.pdffactory.com

3. Defendants deny Paragraph 3 of Third Claim for Relief of Plaintiffs' Amended Complaint.

WHEREFORE, Defendants pray that the Declaratory and Injunctive relief requested by the Plaintiff be denied, this Amended Complaint be dismissed and that this Honorable Court enter any other orders deemed appropriate and just.

Defendants request a trial by jury.



PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted,

DEFENDANTS

LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health and Human Services, and

GARY ALEXANDER, in his official capacity as Director of R.I. Department of Human Services

By their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016



PDF created with pdfFactory trial version www.pdffactory.com

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to set forth a legally cognizable claim for relief under State law for the reason that the Amended Complaint fails to set forth facts which, if proven, evince violation of State statutes by the state, regulations or common law and/or any entitlement to the relief sought.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief seek judicial intervention in matters reserved to the discretion and exclusive purview of the executive branch of State government.

### THIRD AFFIRMATIVE DEFENSE

Defendant, State, enjoys its status as a sovereign together with all privileges and immunities which inure to said status.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, State, its agents, servants and employees were at all times acting within the scope of authority, in good faith, in the exercise of its discretion and in the performance of a governmental function.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust its administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead assumption of the risk.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs were injured in the manner set forth in the Amended Complaint, the Defendants allege that Plaintiffs or one other than Defendants conducted themselves in a manner so as to result in their injury. Said conduct of the Plaintiffs or one other than Defendants proximately caused and contributed to said accident, injuries and damages, if any alleged by Plaintiff.



PDF created with pdfFactory trial version www.pdffactory.com

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendants plead waiver and laches.

**NINTH AFFIRMATIVE DEFENSE**

The Defendants have the benefit of sovereign immunity.

**TENTH AFFIRMATIVE DEFENSE**

The Defendants have the benefit of discretionary immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs have no standing.

**TWELVTH AFFIRMATIVE DEFENSE**

The Plaintiffs have no standing under the waiver obtained from the Health Care Financing Administration.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The provisions cited by Plaintiffs do not provide Plaintiffs with individual rights enforceable under 42 U.S.C. §1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claim of Plaintiff Wolenc is moot.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This suit is barred by the eleventh Amendment

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction under the Abstention doctrines of *Rooker-Feldman* and *Younger*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs Williams and Wellhausen are not ripe.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The National Health Law Program who serves as pro hac vice counsel are not entitled to reasonable attorney's fees.



PDF created with pdfFactory trial version www.pdffactory.com

**NINTEENTH AFFIRMATIVE DEFENSE**

The Defendants were not provided with the motion for admission pro hac vice or given an opportunity to object.

WHEREFORE, Defendants pray that the Declaratory and Injunctive relief requested by the Plaintiff be denied, this Amended Complaint be dismissed and that this Honorable Court enter any other orders deemed appropriate and just.



PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted,

DEFENDANTS

LEE GROSSI, in his official capacity as Acting Secretary of R.I. Executive Office of Health and Human Services, and

GARY ALEXANDER, in his official capacity as Director of R.I. Department of Human Services

By their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 8th day of July 2007 to the attorney(s) of record listed below:

**Gretchen M. Bath, Esq.**
gbath@rils.org

**Sarah Somers**
somers@healthlaw.org

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com